**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

**FARAH JEAN FRANCOIS,**

                             **Plaintiff,**

       **- against -**

**VICTORY AUTO GROUP LLC d/b/a VICTORY**
**MITSUBISHI and SPARTAN AUTO GROUP LLC**
**d/b/a VICTORY MITSUBISHI, JOHN DOES 1 - 6,**
**and PHILIP ARGYROPOULOS**

                             **Defendants.**
-------------------------------------------------------------------------X

**Case No. 1:22-cv-4447**

**<u>SECOND AMENDED ANSWER</u>**

Defendants VICTORY AUTO GROUP LLC d/b/a VICTORY MITSUBISHI ("Victory Auto"), SPARTAN AUTO GROUP LLC d/b/a VICTORY MITSUBISHI ("Spartan Auto") and PHILIP ARGYROPOULOS ("Argyropoulos") (collectively "Defendants"), by their attorneys, Nicholas Goodman & Associates, PLLC, hereby Answer the Complaint filed by Plaintiff FARAH JEAN FRANCOIS ("Plaintiff"), upon information and belief, as follows:

### *Summary of Claims*

This unenumerated paragraph states the nature and legal basis of the relief sought and does not require a response. To the extent a response is required, Defendants deny the allegations set forth therein.

### *Jurisdiction and Venue*

1.    The allegations set forth in Paragraph "1" state a conclusion of law that does not require a response.

2.    The allegations set forth in Paragraph "2" state a conclusion of law that does not require a response.

3.    The allegations set forth in Paragraph "3" state a conclusion of law that does not require a response.

*Parties*

4.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "4."

5.     The allegations set forth in Paragraph "5" state a conclusion of law that does not require a response.

6.     Defendants admit only that Victory Auto is a domestic limited liability company registered pursuant to the laws of the state of New York and otherwise deny the allegations set forth in Paragraph "6."

7.     Admit.

8.     Deny.

9.     Deny.

10.    Deny.

11.    Defendants deny knowledge or information sufficient to ascertain the identity of "John Does 1-6" and deny that any employee of any Defendant carried out the fraudulent purchase of the Vehicle.

12.    Deny.

13.    Deny.

14.    The allegations set forth in Paragraph "14" state a conclusion of law that does not require a response.

15.    Deny.

16.    Paragraph "16" contains a characterization of Plaintiff's counsel's thought process that does not require a response. To the extent a response is required, Defendants deny the allegations set forth therein.

17.    Defendants admit only that Philip Argyropoulos is a member in good standing of the Bar of the State of New York and is a practicing attorney and otherwise deny the allegations set forth in Paragraph "17."

18.    Deny.

19.    Deny.

20.    Deny.

21.    Deny.

22.    Deny.

**<u>Factual Allegations</u>**

***The Identity Theft***

23.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "23."

24.    Defendants admit only that an employee of Spartan Auto participated in the acquisition of Plaintiff's TransUnion credit report on or about May 30, 2020, and otherwise deny the allegations set forth in Paragraph "24."

25.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "25."

26.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "26."

27.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "27."

28.    Deny.

29.    Deny.

30.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "30."

31.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "31."

32.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "32."

33.    Deny.

34.    Admit only that the purchase of the Vehicle was not completed on May 30, 2020, and otherwise deny the allegation set forth in Paragraph "34."

35.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "35."

36.    Deny.

37.    Deny.

38.    Defendants admit only that a $9,000.00 cash deposit was made for the purchase of the Vehicle and that the remainder of the sales price was financed, and otherwise deny the allegations set forth in Paragraph "38."

39.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "39."

40.    Defendants deny that any Defendant forged Plaintiff's signature and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "40."

41.    Defendants admit only that Spartan Auto applied for financing in conjunction with the purchase of the Vehicle on behalf of Mr. Laforest and Plaintiff, or Laforest's companion who appeared in person with him and who identified herself as Plaintiff, and otherwise deny the allegations set forth in Paragraph "41."

42.   Deny.

43.   Deny.

44.   Deny.

45.   Deny.

46.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "46."

47.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "47."

48.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "48."

49.   Admit.

50.   Paragraph "50" contains a statement of opinion that does not require a response.

51.   Deny.

52.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "52," except Spartan Auto had legitimate reason to believe that Plaintiff was present.

53.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "53," except Spartan Auto had legitimate reason to believe that Plaintiff had authorized the distribution at issue.

54.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "54," except Spartan Auto had legitimate reason to believe that Plaintiff had authorized the representations alleged.

55.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "55."

56.   Deny.

57.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "57."

### *Ms. Francois Learns of the Fraud and Has to Spend Money and Time on Fighting It*

58.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "58," except deny that Defendants knowingly participated in any fraud.

59.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "59."

60.   Deny.

61.   Deny.

62.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "62."

63.   Deny.

64.   Deny.

65.   Deny.

66.   Deny.

67.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "67."

68.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "68."

69.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "69."

70.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "70."

71.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "70."

***Ms. Francois Has to Deal with Tickets and Other Demands for Payment Due to the Identity Theft***

72.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "72."

73.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "73."

74.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "74."

75.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "75."

76.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "76."

77.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "77."

78.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "78."

79.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "79."

80.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "80."

81.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "81."

82.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "82."

83.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "83."

84.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "84."

85.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "85."

86.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "86."

87.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "87."

88.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "88."

89.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "89," except deny that any Defendant facilitated identity theft.

90.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "90."

91.     Defendants admit only that Spartan Auto received the letter attached to Plaintiff's Complaint as Exhibit "R" and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "91."

92.     Admit.

93.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "93."

94.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "94."

95.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "95."

96.     Deny.

97.     Deny.

***Ms. Francois Has to Send Disputes to Remove Inaccurate Information from Her Credit Reports***

98.     Defendants deny that any Defendant solicited credit reports in Plaintiff's name without a permissible purpose and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "98."

99.     Defendants deny that any Defendant solicited credit in Plaintiff's name without a permissible purpose or to facilitate a fraudulent purchase of the Vehicle and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "99."

100.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "100."

101.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "101."

102.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "102."

103.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "103."

104.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "104."

105.  Deny.

106.  Deny.

107.  Deny.

108.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "108," except deny that the "pulls" were fraudulent.

109.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "109."

110.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "110," except deny that the "pulls" were fraudulent.

111.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "111."

112.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "112."

113.  Deny.

114.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "114."

## Plaintiff Suffered Credit Harm Because of Victory's Conduct

115.  Deny.

116.  Deny.

117.  Deny.

118.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "118," except deny that the "pulls" were fraudulent.

119.  Defendants deny that any Defendant performed "fraudulent and inaccurate credit pulls" and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "119."

120.  Defendants deny that Plaintiff suffered any "negative effect" as a result of Defendants' conduct and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "119."

## Defendants' History of Deceptive Misconduct

*New York Attorney General Lawsuit*

121.  Admit.

122.  Defendants admit only that the NY AG brought an action against Victory Motors, LLC and Victory Auto Group, LLC which action was resolved on terms that are a matter of public record, and otherwise deny any wrongdoing as alleged in Paragraph "122."

123.  Deny.

124.  Deny.

125.  Deny.

126.  Deny.

127.  Deny.

*Jean-Baptiste Lawsuit*

128.  Deny.

129.  Deny.

130.  Deny.

131.  Deny.

## Ms. Francois Suffered Emotional Distress Because of Victory's Conduct

132.  Defendants deny that any Defendant facilitated the theft of Plaintiff's identity and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "132."

133.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "133."

134.  Defendants deny that any Defendant engaged in misconduct and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "134."

135.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "135."

136.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "136."

137.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "137."

138.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "138."

139.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "139."

140.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "140."

141.  Defendants deny that any Defendant participated in identity theft, deny that they facilitated the theft of Plaintiff's identity and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "141."

142.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "142."

## COUNT I (against All Defendants)

### Violations of FCRA § 1681c, §1681b, §1681e, and §1681q, and the subsections thereto

143.  Defendants hereby repeat and reiterate all responses to the allegations contained in Paragraph "1" through "142" as if fully set forth here.

144.  The allegations set forth in Paragraph "144" state conclusions of law and that do not require a response.

145.  The allegations set forth in Paragraph "145" state conclusions of law that do not require a response.

146.  Deny.

147.  Deny.

148.  The allegations set forth in Paragraph "148" state conclusions of law that do not require a response. To the extent a response is required, Defendants deny that they obtained a consumer report under false pretenses.

149.  The allegations set forth in Paragraph "149" state conclusions of law and do not require a response. To the extent that a response is required, Defendants submit that they established and adhered to all procedures required under the circumstances at issue.

150.  Deny.

151.  Deny.

## COUNT II (against All Defendants)

### Willful and Malicious Defamation of Plaintiff

152.  Defendants hereby repeat and reiterate all responses to the allegations contained in Paragraph "1" through "151" as if fully set forth here.

153.  Deny.

154.  Deny.

155.  Deny.

156.  Deny.

157.  Deny.

158.  Deny.

159.  Deny.

160.  Deny.

161.  Deny.

### COUNT III (against All Defendants)

### Negligence & Gross Negligence

162.  Defendants hereby repeat and reiterate all responses to the allegations contained in Paragraph "1" through "161" as if fully set forth here.

163.  Deny.

164.  Deny.

165.  Deny.

166.  Deny.

167.  Deny.

168.  Deny.

169.  Deny.

### COUNT IV (against All Defendants)

### Invasion of Privacy/False Light

170.  Defendants hereby repeat and reiterate all responses to the allegations contained in Paragraph "1" through "169" as if fully set forth here.

171.  Deny.

172.  Deny.

173.  Deny.

## JURY DEMAND

174.  Paragraph "174" contains a statement that does not require a response.

## PRAYER

175.  Paragraph "175" contains a general statement that does not require a response.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

176.  Plaintiff's Complaint fails to state a cause of action as against Defendant Victory Auto Group, LLC upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

177.  Plaintiff's Complaint fails to state a cause of action as against Defendant Spartan Auto Group, LLC upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

178.  Plaintiff's Complaint fails to state a cause of action as against Defendant Philip Argyropoulos upon which relief may be granted.

### AS AND FOR A  FOURTH AFFIRMATIVE DEFENSE

179.  Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

180.  Plaintiff's claims are barred by the doctrines of waiver and/or estoppel and/or laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

181.  Plaintiff's claims for relief based on fraud are barred as those claims are not pleaded with the requisite particularity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

182.  Plaintiff lacks standing to pursue any of her causes of action because she does not plead compensable damages under any cognizable theory.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

183.  Plaintiff's FCRA cause of action is barred because Defendant Spartan Auto had a permissible purpose to request Plaintiff's credit report.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

184.  Defendant Spartan Auto undertook all required and reasonable precautions to confirm the identity of the purchasers of the Vehicle.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

185.  Plaintiff is barred from any recovery from Spartan Auto because Plaintiff's alleged damages, if any, were caused by intentional and criminal acts or omissions about which Spartan Auto had no knowledge perpetrated by person(s) over whom Spartan Auto exercised no control and for whose conduct Spartan Auto bears no responsibility.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

186.  To the extent Plaintiff suffered any damages as alleged, which Defendants deny, Plaintiff failed to mitigate her damages.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

187.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

188.  Plaintiff's claims are preempted under applicable provisions of the FCRA.

## RESERVATION OF RIGHTS

189.  Defendants expressly reserve the right to amend and/or supplement this Answer and their Affirmative Defenses. Defendants raise each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law. Defendants currently have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them and

therefore reserve the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

## DEMAND FOR JURY TRIAL

190.  Defendants hereby demand a trial by jury.

**WHEREFORE,** Defendants request that this Court enter an Order denying all relief sought by Plaintiff in the Complaint and rendering judgment in favor of Defendants dismissing Plaintiff's Complaint in its entirety, with the costs and disbursements of this action, including reasonable attorney fees, and all other costs herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
         August 8, 2022

Yours, etc.
NICHOLAS GOODMAN & ASSOCIATES, PLLC

BY:_____
H. Nicholas Goodman
*Attorneys for Defendants*
VICTORY AUTO GROUP LLC
d/b/a VICTORY MITSUBISHI,
SPARTAN AUTO GROUP LLC
d/b/a VICTORY MITSUBISHI,
and PHILIP ARGYROPOULOS
333 Park Avenue South, Suite 3A
New York, New York 10010
(212) 227-9003