UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
**FARAH JEAN FRANCOIS,**

                                                                                                      Case No.: 1:22-cv-04447-JSR

                        **Plaintiff,**

      -against-

**VICTORY AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI and
SPARTAN AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI,
JOHN DOES 1 - 6, and
PHILIP ARGYROPOULOS,**

                      **Defendants.**
---------------------------------------------------------------------X

## PLAINTIFF'S ORIGINAL RULE 26(a)(1) DISCLOSURES

      Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

                                          Respectfully submitted,
                                          /s/
                                          Emma Caterine
                                          The Law Office of Ahmad Keshavarz
                                          Brooklyn, NY 11241
                                          Tel: (718) 522-7900
                                          Fax: (877) 496-7809
                                          Email: emma@newyorkconsumerattorney.com


## CERTIFICATE OF SERVICE
      I hereby certify that on this day I served the above referenced document to the parties listed below via email:

Henry Nicholas Goodman
Nicholas Goodman & Associates, PLLC
333 Park Avenue South, Suite 3A
New York, NY 10010
Tel: (212) 227-9003
Fax: (212) 937-2112
Email: ngoodman@ngoodmanlaw.com
*Attorneys for Defendants*

1

Date: <u>August 2, 2022</u>
       Brooklyn, NY
/s/
Emma Caterine
*Counsel for Plaintiff*

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a. Plaintiff, whose contact information is c/o Ahmad Keshavarz, The Law Office of Ahmad Keshavarz, 16 Court Street, # 2600, Brooklyn, NY 11241, phone: 718-522-7900. The subject of said person's discoverable information is disclosed in Plaintiff's live pleadings.

    b. Plaintiff's brother-in-law Emmanuel Laforest. The subject of said person's discoverable information is the fraud, Defendants' facilitation of the fraud, and Plaintiff's emotional distress damages.

    c. A corporate representative for each corporate defendant, and any servicing agents for the same. The subject of said persons' discoverable information is disclosed in Plaintiff's live pleadings.

    d. The owners and corporate officers for each corporate defendant. The subject of said persons' discoverable information is the policies and practices of each corporate defendant as applicable to the instant matter.

    e. Persons identified in the Complaint and exhibits thereto. This includes, inter alia the following, including the employees, corporate representatives, and business records custodians for the same:

        a. Police officers at the 70th precinct of the New York Police Department.

        b. The New York City Department of Finance, Parking Violations.

        c. New York City Department of Finance, School Zone Camera Unit.

        d. MTA Bridges and Tunnels

        e. Port Authority NY/NJ

        f. Progressive Max Insurance Company

        g. Capital One Auto Finance

        h. Credit Collection Services

        i. Transworld Systems Inc.

        j. Equifax

        k. TransUnion

      l. BB&T Dealer Finance (now Truist Retail Lending)

      m. JPMCB Auto Finance

      n. PenFed Credit Union

      o. The parties and those disclosed in discovery as having knowledge of relevant facts in *Jean-Baptiste, et al. v. Capital One, N.A., et al.,* Case No. 1:20-cv-08006-ALC-JLC (S.D.N.Y.).

      p. The John Does referenced in the complaint, including the employees and agents of the Victory Defendants who were involved in the sale and attempted financing for the subject vehicle.

      q. The persons identified in the document production of any party or in the document production of any third party.

    f. Corporate representative or public records/business records certifier for Defendants. The subject of said persons' discoverable information are the documents of Defendants relevant to the instant matter.

    g. Persons unknown to Plaintiff who have knowledge of Defendants' income, assets, and net worth.

    h. Each creditor, prospective credit grantor, furnisher, or other person who viewed Plaintiff's credit report with the false and derogatory information. The identities of these persons are disclosed on the credit report itself. The subject of said persons' discoverable information is the actual disclosure of the false and derogatory information and consequences thereof.

    i. The persons whose names appear in the document production of any party.

    j. Any persons listed by Defendants.

2. **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

      a. Documents related to the identity theft, including but not limited to sales documents for the Vehicle, collection letters, and police reports.

4

    b. Documents related to Plaintiff's applications and denials for credit.

    c. Documents attached to and referenced in the Complaint in this action.

    d. Any document produced by Defendants or by third parties in response to subpoenas.

    e. Documents concerning other instances where Defendants have engaged in deceptive conduct involving unauthorized purchases and applications for financing.

    f. Additional documents to be identified in response to a pre-trial order.

3. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of credit and loan opportunities, out-of-pocket expenses including, but not limited to, postage for dispute letters, costs of copies, costs for credit monitoring, credit scores, and credit reports, and other related costs, all of which will continue into the future. Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score and/or credit standing.

Statutory, exemplary and punitive damages under the Fair Credit Reporting Act. Exemplary and punitive damages for other causes of action. The factors to be considered in the award of punitive damages are the assets of the defendants; the degree to which the actions were negligent, willful, intentional or reckless; the attempts to prevent the actions that gave rise to the punitive damage claim; and the nature and extent of non-compliance; the degree to which defendant has previously engaged in such conduct; and other factors. Plaintiff does not know the dollar amount of these damages, and leaves its determination to the jury.

Plaintiff has applied for and has been denied various loans and extensions of consumer credit. Plaintiff applied for but was unable to obtain loans from creditors including but not limited to PenFed Credit Union. The basis for these denials was the inaccurate and obsolete information that appears on Plaintiff's credit reports and the inaccurate information was a substantial factor for those denials. Plaintiff has also been discouraged from applying for credit given the reporting of the judgment.

When Ms. Francois learned about the identity theft against her which Defendants facilitated, she could not stop crying. Ms. Francois came to this country for a better life and has tried to do everything right, with the goal of saving her money to buy a house. Because of the financial impact of Defendants' misconduct, from the negative effect on her credit to the fines incurred by the Vehicle, Ms. Francois now believes she won't be able to buy a home. Ms. Francois was

afraid that she was going to be arrested because the Vehicle was in her name and she could be held responsible for anything done with the Vehicle. This fear persists to this day. Ms. Francois had to take time off from work when discovered the identity theft in order to fight it. Even when she did go into work, she could not focus. The stress caused her to eat less, and she lost as much as 25 pounds. She could not sleep and got black bags under her eyes from the lack of sleep. Because the identity theft was done by her brother-in-law, in conjunction with Defendants, it has caused major family discord and she no longer lives with her husband. She had to put her stuff in storage due to the sudden strain on her marriage and family life.

**4. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no such insurance policy.

On information and belief, Defendants have such policies.