UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

FARAH JEAN FRANCOIS,

                                             **Case No. 1:22-cv-4447**

                 **Plaintiff,**

- against -

                                          **ANSWER TO FIRST-**

VICTORY AUTO GROUP LLC d/b/a VICTORY       **AMENDED COMPLAINT**
MITSUBISHI and SPARTAN AUTO GROUP LLC
d/b/a VICTORY MITSUBISHI, STAVROS ORSARIS,
YESSICA VALLEJO, DAVID PEREZ, DIANE
ARGYROPOULOS and PHILIP ARGYROPOULOS

                                     **Defendants.**
-----------------------------------------------------------------------X

       Defendants VICTORY AUTO GROUP LLC d/b/a VICTORY MITSUBISHI, SPARTAN AUTO

GROUP LLC d/b/a VICTORY MITSUBISHI ("Spartan Auto"), STAVROS ORSARIS ("Orsaris"),

YESSICA VALLEJO ("Vallejo"), DAVID PEREZ ("Perez"), DIANE ARGYROPOULUS and PHILIP

ARGYROPOULOS (all collectively "Defendants"), by their attorneys, Nicholas Goodman & Associates,

PLLC, hereby Answer the First-Amended Complaint (the "Amended Complaint") filed by Plaintiff

FARAH JEAN FRANCOIS ("Plaintiff"), upon information and belief, as follows:

### *Summary of Claims*

       These five unenumerated paragraphs state Plaintiff's version of the nature and legal basis of the

relief she purports to seek and therefore do not require a response. To the extent a response is required,

Defendants deny the multiple inaccuracies contained therein.

### *Jurisdiction and Venue*

1.     The allegations set forth in Paragraph "1" state a conclusion of law that does not require a

response.

2.     The allegations set forth in Paragraph "2" state a conclusion of law that does not require a

response.

3.      The allegations set forth in Paragraph "3" state a conclusion of law that does not require a response.

*Parties*

4.      Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "4."

5.      The allegations set forth in Paragraph "5" state a conclusion of law that does not require a response.

6.      Defendants admit only that Victory Auto is an inactive domestic limited liability company registered pursuant to the laws of the state of New York that has no functioning place of business.

7.      Admit.

8.      Deny.

9.      Deny.

10.      Deny.

11.      Deny.

12.      Admit only that certain of the alleged acts of Orsaris, Vallejo and Perez were carried out within the course and scope of their employment by Defendant Spartan Auto, and otherwise deny the allegations set forth in Paragraph "12."

13.      Defendants deny that Orsaris has worked at Spartan Auto since 2016 in any capacity.

14.      The allegations set forth in Paragraph "14" state a conclusion of law that does not require a response.

15.      Deny.

16.      Deny.

17.     Defendants admit only that Philip Argyropoulos is a member in good standing of the Bar of the State of New York and is a practicing attorney and otherwise deny the allegations set forth in Paragraph "17."

18.     Deny.

19.     Admit.

20.     Admit only that the Mitsubishi Contract stated a 3 year term from its effective date and otherwise deny the allegations set for in Paragraph "20."

21.     Admit only that the Mitsubishi Contract states the words quoted in Paragraph "21" but denies that those words accurately reflect the functions of the individuals stated at times relevant herein.

22.     Deny.

23.     Deny.

24.     Deny.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

## Factual Allegations

### The Identity Theft

29.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "29."

30.     Admit only that Orsaris, Vallejo and Perez variously participated in a transaction that resulted in the sale of a motor vehicle to Plaintiff and otherwise deny the allegations contained in Paragraph "30."

31.     Defendants admit only that an employee of Spartan Auto participated in the acquisition of Plaintiff's TransUnion credit report on or about May 30, 2020, and otherwise deny the allegations set forth in Paragraph "31."

32.     Defendants admit only that Plaintiff's credit report was pulled in the good faith belief that Plaintiff was present at the dealership and authorized the credit pull, and otherwise deny knowledge and information sufficient to form a believe as to the allegations contained in Paragraph "32."

33.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "33."

34.     Defendants admit only that Plaintiff's credit report was pulled in the good faith belief that Plaintiff was present at the dealership and authorized the credit pull, and otherwise deny knowledge and information sufficient to form a believe as to the allegations contained in Paragraph "34."

35.     Defendants admit only that Plaintiff's credit report was pulled in the good faith belief that Plaintiff had applied for credit with Spartan Auto or certain lenders, and otherwise deny knowledge and information sufficient to form a believe as to the allegations contained in Paragraph "35."

36.     Defendants admit only that Plaintiff's consumer reports were obtained in the good faith belief that Plaintiff had authorized same, and otherwise deny knowledge and information sufficient to form a believe as to the allegations contained in Paragraph "36."

37.     Deny.

38.     Deny.

39.     Defendants admit only that Plaintiff's social security number and other identifying information was distributed to lenders in the good faith belief that Plaintiff had authorized same, and otherwise deny knowledge and information sufficient to form a believe as to the allegations contained in Paragraph "39."

40.     Defendants admit only that any representation that Plaintiff sought a car loan was made on the good faith belief that Plaintiff had authorized same, and otherwise deny knowledge and information sufficient to form a believe as to the allegations contained in Paragraph "40."

41.     Deny.

42.     Deny.

43.     Deny.

44.     Defendants admit only that on June 29, 2020, the Retail Installment Sales Contract previously executed for the purchase of the Vehicle was superseded by the referenced Retail Installment Sales Contract stating, among other things, the terms recited, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "44."

45.     Deny.

46.     Defendants admit only that on May 30, 2020, a $9,000.00 cash deposit was made for the purchase of the Vehicle and that the remainder of the sales price was financed on the terms stated, and otherwise deny the allegations set forth in Paragraph "46."

47.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "47."

48.     Deny.

49.     Deny.

50.     Deny.

51.     Deny.

52.     Deny.

53.     Deny.

54.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "54."

55.     Defendants admit only that they believed in good faith that Plaintiff had applied for credit on May 30, 2020, and June 29, 2020.

56.     Defendants admit only that they believed in good faith that Plaintiff had authorized Spartan Auto to obtain her consumer reports on or around June 29, 2020.

57.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "57."

58.     Deny.

59.     Deny.

60.     Defendants admit only that they believed in good faith that Plaintiff was present in person and had expressly authorized Spartan Auto to obtain her consumer reports, and otherwise deny the allegations contained in Paragraph "60."

61.     Defendants admit only that they believed in good faith that Plaintiff had authorized Spartan Auto to distribute her Social Security Number or other personal identifying information to lenders, including on or around June 29, 2020, and otherwise deny the allegations contained in Paragraph "61."

62.     Defendants admit only that they believed in good faith that Plaintiff had authorized Spartan Auto to represent to lenders that she was seeking a car loan on or around June 29, 2020, and otherwise deny the allegations contained in Paragraph "62."

63.     Deny.

64.     Deny.

65.     Deny.

### Ms. Francois Learns of the Fraud and Has to Spend Money and Time on Fighting It

66.     Deny.

67.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "67."

68.    Deny.

69.    Deny.

70.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "70."

71.    Paragraph "71" of the Amended Complaint is blank, contains no allegations and therefore does not require a response.

72.    Deny.

73.    Deny.

74.    Deny.

75.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "75."

76.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "76."

77.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "77."

78.    Deny.

79.    Deny.

*Ms. Francois Has to Deal with Tickets and Other Demands for Payment Due to the Identity Theft*

80.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "80."

81.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "81."

82.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "82."

83.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "83."

84.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "84."

85.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "85."

86.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "86."

87.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "87."

88.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "88."

89.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "89."

90.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "90."

91.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "91."

92.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "92."

93.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "93."

94.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "94."

95.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "95."

96.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "96."

97.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "97."

98.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "98."

99.     Defendants deny that Spartan Auto did not attempt to resolve issues concerning the purchase of the vehicle, in which attempts Plaintiff flatly refused to cooperate, and admit only that Plaintiff was not and is not being held liable for any debt incurred in connection with the purchase of the Vehicle, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "99."

100.    Defendants repeat and reiterate their response to Paragraph "99," above.

101.    Admit.

102.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "78."

103.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "78."

104.    Deny.

105.    Deny.

*Ms. Francois Has to Send Disputes to Remove Inaccurate Information from Her Credit Reports*

106.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "106."

107.    Deny.

108.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "108."

109.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "109."

110.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "110," but deny that the credit pulls at issue in this action harmed Plaintiff's credit.

111.    Defendants repeat and reiterate their response to Paragraph "110," above.

112.    Defendants repeat and reiterate their response to Paragraph "110" above.

113.    Defendants deny that the referenced inquiries were fraudulent and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "113."

114.    Defendants deny that the referenced inquiries were fraudulent and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "114."

115.    Defendants deny that the referenced inquiries were fraudulent and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "115."

116.    Defendants deny that the referenced inquiries were fraudulent and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "116."

117.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "117."

118.    Defendants deny that the referenced inquiries were fraudulent and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "118."

119.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "119."

120.    Admit the contents of the documents cited in Paragraph "120," but otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "120."

121.    Deny.

122.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "122."

**Plaintiff Suffered Credit Harm Because of Victory's Conduct**

123.    Deny.

124.    Defendants deny that the referenced credit pulls were fraudulent or inaccurate and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "124."

125.    Deny.

126.    Defendants deny that the referenced credit pull were fraudulent or inaccurate and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "126."

127.    Defendants deny that the referenced credit pull were fraudulent or inaccurate and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "127."

128.    Deny.

129.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "129."

130.     Defendants deny the allegations of Paragraph "130" that constitute a gross misrepresentation of the referenced Adverse Action Notice which stated a list of five reasons for the action taken, not one, including Plaintiff's "serious delinquency."

131.     Defendants repeat and reiterate their response to Paragraph "130," above.

132.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "132."

133.     Defendants deny the allegations of Paragraph "133" that contain a gross misrepresentation of the referenced Adverse Action Notice by egregiously omitting the words "IMPACT NOT SIGNIFCANT" after the quoted verbiage preceding.

134.     Defendants repeat and reiterate their response to Paragraph "133" above.

## Defendants' History of Deceptive Misconduct

*New York Attorney General Lawsuit*

135.     Admit

136.     Defendants admit only that the NY AG brought an action against Victory Motors, LLC and Victory Auto Group, LLC which action was resolved on terms that are a matter of public record, and otherwise deny any wrongdoing as alleged in Paragraph "136."

137.     Defendants repeat and reiterate their response to Paragraph "136," above.

138.     Defendants repeat and reiterate their response to Paragraph "136," above.

139.     Defendants repeat and reiterate their response to Paragraph "136," above.

140.     Deny.

141.     This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

142.     This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

143.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

144.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

145.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

146.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

147.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

148.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

149.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

150.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

151.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

152.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

153.    This Paragraph was stricken from the Amended Complaint by the Court's Memorandum Order dated January 24, 2023, and does not require a response.

**Ms. Francois Suffered Emotional Distress Because of Victory's Conduct**

154.    Defendants deny that any Defendant facilitated the theft of Plaintiff's identity and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "154."

155.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "155."

156.    Deny.

157.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "157."

158.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "158."

159.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "159."

160.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "160."

161.    Deny.

162.    Deny.

163.    Deny that the identity theft perpetrated by Plaintiff's brother-in-law was accomplished in conjunction with Defendants and otherwise denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "163."

164.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "164."

## COUNT I (against All Defendants)
### Violations of FCRA §1681b, §1681e, and §1681q, and the subsections thereto

165.    Defendants hereby repeat and reiterate all responses to the allegations contained in Paragraph "1" through "164" as if fully set forth here.

166.    The allegations set forth in Paragraph "166" state conclusions of law and that do not require a response.

167.    The allegations set forth in Paragraph "167" state conclusions of law that do not require a response.

168.    Deny.

169.    Deny.

170.    The allegations set forth in Paragraph "170" state conclusions of law that do not require a response. To the extent a response is required, Defendants deny that they obtained a consumer report under false pretenses.

171.    The allegations set forth in Paragraph "171" state conclusions of law and do not require a response. To the extent that a response is required, Defendants submit that they established and adhered to all procedures required under the circumstances at issue.

172.    Deny.

173.    Deny.

## COUNT II (against All Defendants)
### Negligence & Gross Negligence

174.    Defendants hereby repeat and reiterate all responses to the allegations contained in Paragraph "1" through "173" as if fully set forth here.

175.    Deny.

176.    Deny.

177.    Deny.

178.   Deny.

179.   Deny.

180.   Deny.

## JURY DEMAND

181.   Paragraph "181" contains a statement that does not require a response.

## PRAYER

182.   Paragraph "175" contains a general statement that does not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to judgment against any Defendant.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

183.   Plaintiff's Amended Complaint fails to state a cause of action as against Defendant Victory Auto Group, LLC upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

184.   Plaintiff's Amended Complaint fails to state a cause of action as against Defendant Diane Argyropoulos upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

185.   Plaintiff's Amended Complaint fails to state a cause of action as against Defendant Philip Argyropoulos upon which relief may be granted.

### AS AND FOR A  FOURTH AFFIRMATIVE DEFENSE

186.   Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

187.   Plaintiff's claims are barred by the doctrines of waiver and/or estoppel and/or laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

188.   Plaintiff's claims for relief based on fraud are barred as those claims are not pleaded with the requisite particularity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

189.    Plaintiff lacks standing to pursue any of her causes of action because she does not plead compensable damages under any cognizable theory.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

190.    Plaintiff's FCRA cause of action is barred because Defendant Spartan Auto had a permissible purpose to request Plaintiff's credit report.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

191.    Defendant Spartan Auto undertook all required and reasonable precautions to confirm the identity of the purchasers of the Vehicle.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

192.    Plaintiff is barred from any recovery from Spartan Auto because Plaintiff's alleged damages, if any, were caused by intentional and criminal acts or omissions about which Spartan Auto had no knowledge perpetrated by person(s) over whom Spartan Auto exercised no control and for whose conduct Spartan Auto bears no responsibility.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

193.    To the extent Plaintiff suffered any damages as alleged, which Defendants deny, Plaintiff failed to mitigate her damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

194.    Plaintiff's claims are preempted under applicable provisions of the FCRA.

## RESERVATION OF RIGHTS

195.    Defendants expressly reserve the right to amend and/or supplement this Answer and their Affirmative Defenses. Defendants raise each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law. Defendants currently have insufficient knowledge or information upon which to form a belief as to

whether there may be additional affirmative defenses available to them and therefore reserve the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

## **DEMAND FOR JURY TRIAL**

196.    Defendants hereby demand a trial by jury.

**WHEREFORE,** Defendants request that this Court enter an Order denying all relief sought by Plaintiff in her Amended Complaint and directing the entry of judgment in favor of Defendants dismissing Plaintiff's Amended Complaint in its entirety, with the costs and disbursements of this action, including reasonable attorney fees, and all other costs herein, together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 21, 2023

Yours, etc.
NICHOLAS GOODMAN & ASSOCIATES, PLLC

BY:_____
H. Nicholas Goodman
*Attorneys for Defendants*
VICTORY AUTO GROUP LLC
d/b/a VICTORY MITSUBISHI,
SPARTAN AUTO GROUP LLC
d/b/a VICTORY MITSUBISHI,
STAVROS ORSARIS, YESSICA
VALLEJO, DAVID PEREZ,
DIANE ARGYROPOULOS
and PHILIP ARGYROPOULOS
333 Park Avenue South, Suite 3A
New York, New York 10010
(212) 227-9003