UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FARAH JEAN FRANCOIS,

                                    **Plaintiff,**              Case No. 1:22-cv-4447

    - against -                                                  (Hon. Jed S. Rakoff)

**VICTORY AUTO GROUP LLC d/b/a**             **AFFIRMATION IN SUPPORT**
**VICTORY MITSUBISHI, SPARTAN**
**AUTO GROUP LLC d/b/a VICTORY**
**MITSUBISHI, STAVROS ORSARIS,**
**YESSICA VELLEJO, DAVID PEREZ,**
**DIANE ARGYROPOULOS, and**
**PHILIP ARGYROPOULOS**

                                 **Defendants.**
-----------------------------------------------------------------------X

    **H. NICHOLAS GOODMAN,** an attorney duly admitted to practice law before the United States District Court for the Southern District of New York, affirms the following to be true under penalty of perjury:

### PROCEDURAL HISTORY

1.    I am the principal of the law firm Nicholas Goodman & Associates, PLLC, attorneys for Defendants **VICTORY AUTO GROUP LLC d/b/a VICTORY MITSUBISHI** ("Victory Auto"), **SPARTAN AUTO GROUP LLC d/b/a VICTORY MITSUBISHI** ("Spartan") **STAVROS ORSARIS** ("Orsaris"), **YESSICA VALLEJO** ("Vallejo"), **DAVID PEREZ** ("Perez"), **DIANE ARGYROPOULOS** ("Diane") and **PHILIP ARGYROPOULOS** ("Philip") (sometimes collectively "Defendants") in the above captioned action. As such, I am familiar with the facts and circumstances of this action, and with the prior proceedings had herein. I submit this Affirmation in Support of Defendants' motion for an Order, pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 56, granting Defendants Summary Judgment and dismissing Counts I and II of Plaintiff's First-Amended Complaint as to all Defendants or, in the alternative, granting partial

Summary Judgment dismissing Count II of Plaintiff's First-Amended Complaint in its entirety and dismissing Counts I and II thereof as against Victory Auto, Philip, and Diane and limiting scope of the trial of Count I of Plaintiff's Amended Complaint to the scope of Plaintiff's recoverable damages, together with such other and further relief as this Honorable Court may deem just, proper, and equitable.

2. Plaintiff commenced this action on or about May 30, 2022, by e-filing her original Complaint. Dkt. No. 1.

3. On or about August 29, 2022, following a series of conferences and motion practice, Plaintiff served her First-Amended Complaint, withdrawing her previously asserted frivolous defamation and false light allegations and adding Orsaris, Vallejo, Perez, and Diane as individual named defendants. Dkt. No. 26.

4. The Amended Complaint pleads two "Counts" both arising out of the sale of a 2017 BMW 5 Series ("the Vehicle") titled to Plaintiff that Spartan delivered to Laforest.

5. Plaintiff's Count ("Count I") alleges that without her knowledge or consent, on May 30, 2020, one or more Defendant made credit inquiries concerning Plaintiff, specifically by "pulling" her credit report and obtaining same from Credit Reporting Agencies TransUnion and Equifax without a permissible purpose in violation of the FCRA. Dkt. No 26, ¶¶ 165-173.

6. Plaintiff's Count II, sounding in common law negligence, alleges that one or more Defendants submitted credit applications to financial institutions for the purpose of securing financing for the Vehicle, thus negligently failing to prevent Laforest's theft of Plaintiff's identity, facilitating the sale and financing of the Vehicle in Plaintiff's name at Laforest's request, and failing to notify creditors, potential creditors, and government agencies of Laforest's fraud once put on notice of same. Dkt. No 26, ¶¶ 174-180.

7. Plaintiff claims that, as a consequence of Defendants actions, she suffered a laundry list of damages, the large majority of which are in the form of emotional distress, including: "embarrassment," (Dkt. No. 26, ¶ 58); hesitation from applying for a mortgage to buy a house,(Dkt. No. 26, ¶ 128), and the belief that now "she won't be able to buy a home," (Dkt. No. 26, ¶ 156); that she "could not stop crying," (Dkt. No. 26, ¶ 154); that she had trouble focusing at work, (Dkt. No. 26, ¶¶ 159-160); that, due to stress, she lost "as much as 25 pounds," (Dkt. No. 26, ¶ 161); that she developed "black bags under her eyes from the lack of sleep," (Dkt. No. 26, ¶ 162); and that she experienced "major family discord," including separation from her husband, and that she "had to put her stuff in storage due to the sudden strain on her marriage and family life." Dkt. No. 26, ¶¶ 163-164.

8. Additionally, Plaintiff claimed damages resulting from Defendants pulling her credit history in the form of unspecified costs for "printing and postage" she says she incurred in disputing various charges Laforest incurred while operating the Vehicle, (Dkt. No. 26, ¶ 104), and answering collection letters, (Dkt. No. 26, ¶¶ 96, 98); damage to her "credit reputation, credit score, and ability to obtain credit," (Dkt. No. 26, ¶ 123); and the receipt of "less favorable terms for credit" from certain creditors. Dkt. No. 26, ¶¶ 124-125.

9. On or about September 13, 2022, Plaintiff served her first round of discovery production, consisting of nearly four thousand pages of documents, including a set of Certified Mail Receipts dated May 25, 2022, copies of which are submitted herewith as Exhibit "A."

10. On or about October 25, 2022, non-party Emmanuel Laforest sat for a deposition in this action.

11. On or about November 21, 2022, Perez sat for deposition in this action. Copies Plaintiff's Experian and TransUnion Credit Reports dated May 30, 2020, and a set of three (3)

iPhone screenshots marked for identification as Plaintiff's Exhibits "22" and "25" at the Perez deposition are submitted herewith as Exhibits "B" and "C" respectively.

12. On or about November 22, 2022, Plaintiff sat for a deposition in this action. Copies of the transcript of that deposition and the Experian Credit Report dated June 11, 2021, and marked for identification as Defendant's Exhibit "D" are submitted herewith as Exhibits "D" and "E" respectively.

13. On or about November 23, 2022, Orsaris sat for a deposition in this action on behalf of himself and as a representative of Spartan. Copies of the transcript of that deposition and the Mitsubishi Sales and Service Agreements marked for identification as Plaintiff's Exhibit "28" are submitted herewith as Exhibits "F" and "G" respectively.

14. On or about November 28, 2022, Philip sat for a deposition in this action. A copy of the transcript of that deposition is submitted herewith as Exhibit "H."

15. On or about November 30, 2022, Vallejo sat for a deposition in this action. Copies of the documents marked for identification as Plaintiff's Exhibits "40" (the CBC Subscriber Agreement) and "41" (the Spartan Capital One Agreement) at the Vallejo deposition are submitted herewith as Exhibits "I" and "J" respectively.

16. On or about December 9, 2022, Diane sat for a deposition in this action. A copy of the transcript of that deposition is submitted herewith as Exhibit "K."

17. On or about December 13, 2022, non-party Jami Singer sat for a deposition in this action.

18. On or about December 22, 2022, non-party Papito Momplaisir sat for a deposition in this action.

19. By Minute Entry on February 2, 2023, this Court directed the parties to submit

motions for summary judgment on or before February 24, 2023. Defendants' motion herein is therefore timely.

20.     On or about February 8, 2023, Plaintiff served her Third Amended Rule 26(a)(1) Disclosures, by which Plaintiff formally withdraw her "claims for damage to credit or to credit score," a copy of which is submitted herewith as Exhibit "L."

21.     On or about February 10, 2023, Defendants' counsel requested that Plaintiff voluntarily discontinue this action as against Victory Auto and Philip to avoid burdening this Court with unnecessary motion practice. As this communication contained a Settlement Offer subject to FRE § 408 Defendants do not submit it herewith, but will make it available to the Court upon request.

22.     On or about February 21, 2023, Defendants e-filed their Answer to Plaintiff's First-Amended Complaint. Dkt. No. 48.

## CONCLUSION

For all the reasons set forth above, Defendants request that this Court enter an Order, pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 56, granting Defendants Summary Judgment and dismissing Counts I and II of Plaintiff's First-Amended Complaint as to all Defendants or, in the alternative, granting partial Summary Judgment dismissing Count II of Plaintiff's First-Amended Complaint in its entirety and dismissing Counts I and II thereof as against Victory Auto, Philip, and Diane and limiting scope of the trial of Count I of Plaintiff's Amended Complaint to the scope of Plaintiff's recoverable damages, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 24, 2023

                                    BY: _____
                                          H. Nicholas Goodman
                                          Patrick L. Selvey