AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| Chris Orsaris | Case Number: 2:10-CR-0232-001 (LDW) |
| | USM Number: 76232-053 |
| | Joseph R. Conway and Marc A. Agnifilo (Retained) |
| | Defendant's Attorney |

FILED IN CLERK'S OFFICE US DISTRICT COURT EDNY
DEC 19 2013
LONG ISLAND OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  one (1s) of the Superceding Information filed on 12/14/2012.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1956(h) | Conspiracy to Launder Money, a Class C Felony | 3/29/2010 | 1s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1 through 162 of the Indictment  ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/18/2013
Date of Imposition of Judgment

s/ Leonard D. Wexler
Signature of Judge

Leonard D. Wexler, Senior U.S.D.J.
Name and Title of Judge

12/19/2013
Date

FRANCOIS 4078

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: Chris Orsaris
CASE NUMBER: 2:10-CR-0232-001 (LDW)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Eighty-five (85) months, with credit for time already served.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be housed in Fort Dix Federal Correctional Facility.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**FRANCOIS 4079**

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **3** of **6**

DEFENDANT: Chris Orsaris
CASE NUMBER: 2:10-CR-0232-001 (LDW)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**FRANCOIS 4080**

AO 245B (Rev. 09 Sentencing Judgment)
Case 1:22-cv-04447-JSR Document 53-252 Filed 03/15/23 Page 4 of 10 PageID#: 339
Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: Chris Orsaris
CASE NUMBER: 2:10-CR-0232-001 (LDW)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall comply with the Internal Revenue Service (IRS) in the ascertainment and payment of all tax owed in the amount of two million, seven hundred thousand dollars ($2,700,000.00).

The defendant shall comply with the Final Order of Forfeiture dated December 18, 2013 (see attached).

The defendant shall comply with the restitution order. See page 5 of this judgment for schedule of payments and amounts owed to specific payees.

The defendant shall make full financial disclosure, as directed, to the US Probation Department.

The defendant shall refrain from engaging in employment involving any fiduciary responsibility, absent full disclosure of the conviction to the employer, and shall assist the US Probation Department in verifying the job description of any employment he secures while under supervision.

FRANCOIS 4081

AO 245B
Case 2:10-cr-00232-LDW   Document 65   Filed 12/19/13   Page 5 of 10 PageID #: 340
Case 1:22-cv-04447-JSR   Document 53-25   Filed 03/15/23   Page 5 of 10
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: Chris Orsaris
CASE NUMBER: 2:10-CR-0232-001 (LDW)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 14,337,412.25 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Major Automotive Companies, Incorporated |  | $13,831,288.00 |  |
| Ace American Insurance Company |  | $506,124.25 |  |

| TOTALS | $ 0.00 | $ 14,337,412.25 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

FRANCOIS 4082

AO 245B
Case 2:10-cr-00232-LDW  Document 65  Filed 12/19/13  Page 6 of 10 PageID #: 341
Case 1:22-cv-04447-JSR  Document 53-25  Filed 03/15/23  Page 6 of 10
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: Chris Orsaris
CASE NUMBER: 2:10-CR-0232-001 (LDW)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 100.00 due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

   Restitution is to be paid at a rate of twenty-five dollars ($25.00) every three (3) months while the defendant is in custody and at a rate of 10% of the gross income, per month, while the defendant is on supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

   See attached Final Order of Forfeiture dated December 18, 2013.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**FRANCOIS 4083**

FR:bsg
F#: 2009R00494

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    - against -

CHRIS ORSARIS

                  Defendant.
- - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★   DEC 18 2013  ★

LONG ISLAND OFFICE

FINAL ORDER OF FORFEITURE

10-CR-0232

(Wexler, J.)

        WHEREAS, on or about December 1, 2012, CHRIS ORSARIS (the "Defendant"), entered a plea of guilty to the violation of 18 U.S.C. § 1956(h), charged in the above-captioned superseding information;

        WHEREAS, on December 14, 2012, this Court entered a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure finding that the following: (a) the sum of seven hundred and fifty thousand dollars and no cents ($750,000.00), which represents the proceeds of the sale of the real property and premises located at Residential Unit No. 79A, Trump World Tower, 845 United Nations Plaza, New York, New York (the "Trump World Tower premises") and all proceeds traceable thereto; (b) the sum of four hundred and eight thousand dollars and no cents ($408,000.00), which represents

**FRANCOIS 4084**

rental income proceeds derived beginning on or about April 6, 2010 through on or about October 9, 2012, from the Defendant's lease of the Trump World Tower premises to a third-party, and all proceeds traceable thereto of which only one hundred thousand dollars ($100,000.00) has been paid to date; (c) the sum of $65,527.21, which represents the proceeds of the sale of the real property and premises located at 101 20th Street, Apartment 2606, Miami Beach, Florida; (d) all funds on deposit in, or transferred to or through, HSBC Bank account no. 032557477, held in the name of Chris Orsaris, and all proceeds traceable thereto; (e) all funds on deposit in, or transferred to or through, HSBC Bank account no. 032109105, held in the name of Chris Orsaris, and all proceeds traceable thereto; (f) all funds on deposit in, or transferred to or through, HSBC Bank account no. 942159977, held in the name of CPMW Consultants, Inc., and all proceeds traceable thereto; (g) all right, title and interest of the defendant in "Major Ford," and all proceeds traceable thereto; and (h) a forfeiture money judgment in the amount of seven hundred fifty thousand dollars and no cents ($750,000);

(items (a) through (h) above, collectively, the "Forfeited Assets), constitute property involved in the Defendant's violation of 18 U.S.C. § 1956(h), or as property traceable to

**FRANCOIS 4085**

such property, and/or as substitute assets as defined in 21 U.S.C. § 853(p);

WHEREAS, legal notice of the forfeiture was published in this district on the official government website, www.forfeiture.gov, for thirty (30) consecutive days beginning on January 10, 2013 and ending on February 8, 2013; and

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Forfeited Funds and the time to do so under 21 U.S.C. § 853(n)(2) has expired.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p), and the Preliminary Order of Forfeiture, all right, title, and interest in the Forfeited Assets is hereby condemned, forfeited, and vested in the United States of America.

IT IS FURTHER ORDERED that the Internal Revenue Service, or their duly authorized agents and/or contractors be, and hereby are, directed to dispose of the Forfeited Assets in accordance with all applicable laws and regulations.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction over this case for the purposes of enforcing the Preliminary Order and this Final Order of Forfeiture and any supplemental orders of forfeiture as may be necessary.

United States v. Chris Orsaris, 10-cr-0232, Final Order of Forfeiture

3

FRANCOIS 4086

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Order and the Preliminary Order of Forfeiture.

IT IS FURTHER ORDERED that the Clerk of Court shall send by inter-office mail five certified copies of this executed Final Order of Forfeiture to the United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York, 11201, ATTN: FSA Asset Forfeiture Paralegal Brian Gappa.

Dated: Central Islip, New York
December 18, 2013

s/ Leonard D. Wexler
HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

United States v. Chris Orsaris, 10-cr-0232, Final Order of Forfeiture
4

FRANCOIS 4087