SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------X
The People of the State of New York, by
LETITIA JAMES,
Attorney General of New York,

                              Petitioner,

          -against-

Victory Motors, LLC, doing business as Victory
Mitsubishi, Larchmont, New York, and Victory
Auto Group, LLC, doing business as Victory Suzuki,
Bronx, New York,

                              Respondents.
----------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER**

Index No. 70684/2017
Hon. Charles D. Wood

      This Stipulation is entered into by and among petitioner, The People of the State of New York, by Letitia James, Attorney General of New York ("Petitioner") and respondents, Victory Motors, LLC, doing business as Victory Mitsubishi, Larchmont, New York, and Victory Auto Group, LLC, doing business as Victory Suzuki, Bronx, New York, ("Respondents"), together referred to herein as the Parties.

      WHEREAS, Petitioner commenced a special proceeding against Respondents on December 19, 2017, in the Supreme Court, Westchester County, asserting claims of deceptive and fraudulent business practices engaged in by Respondents in the sale of an anti-theft window etch product for automobiles (the "Etch Product") to its customers in violation of Article 22-A of the New York General Business Law ("GBL"), §§ 349 and 350, and Article 5 of the Executive Law, § 63(12); and

      WHEREAS, Respondents are found to have engaged in deceptive business practices in violation of GBL § 349, and to have repeatedly and persistently engaged in fraud pursuant to

1

FRANCOIS 3679

Executive Law § 63(12), pursuant to the Supreme Court's Decision and Order dated August 9, 2018, and filed with the Court on August 10, 2018 (the "Decision and Order"); and

WHEREAS, the Decision and Order enjoins permanently Respondents, their agents, representatives, employees, successors, assigns and any corporation or other entity in which they are principal owner, officer or manager from violating Executive Law § 63(12) and GBL § 349 and engaging in fraudulent, deceptive and illegal acts and practices alleged therein; and

WHEREAS, the Decision and Order directs a hearing to determine the amount of restitution and other damages Respondents shall pay those injured consumers, who were sold the etch product; and

WHEREAS, the damages hearing was scheduled for December 17, 2019 and the Parties having appeared for such hearing mutually agree that settlement is in the best interest of the Parties, including the injured public; and

WHEREAS, desiring to resolve the damages branch of the special proceeding without further court proceedings mutually agree to enter into a settlement in lieu of a hearing; and

WHEREAS, no party to this proceeding is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in the subject matter of the action; and

WHEREAS, the Parties desire to state and embody herein, the terms and provisions of the settlement ("Agreement") that they have reached with regard to the restitution and other damages Respondents are directed to pay Petitioner; and

NOW, therefore, in consideration of the representations, covenants, and agreements contained herein,

IT IS HEREBY STIPULATED, by and between the undersigned Parties, as follows:



**FRANCOIS 3680**

1. <u>Payment by Respondents.</u> Respondents shall pay a total of $305,850.00 in damages to the State of New York, which is comprised of restitution and penalties. Respondents shall pay $200.00 to each one of the 549 customers who were charged fluctuating prices on their bill of sale for the etch product sold by Respondents, amounting to a total of $109,800.00; and $175.00 to each one of the 606 customers who appear to have been charged a minimum of $175.00 for the etch product, as stated on their etch agreement, amounting to a total of $106,050.00. The total restitution amount Respondents shall pay is $215,850.00 ("Restitution"). Payment of Restitution shall be subject to the following payment schedule:

   a. Restitution shall be paid on or before July 5, 2019, and made payable to the State of New York;

   b. Restitution shall be made in six equal installment payments of $35,975.00, on each consecutive month commencing upon the execution of this Stipulation and Order, dated February 5, 2019, and continuing for six months without interruption through July 5, 2019 (the "Installment Payments"). The Installment Payments are as follows:

      i. 1st installment payment of $35,975.00 due on or before February 5, 2019;

      ii. 2nd installment payment of $35,975.00 due on or before March 5, 2019;

      iii. 3rd installment payment of $35,975.00 due on or before April 5, 2019;

      iv. 4th installment payment of $35,975.00 due on or before May 5, 2019;

      v. 5th installment payment of $35,975.00 due on or before June 5, 2019;

      vi. 6th installment payment of $35,975.00 due on or before July 5, 2019.

3

c. In the event Respondents default by failing to pay an Installment Payment in full on or before the due dates set forth in paragraph 1 (b) herein, then Petitioner shall file a Confession of Judgment and enter judgment against Philip Argyropoulos, Respondents' majority managing member, personally and individually for $647,550, which represents triple the Restitution amount. The Affidavit of Confession of Judgment of Philip Argyropoulos is annexed, as Exhibit A.

d. Respondents represent that they closed their dealerships in 2018 and that they are no longer in operation. However, they have agreed pursuant to this Agreement to pay the full amount of damages set forth herein, and that in the event of default Petitioner shall file the annexed Confession of Judgment and enter judgment against Philip Argyropoulos.

e. Installment Payments shall be made on or before their due dates as set forth at paragraph 1 (b) herein, without exception. There shall be no grace or cure period of payment or notice to cure. There shall be no notice prior to filing the Confession of Judgment.

f. Respondents shall also pay a penalty of $90,000.00 to the State of New York ("Penalty") for violation of consumer protection laws, subject to the following:

   i. The Penalty amount shall be paid on or before July 5, 2020, which is within 18 months of execution of this Agreement, which is February 5, 2019, and shall be made payable to the State of New York.

g. In the event Respondents default by failing to pay in full the Penalty amount on or before its due date as set forth in paragraph 1 (f) herein, then the OAG shall file said Confession of Judgment and enter judgment against Philip Argyropoulos,

4

Respondents' majority managing member, personally and individually for the full $90,000, which represents the Penalty amount.

2. <u>Entire Agreement</u>. The contents of this Agreement constitute the entire agreement between the Parties relating to the subject matter hereof and it may not be altered, amended or otherwise changed in any respect, except by a writing duly executed by the parties or their authorized representatives. The contents of this Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, each of their respective executors, heirs, successors and assigns.

3. Except to the extent specifically provided in this Agreement, nothing contained herein shall be deemed or is intended to constitute a waiver, relinquishment or modification of any remaining rights or claims of, or by and between the Parties.

4. This Agreement is intended to be for the benefit of the Parties only, and, by this instrument, the Parties do not release any claims against any other person or entity.

5. <u>Severability.</u>   The provisions of this Agreement are not severable.

6. <u>Counterparts.</u> This Agreement may be executed in counterparts. All signatures of the Parties to this Agreement may be transmitted by facsimile, and such facsimile will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces and will be binding upon such Party.

7.  <u>Authorized to Execute</u>.   Each of the undersigned counsel represents and warrants that they are duly authorized and empowered to execute this Agreement on behalf of their respective clients, and that in entering into this Agreement, no Party has relied on any representations or warranties of any other party, other than the representations or warranties expressly set forth herein.

FRANCOIS 3683

8. This Agreement shall be deemed to have been mutually prepared by the Parties hereto and, therefore, in any action or proceeding concerning the provisions herein shall not be construed against any of them by reason of authorship.

9. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of New York. This Court shall have exclusive jurisdiction to adjudicate disputes arising under this Agreement.

10. The Parties acknowledge that this Agreement and the performance of the duties and obligations of the parties hereunder are subject to, and specifically conditioned upon, the approval hereof by the Court.

11. The Parties further stipulate and agree that upon approval hereof by the Court, all terms and conditions shall be subject to enforcement as a duly entered order of the Court.

RICHARD SIMON, ESQ.
Attorney for Respondents

By: _____
Richard Simon, Esq.
1461 Franklin Avenue, Suite LL-S
Garden City, New York 11530
(631) 766-8762

LETITIA JAMES
Attorney General
State of New York
Attorney for Petitioner

By: _____
Sandra Giorno-Tocco
Assistant Attorney General
44 South Broadway, 5th Floor
White Plains, New York 10601
(914) 422-8755

SO ORDERED: April _____, 2019

_____
HON. CHARLES D. WOOD, J.S.C.

6