UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
FARAH JEAN FRANCOIS,

                                                                                                       Case No.: 1:22-cv-4447-JSR

                            **Plaintiff,**

          -against-

SPARTAN AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI,
STAVROS ORSARIS,
YESSICA VALLEJO, and
DAVID PEREZ,

                            **Defendants.**
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ........................................................................................ 2

II. ARGUMENT ................................................................................................................... 2

A.  Defendants Should Be Precluded from Using or Making Any Mention of Criminal Allegations Against Plaintiff Because It Is Irrelevant and Poses a High Risk of Prejudice. . 2

B.  Defendants Should Be Precluded from Referencing Attorney's Fees. .......................... 4

III. CONCLUSION ............................................................................................................... 6

Pursuant to Federal Rules of Evidence 104(a), Plaintiff Farah Jean Francois ("Plaintiff") respectfully moves *in limine* to exclude certain irrelevant evidence from trial and to preclude from trial all undisclosed witnesses, documents, and other evidence of any kind. In support, Plaintiff incorporates the following Memorandum:

## I. PRELIMINARY STATEMENT

Plaintiff Farah Jean Francois respectfully submits this *motion in limine* and memorandum of law in support seeking an order, pursuant to Federal Rules of Civil Procedure 26 and 37, precluding Defendants from presenting evidence or documents that are irrelevant and prejudicial and which were not disclosed in discovery, or after, despite Plaintiff's request.

This case was filed pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, defamation, negligence and invasion of privacy/false light. In largely denying Defendants' motion for summary judgment, and then motion for reconsideration, the Court found Plaintiff may pursue her mental and emotional distress damages as well as punitive damages under her FCRA claim at trial. A jury trial is scheduled to begin on November 12, 2024.

This motion *in limine* seeks to preclude Defendants from: (1) making any reference to Ms. Francois' arrest in 2013, which is plainly irrelevant and highly prejudicial; (2) attacking Plaintiff's motives in bringing this case by referencing the FCRA's fee-shifting provision.

## II. ARGUMENT

### A. Defendants Should Be Precluded from Using or Making Any Mention of Criminal Allegations Against Plaintiff Because It Is Irrelevant and Poses a High Risk of Prejudice.

It is axiomatic that only relevant evidence is admissible. Fed. R. Evid. 402. But, this

policy of admissibility has limits. Even relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid 403. In a civil case, evidence of crimes or arrests may not be offered to show that a witness has bad character. Fed. R. Evid. 404(b)(1).

Ms. Francois was arrested in 2013 and the charges were dismissed. This 10+ year old arrest is simply irrelevant to whether Defendants violated Plaintiff's rights under FCRA. Ms. Francois was arrested on November 7, 2013 because she was with a friend who had cocaine on them. Francois Depo, 9:23-10:11. The case against her was dismissed and she was not convicted because it was determined the drugs were not hers. *Id.* First, this arrest is not probative of anything about Ms. Francois because she in fact did nothing wrong, which the prosecutor in that case clearly recognized. Further, it is not probative of any fact of consequence in this case and occurred over 10 years in the past.

Even if such evidence somehow had some probative value, the danger of unfair prejudice, confusing the issues, and misleading the jury looms large because the jury could discredit her testimony on the unfair and unsupported belief that someone who is arrested for a crime "deserves it" or likely did something wrong at some point. Defendants should be precluded from offering evidence about Ms. Francois' irrelevant arrest history.

Lastly, mention of this arrest would likely run afoul of Rule 404(b) because it is prohibited propensity evidence. That is, given that this case has nothing to do with drug involvement, Defendants would only use this evidence to paint Ms. Francois in a negative light. They would imply that she was involved in drugs, therefore cannot be trusted and is lying about her story in this case. Overall, evidence about Ms. Francois' arrest would only serve to distract the jury from the core issues involved in this case and greatly prejudice Ms. Francois.

3

### B. Defendants Should Be Precluded from Referencing Attorney's Fees.

Plaintiff seeks an order, pursuant to Federal Rules of Evidence 401, 402 and 403, precluding Defendants from presenting evidence or making any statements in the presence of the jury regarding the manner in which counsel are compensated, including the manner in which Plaintiff's counsel will be compensated in this action.

Plaintiff's claims at trial arise under the federal Fair Credit Reporting Act ("FCRA") which provide for attorney fee-shifting if Plaintiff prevails at trial. Defendant may attempt to use the attorneys' fees provisions of the FCRA to try to improperly sway the jury. Instead of explaining the reasons the legislature opted to include these provisions in the statutes (motivate businesses to change their behavior and to allow people of limited means and small damages access to competent counsel), Defendant may try to argue or imply the Plaintiff and her attorneys are motivated by greed.

The Court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). When determining the admissibility of evidence, the first step is to determine its relevance. Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. A district court has wide discretion to exclude evidence that is only marginally relevant or that poses an undue risk of harassment, prejudice, or confusion of the issues. *United States v. Blum*, 62 F.3d 63, 67 (2d Cir. 1995).

Regardless of any other rules or considerations, evidence cannot be admitted unless it is

relevant. Fed. R. Evid. 402. Only if evidence passes the relevancy test should the Court proceed to consider whether it passes the additional test of Federal Rule of Evidence 403. Under Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed. R. Evid. 403. "Unfair prejudice" means an "'an undue tendency to suggest decision on an improper basis.'" *Highland Capital Mgmt., L.P v. Schneider*, 551 F. Supp. 2d 173, 176-77 (S.D.N.Y. 2008) (quoting *United States v. Gelzer,* 50 F.3d 1133, 1139 (2d Cir. 1995)). "Statements designed to appeal to the jury's emotions or to 'inflame the passions or prejudices of the jury,' American Bar Association Standard 3–5.8(c), are improper." *United States v. Peterson,* 808 F.2d 969, 977 (2d Cir.1987) (citing *United States v. Marrale,* 695 F.2d 658, 667 (2d Cir.1982).

    Here, Plaintiff seeks to exclude irrelevant evidence that Defendants may wish to introduce solely or primarily for its prejudicial effect. Specifically, Defendants may seek to introduce evidence that Plaintiff's counsel accepted this case on a contingency fee basis and will apply for attorney fees from the Court if they prevail. However, Plaintiff's counsel's fee arrangement has no relevance to Plaintiff's claim or any defenses thereto, as it has nothing to do with the issue of whether Defendants violated the FCRA by pulling Ms. Francois' credit without her knowledge or consent. *See, e.g.*, *Sparano v. JLO Auto., Inc.*, No. 3:19-CV-00681, 2022 WL 266159, at *13 (D. Conn. Jan. 29, 2022) (collecting cases; stating "[t]he Court will preclude reference to attorney's fees under Rule 403, as such references may confuse the jury about the ultimate issues to be decided"); *Pucci v. Litwin*, No. 88 C 10923, 1993 WL 405448 (N.D. Ill. Oct. 4, 1993) (granting plaintiffs' motion *in limine* precluding reference to the fact that plaintiffs' counsel will be paid on partial contingency because evidence would be "irrelevant and

5

prejudicial"); *Falise v. Am. Tobacco Co.*, No. 99–CV–7392, 2000 WL 1804602 (E.D.N.Y. Nov. 30, 2000) (granting plaintiffs' motion *in limine* to exclude reference to contingency fee received by attorneys for claimants). Defendants may seek to emphasize the fee arrangement between Plaintiff and their counsel in an attempt to create an inference of a conflict of interest regarding Plaintiff's counsel and/or an inference that the litigation is being prosecuted solely as a means for counsel to recover a fee.

The fee arrangement, however, is irrelevant to the issues raised in this case and may have the effect of confusing the jury or causing unfair prejudice. Any reference to Plaintiff's counsel's compensation should be precluded pursuant to Rules 401 and 402.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff Farah Jean Francois respectfully requests that the Court grant her motions *in limine* so as to ensure a fair and just trial.


Dated:  Brooklyn, NY
              October 29, 2016
               /s/
              Ahmad Keshavarz

                                          Respectfully submitted,

                                        */s/*
                                        **Ahmad Keshavarz**
                                        ATTORNEY FOR PLAINTIFF
                                        The Law Office of Ahmad Keshavarz 16 Court St., 26th Floor
                                        Brooklyn, NY 11241-1026
                                        Phone: (718) 522-7900
                                        Fax:    (877) 496-7809
                                        Email: ahmad@NewYorkConsumerAttorney.com

cc: all counsel via ECF