UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

FARAH JEAN FRANCOIS,

                            Plaintiff,

    -against-

SPARTAN AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI,
STAVROS ORSARIS,
YESSICA VALLEJO, and
DAVID PEREZ

                          Defendants.

Case No.: 1:22-cv-4447-JSR

-----------------------------------------------------------------------X

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

i

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1
   A.   JURY INSTRUCTION NO. P-1 – Duty of the Court .......................................................... *1*
   B.   JURY INSTRUCTION NO. P-2 – Duty of the Jury............................................................. *1*
   C.   JURY INSTRUCTION NO. P-3 – DDuty of Impartiality...................................................... *3*
   D.   JURY INSTRUCTION NO. P-4 – Burden of Proof ............................................................ *3*
   E.   JURY INSTRUCTION NO. P-5 – Direct and Circumstantial Evidence............................. *4*
   F.   JURY INSTRUCTION NO. P-6 – Witness Credibility........................................................ *5*
   G.   JURY INSTRUCCTION NO. P-7 – Depositions.................................................................. *6*
   H.   JURY INSTRUCTION NO. P-8 – Basic FCRA Definitions................................................ *7*
   I.   JURY INSTRUCTION NO. P-9 – Description of the Claims and Defenses...................... *7*
   J.   JURY INSTRUCTION NO. P-10 – FCRA is Remedial Legislation................................... *7*
   K.   JURY INSTRUCTION NO. P-11 – FCRA Protection of Consumer Privacy..................... *8*
   L.   JURY INSTRUCTION NO. P-12 – Prohibition on Using or Obtaining Consumer Credit Reports ...................................................................................................................................... *8*
   M.   JURY INSTRUCTION NO. P-13 – Clear Written Instructions .......................................... *8*
   N.   JURY INSTRUCTION NO. P-14 – Transaction Initiated by Consumer ............................ *9*
   O.   JURY INSTRUCTION NO. P-15 – Vicarious Liability ....................................................... *9*
   P.   JURY INSTRUCTION NO. P-17 – FCRA Willful Defined................................................ *10*
   Q.   JURY INSTRUCTION NO. P-18 – FCRA Negligence ...................................................... *11*
   R.   JURY INSTRUCTION NO. P-19 – FCRA Damages .......................................................... *12*
   S.   JURY INSTRUCTION NO. P-20 – Emotional Distress Damages.................................... *13*
   T.   JURY INSTRUCTION NO. P-21 Emotional distress damages. ....................................... *14*
   U.   JURY INSTRUCTION NO. P-23 – Continuing Damages ................................................ *15*
   V.   JURY INSTRUCTION NO. P-24 – No Credit Harm Required......................................... *15*
   W.   JURY INSTRUCTION NO. P-25 – Punitive Damages ..................................................... *15*
   X.   JURY INTRUCTION NO. P-26 – Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court .................................................................. *16*
   Y.   JURY INSTRUCTION NO. P-27 – Verdict; Need for Unanimity; Duty to Consult......... *16*
II.   CONCLUSION ............................................................................................................. 17

I.     INTRODUCTION

In addition to the Court's standard instructions, Plaintiff submits the following additional proposed instructions:

### A.    JURY INSTRUCTION NO. P-1 – Duty of the Court

We are now approaching the most important part of this case: your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

Source: *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, S.D.N.Y. 15-cv-2741 (JSR), Docket No. 87 ("The Court's Instructions of Law to the Jury"), Instruction No. 1.

### B.    JURY INSTRUCTION NO. P-2 – Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight

of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just two things: the testimony given by witnesses that was received in evidence and the exhibits that were received in evidence. Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the deposition excerpts that were placed in evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the

admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

Source: *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, S.D.N.Y. 15-cv-2741 (JSR), Docket No. 87 ("The Court's Instructions of Law to the Jury"), Instruction No. 2.

### C. JURY INSTRUCTION NO. P-3 –Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

Source: *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, S.D.N.Y. 15-cv-2741 (JSR), Docket No. 87 ("The Court's Instructions of Law to the Jury"), Instruction No. 3.

### D. JURY INSTRUCTION NO. P-4 – Burden of Proof

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof." Here, plaintiff Farah Jean Francois has claimed that she suffered injuries as a result of the misconduct of defendant Spartan

Auto Group, LLC, which does business as Victory Mitsubishi, as well as defendants Stavros Orsaris, Yessica Vallejo, and David Perez. Ms. Francois also claims that she is entitled to compensation for these injuries. Ms. Francois must prove both the fact of such injuries, if any, and the amount of such compensation, if any, by a preponderance of the credible evidence. To establish a fact by a "preponderance" of the evidence simply means to prove that the fact is more likely true than not true. The "credible" evidence means such testimony, exhibits, stipulations, or legal admissions that you find worthy of belief.

Source: *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, S.D.N.Y. 15-cv-2741 (JSR), Docket No. 87 ("The Court's Instructions of Law to the Jury"), Instruction No. 4.

### E. JURY INSTRUCTION NO. P-5 – *Direct and Circumstantial Evidence*

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference. The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Source: *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, S.D.N.Y. 15-cv-2741 (JSR), Docket No. 87 ("The Court's Instructions of Law to the Jury"), Instruction No. 5.

### F. JURY INSTRUCTION NO. P-6 – *Witness Credibility*

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her

5

knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Source: *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, S.D.N.Y. 15-cv-2741 (JSR), Docket No. 87 ("The Court's Instructions of Law to the Jury"), Instruction No. 6.

### G.  JURY INSTRUCCTION NO. P-7 – *Depositions*

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the

testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Source: 4 Modern Federal Jury Instructions-Civil P 74.14 (2024)

### H.  JURY INSTRUCTION NO. P-8 – Basic FCRA Definitions

The Plaintiff, Farah Jean Francois, is a "consumer" entitled to the protection and benefit of the Fair Credit Reporting Act ("Fair Credit Reporting Act" or "Act").

The consumer reports, sometimes referenced as "credit reports," that were admitted into evidence are "consumer reports" governed by the Act.

Defendant Victory Mitsubishi is a "user" of credit reports and are regulated by the Fair Credit Reporting Act.

Source: 15 U.S.C. § 1681a (definitions).

### I.  JURY INSTRUCTION NO. P-9 – Description of the Claims and Defenses

Ms. Francois, the Plaintiff, claims that Defendants violated the Fair Credit Reporting Act, either negligently or willfully, by obtaining her credit report without a "permissible purpose." Ms. Francois states none of the Defendants had her written authorization or instructions or a "permissible purpose" to obtain her credit report.  Ms. Francois states that she was not involved in any credit transaction with Victory Mitsubishi. Ms. Francois states that she never initiated any business transaction with Victory Mitsubishi.

The Defendants each claim that they did not violate the Fair Credit Reporting Act.

Source: 15 U.S.C. § 1681b.

### J.  JURY INSTRUCTION NO. P-10 – FCRA is Remedial Legislation

The Fair Credit Reporting Act is remedial legislation whose "consumer oriented objectives support a liberal construction" of the protections of the Act.

Source: *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

### K.  JURY INSTRUCTION NO. P-11 – FCRA Protection of Consumer Privacy

In enacting the Fair Credit Reporting Act, Congress restricted and limited access to a consumer's personal credit report to "permissible purposes" as set forth in the Fair Credit Reporting Act.  In so doing, "Congress sought to preserve the consumer's privacy in the information maintained by consumer reporting agencies."

Source: *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009).

### L.  JURY INSTRUCTION NO. P-12 – Prohibition on Using or Obtaining Consumer Credit Reports

Under the Fair Credit Reporting Act, a "person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under the Act; and (2) the purpose is certified in accordance with Section 1681e of the Fair Credit Reporting Act by a prospective user of the report through a general or specific certification."

Source: 15 U.S.C. §1681b(f).

### M.  JURY INSTRUCTION NO. P-13 – Clear Written Instructions

Under the Fair Credit Reporting Act, a credit report can be obtained "[i]n accordance with the written instructions of the consumer to whom it relates." "Written instructions" or authorization must clearly authorize a party in writing to obtain a consumer's credit report.

If you find that a Defendant did not have clear, written authorization to use or obtain Ms. Francois's credit report, then you must find that that Defendant violated Ms. Francois's rights under the Fair Credit Reporting Act.

Source: 15 U.S.C. §1681b(a)(2); Federal Trade Commission ("FTC") Advisory Opinion

to Zalenski (May 24, 2001); FTC Advisory Opinion to Shibley (Jun. 8, 1999).

### N. JURY INSTRUCTION NO. P-14 – Transaction Initiated by Consumer

A credit report can also be provided if a business has a legitimate business need for the credit report in connection with a business transaction that is initiated by the consumer.

A consumer credit report can be obtained "only in those circumstances in which the consumer clearly understands that she or she is initiating [a credit transaction] and the [business or individual] has a legitimate business need for the consumer report information in order to complete the transaction."

If you find that Defendants did not have a legitimate business need to use and obtain Ms. Francois's credit report, or if you find that the transaction as not initiated by Ms. Francois, then you must find that that Defendant violated Ms. Francois's rights under the Fair Credit Reporting Act.

Source: 15 U.S.C. §1681b(a)(2); FTC Advisory Opinion to Zalenski; FTC Advisory Opinion to Shibley; FTC Staff Report

### O. JURY INSTRUCTION NO. P-15 – Vicarious Liability

A corporate employer is responsible for the wrongs committed by its employees and agents in the course of its business, even if the employer did not authorize, justify or participate in, or know of such misconduct, even if the employer forbade the misconduct, and even if the employee or agent acted for their own purposes.

Source: *Reilly v. Vivint Solar*, No. 18-cv-12356(NLH)(JS), 2021 WL 261084, at *6-8 (D.N.J. Jan. 26, 2021) (observing that "a growing number of courts agree that traditional agency principles apply in the FCRA context," and citing to cases from Sixth and Fourth Circuits).*JURY INSTRUCTION NO. P-16 – Willful and Negligent FCRA Violations*

In this case, Plaintiff alleges that each Defendant used or obtained Ms. Francois's credit report without a permissible purpose, and that they did so willfully. Plaintiff also argues, in the alternative, that each Defendant used or obtained Ms. Francois's credit report without a permissible purpose, and that they did so negligently. Ms. Francois is allowed to allege these two different theories. If you decide that any of the Defendants obtained her credit report without a permissible purpose, then it will be up to you to decide, for each of the Defendants who did so, whether they did so willfully and, if not, whether they did so negligently.

Source: *Rubin v. HSBC Bank USA, NA*, 717 Supp. 3d 266, 269, 272 (E.D.N.Y. 2024).

### P.   JURY INSTRUCTION NO. P-17 – FCRA Willful Defined

The word "willful" can mean several different things. It can mean that someone knew that they were violating the Act while they were violating it. But "willful" can also mean a reckless disregard of the Fair Credit Reporting Act's requirements. "Reckless" simply means that a person took an unjustifiably high risk of harm, and that the person either knew about the risk, or the risk was so obvious that he or she should have known about it. Because "willful violations" include both violations committed knowingly or recklessly, it is possible for someone to commit a "willful violation" even if that person did not specifically try to break the law or to hurt the Plaintiff.

In this case, Plaintiff claims that each Defendant willfully violated the Fair Credit Reporting Act by using or obtaining Ms. Francois's credit report without a legal, permissible purpose.  Further, Ms. Francois claims that Defendants willfully failed to maintain and/or follow their procedures to prevent impermissible access to her credit report.

If you find that a Defendant impermissibly used or obtained Ms. Francois's credit report, knowing that Ms. Francois had not authorized Defendants to do so, then you must find that the

particular Defendant acted willfully. If you find that a Defendant knowingly failed to maintain and/or follow procedures designed to prevent impermissible access to Ms. Francois's credit report, then you must find that the particular Defendant acted willfully.

If you find that a Defendant impermissibly used or obtained Plaintiff's credit report and that, when it did so, it took an unjustifiable risk that Plaintiff had not authorized them to do so, and that the Defendant either knew of the risk or the risk was so obvious that it should have known of it, then you must find that the particular Defendant acted willfully.

If you find that a Defendant recklessly failed to follow procedures designed to prevent impermissible access to Ms. Francois's credit report, or maintained procedures that created an unjustifiable risk that Ms. Francois's credit report would be impermissibly accessed and the Defendant either knew of the risk or the risk was so obvious that the Defendant should have known of it, then you must find that the particular Defendant acted willfully.

Source: *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57, 68-69, 127 S. Ct. 2201, 2208, 2215 (2007); *Connecticut Fair Housing Ctr. v. CoreLogic Rental Prop. Solutions*, No. 18-CV-705(VLB), 2023 WL 4669482, at *24-25 (D. Conn. July 20, 2023); *Wenning v. On-Site Manager, Inc.*, No. 14-CV-9693(PAE), 2016 WL 3745849, at *2 (S.D.N.Y. July 8, 2016).

### Q. JURY INSTRUCTION NO. P-18 – FCRA Negligence

The word "negligently" simply means that someone failed to exercise reasonable care. Reasonable care means taking all of the steps that a reasonably prudent person would do under the same circumstances, and refraining from doing things that a reasonably prudent person would not do under the same circumstances.If you find that a Defendant impermissibly used or obtained Ms. Francois's credit report and that, in doing so, it failed to take steps that a reasonably prudent person would have taken to confirm that she authorized them to do so, then you must find that

the Defendant acted negligently. Likewise, if you find that a Defendant failed to maintain and/or follow procedures to prevent impermissible access to Plaintiff's credit report that a reasonably prudent person would have maintained and/or followed, then you must find that the Defendant acted negligently.

Source: *Philbin v. Trans Union Corporation*, 101 F. 3d 957. 693 (3d Cir. 1996); *Francois v. Victory Auto Grp. LLC*, No. 22-CV-4447(JSR), 2023 WL 373250, at *3-4 (S.D.N.Y. Jan. 24, 2023); *Isler v. General Elec. Emps. Fed. Credit Union*, No. 18-CV-0867 (MPS), 2020 WL 5749903, at *6 (D. Conn. Sept. 25, 2020); *Pietrafesa v. First Am. Real Est. Info. Servs., Inc.*, No. 05-CV-1450, 2007 WL 710197, at *4 (N.D.N.Y. Mar. 6, 2007).

### R.  JURY INSTRUCTION NO. P-19 – FCRA Damages

If you find that a Defendant violated the Act either willfully or negligently, then you must decide whether the violation caused Ms. Francois to suffer any kind of injury or damage. For actions brought under the Fair Credit Reporting Act, injury or damage is considered caused by an act, or a failure to act, whenever it appears from the evidence that the act or omission was a substantial part or factor in bringing about or actually causing the injury or damage. It is not necessary that the act was the sole or primary cause of the harm.

Plaintiff claims that Defendants violated the Fair Credit Reporting Act by obtaining and using her credit report for impermissible purposes in violation of the Fair Credit Reporting Act. Plaintiff claims that Defendants invaded her privacy and caused her emotional distress, worry, anguish, and anxiety. If you determine that a Defendant's violation of the Act caused Ms. Francois to suffer damages, then you must determine how much Ms. Francois should be compensated.

Source: 15 U.S.C. §1681b, 15 U.S.C. §1681n, 15 U.S.C. §1681o; *Haynes v. TransUnion,*

*LLC*, No. CV197157JSARL, 2021 WL 2179346, at *6 (E.D.N.Y. Feb. 4, 2021), *report and recommendation adopted,* No. 19-CV-7157(JS)(ARL), 2021 WL 3185581 (E.D.N.Y. July 28, 2021).

### S.  JURY INSTRUCTION NO. P-20 – *Emotional Distress Damages*

"Emotional Distress" is a broad term that includes many different types of things. Stress and anxiety are forms of emotional distress,[1] as are feelings of vulnerability, and distress over being taken advantage of or scammed.[2] "Emotional Distress" can also include personal humiliation and loss of reputation.[3] "Emotional Distress" can also include fear or worry about possible financial or reputational harms in the future.[4] Additional examples of "Emotional Distress" include shame, anger, and embarrassment.[5] While someone can experience "Emotional Distress" either with or without outer symptoms, the presence of outer symptoms – such as tearfulness, inability to sleep, weight loss, or exacerbation of already existing medical conditions – is relevant to the questions of whether the plaintiff suffered emotional distress and how severe the emotional distress was.[6] If you find that Ms. Francois suffered any of these or any other types of emotional distress and that those injuries were caused by any of the Defendants' violations of the Act, you must award her damages for emotional distress.

There is no fixed standard or measure for how much to compensate someone for these

---

[1] *Dukuray v. Experian Info. Sols.*, No. 23-CV-9043(AT)(GS), 2024 WL 3812259, at *10 (S.D.N.Y. July 26, 2024), *report and recommendation adopted*, No. 23-CV-9043(AT)(GS), 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024),

[2] *De Moura Castro by Hilario v. Loanpal, LLC*, No. 21-CV1020, 2024 WL 4100008, at *6 (D. Conn. Sept. 4, 2024)

[3] *Thorsen v. County of Nassau*, 722 F. Supp. 2d 277, 294 (E.D.N.Y. 2010) (citing *Henry v. Gross*, 803 F.2d 757, 768 (2d Cir. 1986)).

[4] *See Transunion LLC v. Ramirez*, 594 U.S. 413, 436, 141 S. Ct. 2190, 2211, 210 L. Ed. 2d 568, n.7 (2021).

[5] *Wentworth v. Metrodata Servs., Inc.*, No. 17-CV-594, 2021 WL 516283, at *9-10 (W.D.N.Y. Feb. 11, 2021).

[6] *See Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1304-05 (11th Cir. 2019); *Thorsen v. County of Nassau*, 722 F. Supp. 2d 277, 293 (E.D.N.Y. 2010); *De Moura Castro*, 2024 WL 4100008, at *6; *Wenning v. On-Site Manager, Inc.*, No. 14-CV-9693(PAE), 2016 WL 3538379, at *5 (S.D.N.Y. June 22, 2016).

types emotional distress. If you find that any of the Defendants violated the Act and that those violations caused any of these kinds of injuries to Plaintiff, it will be up to you to determine a fair and adequate award of monetary damages to compensate her using your judgment and experience in the affairs of the world, after considering all the facts and circumstances presented during the trial of this case. In making that decision, you may consider the severity of the emotional distress. It is not necessary for a plaintiff to state her emotional distress damages with a great deal of particularity; however, you may consider the level of detail of the evidence when deciding how much compensation is appropriate.[7]

### T.  JURY INSTRUCTION NO. P-21 Emotional distress damages.

In a Fair Credit Reporting Act case, a person may recover for emotional distress, anxiety, worry, aggravation and humiliation, etc. based on her or her own subjective testimony about her or her feelings.  She does not have to introduce medical or other expert testimony.[8]

### JURY INSTRUCTION NO. P-22. Actual damages.

If you find that any of the Defendants negligently violated the Act in any way, and that that violation proximately caused injury to plaintiff, then, next, you must decide how much compensation plaintiff should receive. Your duty is to determine the amount of money that reasonably, fairly, and adequately compensates the Plaintiff for the damages which you decide resulted from each Defendant's failure to comply.  If the evidence at trial warrants such a finding, you must award to Plaintiff compensation for emotional distress and/or invasion of

---

[7] *Thorsen v. County of Nassau*, 722 F. Supp. 2d 277, 291-95 (E.D.N.Y. 2010).
[8] *Id.*

14

privacy.

### U.  JURY INSTRUCTION NO. P-23 – *Continuing Damages*

If any element of damage is of a continuing nature, you shall decide how long it may continue and award plaintiff compensation for reasonably calculated future damages.

Source: *Bryant v. TWR, Inc.*, 487 F. Supp. 1234, 1237 n.7 (E.D. Mich. 1980).

### V.  JURY INSTRUCTION NO. P-24 – *No Credit Harm Required*

The denial of credit is not necessary in order for you to award actual or punitive damages under the Fair Credit Reporting Act. Similarly, it is not necessary that plaintiff paid out-of-pocket expenses in order for you to award damages.

Source: *Casella v. Equifax Credit Information Serv.*, 56 F.3d 469, 475 (2nd Cir. 1995); *Guimond v. Trans Union Credit Corporation*, 45 F.3d 1329, 1333 (9th Cir. 1995).

### W.  JURY INSTRUCTION NO. P-25 – *Punitive Damages*

If you decide that a Defendant willfully violated the Act, then you must decide whether to impose punitive damages on that Defendant. Punitive damages, which means damages over and above the actual damages suffered by the Plaintiff, may be awarded by you for the purpose of making an example of and punishing any of the Defendants for the wrong done, and to serve as an example to others not to engage in such conduct, also known as deterrence. In other words, punitive damages are awarded not to compensate the plaintiff for her injury, but rather, to punish reprehensive conduct and to deter its future occurrence by the Defendant and others. Whether to make an award of punitive damages, in addition to actual damages, is your decision.

Source: *Safeco Ins. Co. v. Burr*, 127 S.Ct. 2201, 2206 (2007); Cortez v. Trans Union, LLC, 617 F.3d 688, 718 (3d Cir. 2010); *Saunders v. Branch Banking & Trust Co*., 526 F.3d 142,

152 (4th Cir. 2008); *Northrop v. Hoffman of Simsbury, Inc.*, 12 F. App'x 44, 50 (2d Cir. 2001); *Wentworth v. Metrodata Svcs., Inc.*, No. 17-CV-594, 2021 WL 516283, at *10 (W.D.N.Y. Feb. 11, 2021).

### X.  JURY INTRUCTION NO. P-26 – *Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court*

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. In addition, we will send into the jury room all of the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided, either in transcript or read-back form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

Source: *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, S.D.N.Y. 15-cv-2741 (JSR), Docket No. 87 ("The Court's Instructions of Law to the Jury"), Instruction No. 8.

### Y.  JURY INSTRUCTION NO. P-27 – *Verdict; Need for Unanimity; Duty to*

16

*Consult*

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation: to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

This completes my instructions of law.

Source: *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, S.D.N.Y. 15-cv-2741 (JSR), Docket No. 87 ("The Court's Instructions of Law to the Jury"), Instruction No. 9.

## II.    CONCLUSION

Plaintiff proposes the adoption of the above referenced Jury Charge.

Dated: Brooklyn, New York

November 5, 2024

17

Respectfully submitted,
*/s/*
Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

18