**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**FARAH JEAN FRANCOIS,**

                                                                                      **Case No.: 1:22-cv-4447-JSR**

                           **Plaintiff,**

        -against-

**SPARTAN AUTO GROUP LLC d/b/a**
**VICTORY MITSUBISHI,**
**STAVROS ORSARIS,**
**YESSICA VALLEJO, and**
**DAVID PEREZ,**

                           **Defendants.**
-----------------------------------------------------------------------X

### DECLARATION OF AHMAD KESHAVARZ FOR ATTORNEY'S FEE AWARD

I, Ahmad Keshavarz, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1. My name is Ahmad Keshavarz. I am of sound mind and capable of giving this declaration.

2. The facts stated in the above referenced motion and in this declaration are within my personal knowledge and are true and correct. The opinions expressed in the above motion are my opinions.

**Billing Records**

3. I am familiar with the billing rates and practices of attorneys handling complex federal cases in the Southern District of New York because of my extensive litigation in the Southern and Eastern Districts of New York, as described further below.

1

4. Attached to this Declaration are the contemporaneously kept billing records reflecting my firm's services and billing in this litigation. They are a true and accurate representation of my firm's work on this case, and if called to testify I would state the same.

5. My current hourly rate is $550. These fees are customary in the Southern District of New York for an attorney of my experience, reputation, and ability, considering the nature of the controversy, the time limitations imposed, and the results obtained in this case.

6. I have represented Plaintiff in this case on a contingency basis.

7. My work on this case has precluded me from accepting other employment and from billing time on other existing cases.

8. I advanced the funds necessary to pay all costs necessary to prosecute this case. Those expenses were reasonable for the prosecution of this case. Those expenses, itemized in a separate exhibit with supporting invoices and receipts, are incorporated by reference.

**Education and Firm History**

9. In 1999 I received both my Juris Doctor degree from the University Of Texas School Of Law and my Master of Public Affairs from the Lyndon Baines Johnson School of Public Affairs at the University of Texas. In 1992 I received my Bachelor's Degree with Honors from the University of Wisconsin at Madison.

10. I am an attorney in good standing in the states of Texas and New York. I have been licensed as an attorney in Texas since November 1999 and in New York since July 2007.

11. I was a staff attorney at Legal Aid of Central Texas (2000), a non-profit providing legal services for the poor. Before that I was staff attorney at Advocacy, Inc. (1999 – 2000), a federally funded nonprofit organization that litigates on behalf of persons with disabilities.

12. In 2001 I opened The Law Office of Ahmad Keshavarz in Austin, TX. Since 2004 my practice has been devoted entirely to consumer protection litigation, primarily the enforcement of the Fair Debt Collection Practices Ac and other consumer protection statutes such as the Fair Credit Reporting Act.

13. In 2007 I moved my practice to Brooklyn, New York.

14. Emma Caterine began working at my law office on or about September 1, 2018, just after completing the bar exam. After her admission to the bar on March 27, 2019 she continued to work at the firm as an Associate. She became a Partner at the firm on January 2, 2020. She continued her work as a Partner until the end of July 2024 when she moved to Chicago, IL. We were a two-attorney firm during the time she worked here.

15. On October 28, 2024 my office hired Judy Miller as an Associate at the firm. Ms. Miller graduated Harvard Law School *cum laude* in May 2011. I knew Ms. Miller from her time as an Associate from 2013-2017 at the office of my longtime colleague Brian Bromberg of Bromberg Law Office, P.C., one of the lead private FDCPA attorneys in New York. During the time she worked in Mr. Bromberg's office, our two offices co-counseled cases and conferred on others. I also knew her because we both attended the National Consumer Law Center's annual conferences. Ms. Miller had the skill and experience to dive into the work at my firm. A more detailed description of Ms. Miller's experience is outlined in her own Declaration.

16. Consequently, based on my education, training and experience, it is my opinion that a reasonable hourly rate for Ms. Miller's time in this case is $375. These fees are customary in the Southern District of New York for a recent law school graduate with her level of experience, reputation, and ability, considering the nature of the controversy, the time limitations imposed, and the results obtained in this case.

17. From August, 2024 through October, 2024 Nicolette Moore worked at my firm. Ms. Moore graduated from the City University of New York School of Law in May 2024 with a GPA of 3.89. During law school she worked as a law clerk at Beldock Levine & Hoffman in New York. Prior to that she worked as the Peggy Browning Fellow for the summer of 2023 at the labor and employment law firm Gladstein Reif & Meginniss in New York. Ms. Moore did her undergraduate work at Georgetown University where she graduated with a GPA of 3.74.

18. Based on my education, training and experience, it is my opinion that a reasonable hourly rate for Ms. Moore's time in this case is $100. These fees are customary in the Southern District of New York for a recent law school graduate with her level of experience, reputation, and ability, considering the nature of the controversy, the time limitations imposed, and the results obtained in this case.

### Case filings by The Law Office of Ahmad Keshavarz

19. I regularly litigate in federal court in the SD NY and the ED NY.

20. I have brought over 150 consumer protection lawsuits in federal district courts, most of which were for violations of the Fair Debt Collection Practices Act. The balance of lawsuits were for violations of the Fair Credit Reporting Act; the Truth in Lending Act, various states' unfair and deceptive trade practices statutes, the Electronic Funds Transfer Act, and the Fair Credit Billing Act.

21. I have filed 54 in the Southern District of New York and 71 in the Eastern District of New York.

22. I have also brought suits in Texas state courts against automobile dealerships for violations of the Texas Unfair and Deceptive Trade Practices Act.

**Favorable court rulings obtained by The Law Office of Ahmad Keshavarz**

23. I have obtained the following favorable decisions with Emma Caterine, an Associate attorney and then a Partner at my firm:

   a. *Francois v. Victory Auto Grp. LLC*, No. 22-CV-04447 (JSR), 2024 WL 396171, (S.D.N.Y. Feb. 2, 2024)
   b. *Francois v. Victory Auto Grp., LLC,* 2023 WL 373250 (S.D.N.Y. Jan. 24, 2023);
   c. *Francois v. Victory Auto Grp., LLC,* 2023 WL 4534375 (S.D.N.Y. July 13, 2023);
   d. *Onfroy v. L. Offs. of Geoffrey T. Mott, P.C.*, No. 22-CV-02314(EK)(LB), 2024 WL 4350489, (E.D.N.Y. Sept. 30, 2024)
   e. *Texidor v. Tromberg, Morris, & Poulin, PLLC*, No. 21-CV-4845 (RPK)(LB), 2023 WL 8043067, (E.D.N.Y. Nov. 20, 2023)
   f. *Grant v. Geller,* 2023 WL 2697739 (E.D.N.Y. Mar. 29, 2023);
   g. *Villalba v. Houslanger & Assocs.,* PLLC, No. 19-CV-4270PKCRLM, 2022 WL 900538, (E.D.N.Y. Mar. 28, 2022).
   h. *Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, (E.D.N.Y. 2022).
   i. *Ghabra v. Palisades Collection, L.L.C.,* 2022 WL 17489969 (E.D.N.Y. Dec. 7, 2022);
   j. *Villalba v. Houslanger & Assocs., PLLC,* 2022 WL 900538 (E.D.N.Y. Mar. 28, 2022);
   k. *Grant v. Geller*, No. 20-CV-4406HGCLP, 2023 WL 2697739, (E.D.N.Y. Mar. 29, 2023)
   l. *Fritz v. LVNV Funding, LLC,* 2022 WL 610585 (E.D.N.Y. Feb. 28, 2022);
   m. *Galeas v. Houslanger & Assocs, PLLC*, No. 19-CV-4270 (PKC), 2021 WL 2843214, (E.D.N.Y. June 21, 2021)
   n. *Rivera v. Fin. Asset Mgmt. Sys., Inc.,* 2020 WL 5791175 (E.D.N.Y. Sept. 25, 2020).
   o. *Oglesby v. Alltran Fin. LP*, No. 19-CV-1834AMDCLP, 2020 WL 281338, (E.D.N.Y. Jan. 17, 2020).
   p. *Hunter v. Palisades Acquisition XVI, LLC*, No. 16 CIV. 8779 (ER), 2019 WL 310772, (S.D.N.Y. Jan. 23, 2019).

24. Prior to Ms. Caterine working at my firm, I obtained the following favorable consumer protection decisions:

*Polanco v. NCO Portfolio Mgmt., Inc.*, No. 11-CV-7177 (LJL), 2020 WL 13964565 (S.D.N.Y. Feb. 26, 2020)

*Molgora v. Sharinn & Lipshie, P.C.*, No. 17-CV-03766 (SN), 2018 WL 739581, (S.D.N.Y. Feb. 6, 2018)

*Morales v. Kavulich & Assocs., P.C.,* 294 F. Supp. 3d 193 (S.D.N.Y. 2018)

*Denoon v. Sokoloff, No.* 17 CIV. 7178, 2018 WL 1627290, (S.D.N.Y. Mar. 22, 2018)

*Guzman v. Mel S. Harris & Assocs., LLC*, No. 16 CIV-3499 (GBD), 2018 WL 1665252, (S.D.N.Y. Mar. 22, 2018)

*Hunter v. Palisades Acquisition XVI, LLC*, No. 16-CIV.-8779 (ER), 2017 WL 5513636, (S.D.N.Y. Nov. 16, 2017)

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 131 (2d Cir. 2017)

*Guzman v. Harris*, No. 16-CV-3499GBDRLE, 2017 WL 4386369, (S.D.N.Y. Sept. 29, 2017), *opinion adopted sub nom.* Guzman v. Mel S. Harris & Assocs., LLC, No. 16-CIV-3499 (GBD), 2018 WL 1665252 (S.D.N.Y. Mar. 22, 2018)

*Bueno v. LR Credit 18, LLC*, 269 F. Supp. 3d 16, (E.D.N.Y. 2017)

*Morales v. Kavulich & Assocs., P.C.*, No. 16-CV-2134ALCJLC, 2017 WL 2712948, (S.D.N.Y. June 15, 2017)

*Bueno v. LR Credit 18, LLC*, No. 16-CIV-4737WFKVMS, 2017 WL 2712885, (E.D.N.Y. June 6, 2017)

*Guzman v. Mel S. Harris & Assocs., LLC*, No. 16-CV-3499GBDRLE, 2017 WL 11567702, (S.D.N.Y. June 2, 2017)

*Guzman v. Mel S. Harris & Assocs., LLC*, No. 16-CV-3499GBDRLE, 2017 WL 2271523, (S.D.N.Y. May 4, 2017)

*Torres v. Toback, Bernstein & Reiss LLP*, No. 11-CV-1368 (VVP), 2017 WL 281878, (E.D.N.Y. Jan. 23, 2017)

*Prage v. Kavulich & Assocs., P.C.*, No. 16-CV-1627 (CBA), 2016 WL 10649281, (E.D.N.Y. Nov. 10, 2016)

*Prage v. Kavulich & Assocs., P.C.*, No. 16-CV-1627 (CBA), 2016 WL 5900194, (E.D.N.Y. Oct. 7, 2016)

*Alkhatib v. New York Motor Grp. LLC*, No. 13-CV-2337ARRSMG, 2016 WL 5660372, (E.D.N.Y. Sept. 30, 2016)

*Martinez v. Lvnv Funding, LLC*, No. 14-CV-00677RRMST, 2016 WL 5719718, (E.D.N.Y. Sept. 30, 2016)

*Gomez v. Inovision-Medclr Portfolio Grp.*, No. 13 CIV. 7395 (RWS), 2016 WL 5408174, (S.D.N.Y. Sept. 27, 2016)

*Samms v. Abrams*, 198 F. Supp. 3d 311 (S.D.N.Y. 2016)

*Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 163 F. Supp. 3d 109, 112 (S.D.N.Y. 2016)

*Gomez v. Resurgent Cap. Servs., LP*, No. 13-CIV-7395 RWS, 2015 WL 6674817, (S.D.N.Y. Oct. 30, 2015)

*Gomez v. Resurgent Cap. Servs., LP*, 129 F. Supp. 3d 147 (S.D.N.Y. 2015)

*Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567 (S.D.N.Y. 2015)

*Thomas v. Altschul*, No. 13-CIV-8320 RA, 2015 WL 5165334, (S.D.N.Y. Aug. 21, 2015)

*Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 112 F. Supp. 3d 160 (S.D.N.Y. 2015)

*Polanco v. NCO Portfolio Mgmt., Inc.,* 81 F. Supp. 3d 323 (S.D.N.Y. 2015)

*Gomez v. Resurgent Capital Servs., LP*, 129 F. Supp. 3d 147 (S.D.N.Y. 2015).

*Gomez v. Resurgent Capital Servs.*, LP, No. 13 CIV. 7395 RWS, 2015 WL 6674817, (S.D.N.Y. Oct. 30, 2015)

*Gomez v. Resurgent Capital Servs., LP*, No. 13 CIV. 7395 RWS, 2015 WL 6674817 (S.D.N.Y. Oct. 30, 2015)

*Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567 (S.D.N.Y. 2015).

*Polanco v. NCO Portfolio Mgmt., Inc.,* 81 F. Supp. 3d 323 (S.D.N.Y. 2015).

*Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363 (S.D.N.Y. 2014).

*Gomez v. Inovision-Medclr Portfolio Grp., LLC*, No. 13 CIV. 7395, 2014 WL 4243169, (S.D.N.Y. Aug. 22, 2014)

*Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363 (S.D.N.Y. 2014)

*Torres v. Toback, Bernstein & Reiss LLP*, No. 11-CV-1368 NGG VVP, 2014 WL 1330957, (E.D.N.Y. Mar. 31, 2014)

*Torres v. Toback, Bernstein & Reiss LLP*, No. CV-11-1368 NGG VVP, 2014 WL 988480, (E.D.N.Y. Mar. 14, 2014), *report and recommendation adopted in part, rejected in part,* No. 11-CV-1368 NGG VVP, 2014 WL 1330957 (E.D.N.Y. Mar. 31, 2014)

*Okyere v. Palisades Collection, LLC*, 300 F.R.D. 149 (S.D.N.Y. 2014)

*Cameron v. LR Credit 22, LLC*, 998 F. Supp. 2d 293 (S.D.N.Y. 2014)

*Khan v. Midland Funding LLC*, 956 F. Supp. 2d 515, 516 (S.D.N.Y. 2013)

*Kulig v. Midland Funding, LLC*, 13 CIV. 4715 PKC, 2013 WL 6017444 (S.D.N.Y. Nov. 13, 2013)

*Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163 (E.D.N.Y. 2013).

*Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522 (S.D.N.Y. 2013).

*Polanco v. NCO Portfolio Mgmt., Inc*., 930 F. Supp. 2d 547 (S.D.N.Y. 2013).

*Polanco v. NCO Portfolio Mgmt., Inc*., No. 11 CIV. 7177 DAB DF, 2013 WL 3733391 (S.D.N.Y. July 15, 2013).

*Polanco v. NCO Portfolio Mgmt., Inc*., No. 11 CIV. 7177 DAB, 2013 WL 3915522 (S.D.N.Y. July 30, 2013)

*Torres v. Toback, Bernstein & Reiss LLP*, 278 F.R.D. 321 (E.D.N.Y. 2012)

*Perez v. Tri State Auto Mall, Inc*., 2011 WL 2621323 (E.D.N.Y. June 29, 2011).

*Lippert v. Absolute Account Resolutions*, LLC, 2011 WL 935970 (W.D.Tex. March 15, 2011).

*Naranjo v. Universal Sur. of America,* 2009 WL 4667402 (S.D.Tex. December 01, 2009).

*Toomer v. Alliance Receivables Management, Inc*., 2010 WL 5071778 (W.D.Tex. December 09, 2010)

*Valdez v. Capital Management Services, LP*, 2010 WL 4643272 (S.D.Tex. November 16, 2010)

*Villarreal v. JP Morgan Chase Bank, Nat. Ass'n*, 720 F.Supp.2d 806 (S.D.Tex. July 06, 2010)

*Naranjo v. Universal Sur. of America,* 679 F.Supp.2d 787 (S.D.Tex. January 14, 2010).

*O'Connor v. Gemini Asset Recoveries, Inc.*, 2009 WL 5102790 (E.D.N.Y. December 15, 2009).

*Park v. Western Union Financial Services, Inc.*, 2009 WL 3486373 (Tex.App.-Austin October 30, 2009).

*Eads v. Wolpoff & Abramson, LLP*, 538 F.Supp.2d 981 (W.D.Tex. February 27, 2008).

25. I have been appointed as class counsel in *Torres v. Toback, Bernstein & Reiss LLP*, CV-11-1368 NGG VVP, *2014 WL 988480* (E.D.N.Y. Mar. 14, 2014) *report and recommendation adopted in part, rejected in part*, 11-CV-1368 NGG VVP, 2014 WL 1330957 (E.D.N.Y. Mar. 31, 2014) ("The second element is clearly met here, since the proposed class counsel is indisputably qualified, experienced, and able to conduct the litigation.")

### **Prior adjudications of Keshavarz reasonable hourly rate.**

26. I have had my hourly rate adjudicated in the past as follows:

    a. <u>2008 – 2009</u>. I was adjudicated a reasonable hourly rate of $275 per hour for work performed from 2008 through January, 2009. <u>Guerrero v. Hudson & Keyse</u>, LLC, Case 1:07-cv-00731-SS, (W.D. Tex.), DE 48 p. 9, ("Plaintiff is entitled to reasonable attorney's fees for thirty (30) hours at $ 275 an hour."), *vacated on other grounds by agreement*, [DE 54].

    b. <u>2009 – 2010</u>. I was awarded fees based on a submitted 2010 hourly rate of $300 and 2009 rate of $290 in *Toomer v. Alliance Receivables Management, Inc*., 2010 WL 5071778 * 6 (W.D.Tex. 2010) ("After considering the evidence and argument, the Arbitrator awards attorney's fees and costs in the amount of $45,000.00 for services and expenses to date.") (although the decision did not expressly state the hourly rate, Plaintiff requested $45,000 based on the above hourly rates).

    c. <u>2011</u>. In June, 2011 Chief Judge Carol Bagley Amon awarded me attorney's fees at a $350 hourly rate. *Perez v. Tri State Auto Mall, Inc.*, No. 10-CV-2389 CBA JO, 2011 WL 2621323, at *1 (E.D.N.Y. June 29, 2011).

    d. <u>2015</u>. *In re Arbitration Between Okyere & Houslanger & Associates, PLLC*, No. 1:12-CV-01463 JPO, 2015 WL 4366865, at *14 (S.D.N.Y. May 28, 2015)("Based upon the above and using the range of rates identified in [G.B. ex rel. N.B. v.] Tuxedo Union Free Sch. Dist., 894 F. Supp. 2d 415, 430 (S.D.N.Y. 2012)], I find the hourly rates of $350 for Mr. Keshavarz and $250 for Ms. Tallarico to be reasonable.")(Arbitration for attorney's fees when liability was established in

9

district court. *See Okyere I* and *Okyere II* above.) Note that the hourly rate was for work performed primarily from 2012-14.

e. <u>2016</u>. *Samms v. Abrams*, 198 F. Supp. 3d 311, 319 (S.D.N.Y. 2016) (J. Rakoff) ("the Court concludes that $400 is a reasonable hourly rate for plaintiff's counsel [Ahmad Keshavarz]"). Judge Rakoff ruled:

> Upon consideration of the Johnson factors and other case-specific variables, the Court concludes that $400 is a reasonable hourly rate for plaintiff's counsel. $400 per hour, and even $550 per hour, has been accepted as a reasonable rate for FDCPA work in this district. *See De La Paz v. Rubin & Rothman, LLC*, No. 11 Civ. 9625, 2013 WL 6184425 at *6 (S.D.N.Y. Nov. 25, 2013) (accepting rates of $550 and $400, although pointing out that they are "at the high end of rates awarded for FDCPA work"). Plaintiff's counsel has significant experience litigating FDCPA cases. *See* Declaration of Ahmad Keshavarz ¶¶ 11, 17, ECF No. 97. In addition, plaintiff's counsel has carried his "burden ... to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation" by submitting four affidavits from practitioners attesting to the reasonableness of his $400 rate. *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *see* Declaration of Ahmad Keshavarz Ex. G-J, ECF No. 97.
>
> ....
>
> The total lodestar amount after these adjustments is $172,640 (431.6 hours at $400 per hour). The Court concludes, however, that this lodestar amount should be reduced in light of the limited success ultimately obtained by the plaintiff… Accordingly, Samms's case was not a complete success, and the attorney's fees award should be reduced by 15% from the lodestar amount…. Applying this 15% reduction, the Court calculates a final award of $146,744 in attorney's fees.
>
> *Samms v. Abrams*, 198 F. Supp. 3d 311, 319 (S.D.N.Y. 2016) (J. Rakoff)

f. <u>2017</u>. *Torres v. Toback, Bernstein & Reiss LLP*, No. 11-CV-1368 (VVP), 2017 WL 281878, at * 2(E.D.N.Y. Jan. 23, 2017). The Court awarded Mr. Keshavarz the full $152,525 in fees sought and adjudicated his reasonable hourly rate in the Eastern District of New York at $400, the hourly rate sought. The Court stated:

> Taking the lodestar approach, the plaintiff's submission includes billing records for the attorneys who worked on the case which reflect $205,605 in attorneys' fees and $7,203.23 in expenses relating to their efforts. The attorneys' fees concern the work of three attorneys. The lion's share of the **fees relate to Ahmad Keshavarz, Esq., whose billings totaled $152,525**

10

> **at a rate of $400 per hour**. …. Although the hourly rates for Keshavarz and Bromberg are slightly higher than those ordinarily awarded in FDCPA cases in this district, their work in this case justifies the higher rates. The case presented issues not ordinarily encountered in such cases because the debts underlying the class action claims were incurred in connection with student loans regulated by federal law, and the settlement required counsel to obtain an agreement by a non-party to the reduction of the debts at issue. The time sheets submitted in support of the fees reflect reasonable expenditures of time. **Thus, the lodestar amount of $205,605 reflected in counsel's billing records, which exceeds the amount they seek by this motion, is a reasonable assessment of the value of their services** without even considering whether a multiplier based on the success they achieved would be appropriate.

*Torres v. Toback, Bernstein & Reiss LLP*, No. 11-CV-1368 (VVP), 2017 WL 281878, at *2 (E.D.N.Y. Jan. 23, 2017)

### CLE trainings by Ahmad Keshavarz and media coverage

27. I have orally presented and prepared written materials for the following consumer law conferences:.

    a. June 20, 2024, Fair Credit Reporting Act Rights for Identity Theft Victims, CLE presentation for Legal Services NYC and the Feerick Center for Social Justice.

    b. June 10, 2024, How New York's Exempt Income Protection Act Protects People and Their Bank Accounts from Debt Collectors, presentation with Susan Shin of New Economy Project, CLE presentation for Legal Services NYC and the Feerick Center for Social Justice.

    c. May 6, 2024 and October 2, 2024, Issue Spotting Potential Affirmative Claims Under the Fair Debt Collection Practices Act in Rent Nonpayment Proceedings, CLE presentation for Legal Services NYC.

    d. April 29, 2024, How the Fair Credit Reporting Act Can Supplement Your Tenant Rights Practice, CLE presentation for Legal Services NYC.

    e. October 26, 2023, The ABCs of the Fair Debt Collection Practices Act, CLE presentation at the 2023 Consumer Rights Litigation Conference, Chicago, IL

    f. November 11, 2022, Actual Damages in FDCPA Litigation, CLE presentation at the 2022 Consumer Rights Litigation Conference, Seattle, WA.

    g. May 19, 2021, A Litigator's Perspective on the CFPB COVID-19 Eviction Moratorium Rule, CLE presentation for 2021 Consumer Rights Litigation Conference.

    h. March 31, 2020, FDCPA Claims Arising from Landlord-Tenant Cases, CLE presentation for 2020 Consumer Rights Litigation Conference, Portland, OR.

      i. November 16, 2019, FDCPA Claims Arising from Post-Judgment Collections, presentation at the 2019 Consumer Rights Litigation Conference, Boston, MA.

      j. November 12, 2015, FDCPA Claims Arising from Wrongful Credit Reporting," CLE presentation at 2015 Consumer Rights Litigation Conference.

      k. 2013. FDCPA Claims Arising from Student Loan Debt Collection," CLE presentation in 2013 Consumer Rights Litigation Conference.

      l. August 4, 2012, How To Conduct Voir Dire in An Auto Fraud Case, presentation at the National Association of Consumer Advocates for the Bi-Annual Auto Fraud Conference, Clearwater, Florida.

      m. 2007 Speaker, Annual Bankruptcy Law Conference, UT Law School CLE. "Spotting FDCPA Violations in Your Bankruptcy Case Files."

28. Quoted in media reports.

      a. Quoted as consumer law expert in "In a Subprime Bubble for Used Cars, Borrowers Pay Sky-High Rates," Jessica Silver-Greenberg and Michael Corkery, New York Time, July 19, 2014, p. A1.

      b. Quoted as consumer law attorney in "Next Subprime Bubble to Burst: Auto Loans," Catherine Curan, The New York Post, February 7, 2015.

Dated: Brooklyn, New York
December 23, 2024

/s/
_____
Ahmad Keshavarz