**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X
**FARAH JEAN FRANCOIS,**

                                                            **Case No.: 1:22-cv-4447-JSR**

                                    **Plaintiff,**

            **-against-**

**SPARTAN AUTO GROUP LLC d/b/a**
**VICTORY MITSUBISHI,**
**STAVROS ORSARIS,**
**YESSICA VALLEJO, and**
**DAVID PEREZ,**
                                    **Defendants.**
-------------------------------------------------------------------X

### CERTIFICATION OF ANDREW M. MILZ

I, ANDREW M. MILZ, certify the following to be true and correct:

I am an adult individual and a member in good standing of the bars of the Commonwealth of Pennsylvania and State of New Jersey. I have been admitted *pro hac vice* counsel for the Plaintiff Farah Jean Francois in the above-captioned action. This Certification is submitted in support of Plaintiff's Motion for Attorney Fees and Costs.

**Biography**

1.      I am an attorney at the Flitter Milz, P.C. firm with Pennsylvania offices in suburban Philadelphia and Scranton, as well as offices in Cherry Hill, New Jersey and Rye Brook, New York.

2.      I am admitted to practice and a member in good standing before the courts of the Commonwealth of Pennsylvania (2008) and State of New Jersey (2008), the United States District Courts for the Eastern District of Pennsylvania (2008), Middle District of Pennsylvania (2012), Western District of Pennsylvania (2017), District of New Jersey (2008), and Central District of Illinois (2020), as well as the United States Court of Appeals for the Third Circuit

1

(2008).  Additionally, I have been admitted *pro hac vice* in consumer protection matters in numerous state and federal courts around the country, including: California, Connecticut, Delaware, Florida, Maryland, North Carolina, New York, Ohio, and Texas.

3.      I am a January 2008 graduate of Temple University School of Law, evening division.  While at Temple, I was awarded distinctions for brief writing and outstanding oral advocacy in Temple's Integrated Trial Advocacy Program (ITAP).  I was Executive Editor of the Temple Political and Civil Rights Law Review.

4.      I hold a Master of Arts degree in English Literature from the University of Scranton and a Bachelor of Arts in English, *cum laude*, from King's College.  I am a graduate of the Trial Lawyers College in Dubois, WY.

5.      I have been a member of the National Association of Consumer Advocates ("NACA") since 2008, having co-chaired and regularly presented at the organization's annual conferences.

6.      My peers have recognized me as a Super Lawyer and Rising Star consistently for the past eleven years, from 2014-present.

7.      On June 1, 2022, Community Legal Services of Philadelphia honored my firm and me at its annual Breakfast of Champions, presenting the firm with an Equal Justice Award, recognizing our excellence in consumer protection law and the assistance we have given to low-income Philadelphians and consumers across Pennsylvania.

**Publications**

8.      I am one of the contributing authors of the leading and comprehensive treatises published by National Consumer Law Center and used by judges and advocates nationally, including the leading treatise in the field of consumer repossessions, CAROLYN CARTER,

ANDREW M. MILZ, ET. AL, REPOSSESSIONS, National Consumer Law Center (10th ed. 2021). I have also contributed to ROBERT HOBBS, ET. AL, CONSUMER LAW PLEADINGS, National Consumer Law Center (19th ed., 2013) (Federal Odometer Act, consumer arbitration agreements) and JONATHAN SHELDON, ET. AL, FEDERAL DECEPTION LAW, National Consumer Law Center (2d ed., 2016, companion website 2017) (Telephone Consumer Protection Act). I am a contributing author to CAROLYN CARTER, ET.AL, PENNSYLVANIA CONSUMER LAW, Geo. Bisel Pub. Co. (2002 ed., 2023 Supplement), for which I am lead author and edit the chapter "Odometer Fraud" and co-author chapters "Repossessions" and "Attorney Fees in Consumer Litigation."

9.      I am the author of *Civil Jury Trial Preparation Checklist for United States District Court*, PBI No. 2024-12099, Pennsylvania Bar Institute (2024) and co-author of *Coverage, Consumer Rights and Remedies Under the Fair Debt Collection Practices Act*, PBI No. 2016-9436, Pennsylvania Bar Institute (2016); and *Basics of the Fair Credit Reporting Act*, PBI No. 2014-8241, Pennsylvania Bar Institute (2014). I am the author of *But Names Will Never Hurt Me?*, 16 Temp. Pol. & Civ. Rts. L. Rev. 283 (2006). My article, *Guiding the Jury on an Unlikely Road to Justice*, was published in The Warrior, Magazine of the Trial Lawyers College (Winter 2021 ed.).

10.      I have been published or quoted on consumer issues in local and national legal publications, including The Legal Intelligencer, New Jersey Law Journal, and Law360. I have been interviewed for stories by the Philadelphia Inquirer, ABC News, and NPR. Recent appearances in mainstream publications include Salon, "*A Major Player in Solar Energy Leaves Some Customers Seething,*" May 9, 2020, https://www.salon.com/2020/05/09/a-major-player-in-solar-energy-leaves-some-customers-seething_partner/), Consumer Reports, "*Why the Pandemic May Be Hurting Your Credit Score,*" Feb. 3, 2021, https://www.consumerreports.org/credit-

scores-reports/why-the-pandemic-may-be-hurting-your-credit-score/; Bankrate, "*How to Dispute a Credit Card Charge,*" Apr. 9, 2021, https://www.bankrate.com/finance/credit-cards/disputing-a-credit-card-purchase/); Kiplinger's, "*Repo Risk: Beware Illegal Car Repossessions,*" June 13, 2022, https://www.kiplinger.com/personal-finance/shopping/cars/604793/repo-risk-beware-illegal-car-repossessions; TIME, "*How Solar Sales Bros Threaten the Green Energy Transition,*" Nov. 21, 2023, https://time.com/6337766/solar-sales-bros-door-to-door/; TIME, "*The Rooftop Solar Industry Could Be on the Verge of Collapse,*" January 25, 2024, https://time.com/6565415/rooftop-solar-industry-collapse/; CNET, "*Don't Get Scammed on Solar Panels: 4 Financial Red Flags,*" Mar. 12, 2024, https://www.cnet.com/home/energy-and-utilities/dont-get-scammed-on-solar-panels-4-financial-red-flags/; NPR News, "*Rooftop Solar has a Fraud Problem. The industry is Working to Build Back Trust,*" Aug. 14, 2024, https://www.npr.org/2024/08/14/1244330369/solar-rooftop-panels-environment-fraud-deception.; and AARP Bulletin, *Fraud Watch: Beware of Clean Energy Scams*, Sept. 2024 (Vol. 65, No. 7) https://www.aarp.org/publications/bulletins/aarp-bulletin-september-2024/ .

**Faculty Appointments, Recent Lectures and Presentations**

11.     I am Adjunct Professor of Law at Temple University Beasley School of Law where I teach a course in Consumer Law and Litigation (LAW 0524) which focuses on state and federal substantive statutes, complex commercial litigation in the federal courts, and class action practice.

12.     In 2024, I was co-chair and moderator of PBI's *Symposium on Practice in the Federal Courts* at Temple University Beasley School of Law on September 11, 2024; presented *Winning Repossession Cases UCC Claims, FDCPA Claims, and Trial Strategy* at the NCLC's Consumer Rights Litigation Conference in Orlando, FL on October 26, 2024; *Dark Side of*

*Solar: Solar Fraud in New Jersey* at Legal Services of New Jersey's 2024 Consumer Law Training in Edison, NJ on October 16, 2024; *How to Choose Consumer Law Specialties* as a NACA webinar on April 18, 2024; *Expand Your Practice with Consumer Law* at the Montgomery Bar Association on April 17, 2024; *Solar Fraud Case Outcomes* at the NCLC/ NACA Spring Training Conference in Atlanta, GA on April 12, 2024; *Selected Topics in Consumer Protection Law* as a New Jersey Institute for Continuing Legal Education (NJICLE) webinar on March 26, 2024; *Consumer Protection Law and Litigation 2024* at the bar associations for Centre County, PA on March 21, 2024 and Cumberland County, PA on April 5, 2024; *Solar Sales Fraud: Coming to a Pennsylvania Doorstep Near You* at North Penn Legal Services in Pittston, PA on March 20, 2024.

13.     In 2023, I presented *Home Energy Programs: Solar & Door-to-Door Frauds (Including E-Sign), Part 2* at the National Consumer Law Center's annual Consumer Rights Litigation Conference in Chicago, IL on October 27, 2023; *The State of Solar Fraud in New Jersey*, at Legal Services of New Jersey's 2023 Basic Consumer Law Training on March 21, 2023 (virtual webinar); *Consumer Law and Litigation 2023* at the bar associations for Lancaster, Lehigh, Luzerne, and Lycoming PA counties on April 13-14, 21, and August 14, 2023; *Military Consumer Justice 2023* to JAGs at the legal assistance offices at U.S. Military Joint Base McGuire-Dix-Lakehurst in Wrightstown, NJ on May 4, 2023 and at Dover Air Force Base in Dover, DE on June 2, 2023.

14.     In 2022, I presented *Solar Fraud and Other Home Improvement Scams* at the National Consumer Law Center's annual Consumer Rights Litigation Conference in Seattle, WA on November 11, 2022; *Solar Fraud: Tricks and Traps* for the National Association of Consumer Advocates on Oct. 12, 2022 (virtual webinar); I moderated the roundtable presentation

*Identity Theft Case Examination* on May 11, 2022 and presented *Handling Cases Post-Judgment: Tips and Strategies for an Effective Outcome* at the National Association of Consumer Advocates' Spring Training Conference in Phoenix, AZ on May 12, 2022; *Effective Use of Discovery in FDCPA Cases* at the National Consumer Law Center's FDCPA Conference in Orlando, FL on April 26, 2022; *Complying with the Fair Debt Collection Practices Act (FDCPA)* for the New Jersey Institute for Continuing Legal Education (NJICLE) on April 19, 2022 via virtual webinar.

15.     During the pandemic, presentations were virtual.  In 2021, I was Co-Chairperson of the National Association of Consumer Advocates (NACA) "Spring Training" Conference, which was held virtually.  At that conference, I presented *Best Practices in Auto Trials and Arbitration* on April 13, 2021.  In 2020, I presented *The Dark Side of Solar: Fraud, PACE and Home Improvement Loan Scams* at the National Consumer Law Center's annual Consumer Rights Litigation Conference (virtual webinar) on November 9, 2020; and *Damages in Fair Credit Reporting Act Cases* for the National Association of Consumer Advocates' Spring Training on May 15, 2020 (virtual webinar).

16.     In 2019, I gave two presentations at the National Consumer Law Center's annual conference in Boston, MA on November 14-17, 2019: *Effective Use of the TCPA for Individual Cases Challenging Debt Collection Harassment* and *Repossessions: FDCPA Claims, Breach of the Peace, and Big Verdicts*; participated in the *CFPB Community Roundtable on the FDCPA* with Director Kathy Kraninger in Philadelphia, PA on May 6, 2019; co-moderated *Trial Skills Workshop*, at the National Association of Consumer Advocates Fair Credit Reporting Act Conference in Long Beach, CA on May 1-2, 2019; presented *Repossession Law Developments 2019: SCOTUS Weighs-in, Breach of the Peace, and Big Verdicts* at the annual meeting of the

National Association of Consumer Advocates, Pennsylvania Chapter, in Philadelphia on April 5, 2019.

17.    In 2018, I presented *Military Consumer Justice Project 2018* to JAGs at the legal assistance offices at U.S. Military Joint Base McGuire-Dix-Lakehurst in Wrightstown, NJ on November 15, 2018 and at Dover Air Force Base in Dover, DE on November 16, 2018; and *Abusive Attorney Collection Practices* and *FDCPA Defensive Strategies (Part 1)* at the National Consumer Law Center's Fair Debt Collection Practices Conference on March 19-20, 2018 in Chicago, IL.

**Litigation Experience**

18.    At the Flitter Milz firm, I primarily practice in the area of consumer protection law. I represent consumers individually and in class actions.

Consumer Law Trials. I have represented plaintiffs in over two dozen consumer protection trials. I was lead counsel in the first and only mass-action case ever tried under New Jersey's Real Estate Timeshare Act ("RETA"), which, after a three-week jury trial, resulted in a unanimous verdict voiding exculpatory contract waivers, cancelling all eleven timeshare transactions at issue in the case, and awarding actual and enhanced damages of $1.07 million to my consumer clients, *Palmer v. Flagship Resort Development Corp.*, ATL-L-1515-19 (N.J. Super. Ct. Law Div. Atlantic Co., jury verdict dated Sept. 30, 2022) (Bergman, J.S.C.).

I also tried the following federal jury trials: *Cappuccio v. Prime Capital Funding*, U.S.D.C. E.D. Pa. No. 07-cv-04627 (Sánchez, J.) (Truth in Lending Act, Equal Credit Opportunity Act, Pennsylvania's Unfair Trade Practices and Consumer Protection Law; punitive damage verdict); *Wise v. Americredit Fin. Servs., Inc.*, U.S.D.C. E.D. Pa. No. 09-cv-00102 (Robreno, J.) (Fair Credit Reporting Act, Pennsylvania's Uniform Commercial Code, Fair Credit

Extension Uniformity Act); *Singleton v. Universal Credit Services, et. al*, U.S.D.C. E.D. Pa. No. 14-cv-06380 (Pappert, J.) (Fair Credit Reporting Act); *Hyman v. Devlin*, U.S.D.C. W.D. Pa. No. 18-0089 (Gibson, J.) (civil rights law in the context of a vehicle repossession; punitive damage verdict); *Davis v. Spicer, et. al,* U.S.D.C. Dist. Del. No. 21-CV-874 (Fallon, M.J.) (civil rights in context of vehicle repossession); *Farrington v. Freedom Mortgage Corp.*, U.S.D.C. D.N.J. No. 20-CV-4432 (Williams, J.) (New Jersey's Consumer Fraud Act, federal Real Estate Settlement Procedures Act, bad faith mortgage servicing; enhanced verdict for consumer of $3.522 million, later remitted).

In addition, I have tried four federal bench trials to verdict (FDCPA, FCRA, Pennsylvania's UCC, UTPCPL), seven E.D. Pa. Loc. R. 53.2 federal court arbitrations on matters arising under consumer protection statutes (*e.g.*, Truth in Lending, Fair Credit, Fair Debt, Electronic Funds Transfers Act, Pennsylvania's UCC, UTPCPL), at least eleven state court bench trials (nine defending consumer debtors in collection cases, one auto fraud case, and one defending propriety of class settlement distributions (*Coates v. Settlement Administrator*, Del. Co. 2012)), numerous state court and private arbitrations, two preliminary injunction hearings (one state, one federal), three *Daubert* hearings, multiple class certification hearings, miscellaneous evidentiary and discovery hearings, and successfully tried the evidentiary hearing in what the Chief Judge for the U.S. Bankruptcy Court for the Eastern District of Pennsylvania called "one of the most egregious instances of a bad faith filing that the Court has been witness to in over 17 years." *In re Hansen*, No. 11-10472-SR (Bkrtcy. E.D. Pa. bench ruling dated June 7, 2011) (Raslavage, C.J.) (unraveling sophisticated accounting scam to recover $1 million in stolen insurance proceeds).

19.    <u>Consumer Law Appeals</u>.    I have been counsel or co-counsel of record in numerous appeals involving novel and important consumer law issues, including:

a.   *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180 (3rd Cir. 2011) (Truth in Lending Act);

b.   *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3rd Cir. 2011), *cert. den.* 565 U.S. 1185 (2012) (Fair Debt Collection Practices Act);

c.   *Jackson v. Midland Funding, LLC*, 468 Fed. Appx. 123 (3d Cir. 2012) (Fair Debt Collection Practices Act);

d.   *Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F. 3d 406 (3d Cir. 2013) *cert. den.* 572 U.S. 1114 (2014) (ERISA, class action);

e.   *Gager v. Dell Fin. Servs.*, 727 F. 3d 265 (3d Cir. 2013) (Telephone Consumer Protection Act);

f.   *Cubler v. Trumark Fin. Credit Union,* 83 A.3d 235 (Pa. Super. Ct. 2013) (Article 9 of Pennsylvania's UCC, class action);

g.   *Douglass v. Convergent Outsourcing,* 765 F.3d 299 (3d Cir. 2014) (Fair Debt Collection Practices Act, class action);

h.   *Rodriguez v. Fulton Bank, N.A.,* 108 A.3d 100 (Pa. Super. Ct. 2014) (table), *alloc. den.* 112 A.3d 654 (Pa. Mar. 11, 2015) (table) (forced arbitration, class action);

i.   *Grimes v. Enterprise Leasing Co. of Phila. LLC,* 105 A.3d 1188 (Pa. 2014) (amicus counsel, PA Unfair Trade Practices and Consumer Protection Law);

j.   *Daniels v. Hollister Co.,* 113 A.3d 796 (N.J. App. Div. 2015) (affirmance of trial court's class certification in consumer gift-card case);

k.   *Bock v. Pressler & Pressler, LLP*, 658 Fed. Appx. 63 (3d Cir. 2016) (Fair Debt Collection Practices Act, constitutional standing), *judgment re-entered upon remand at* 254 F. Supp. 3d 724 (D.N.J. 2017);

l.   *Schultz v. Midland Credit Management,* 950 F. 3d 159 (3d Cir. 2018) (Fair Debt Collection Practices Act, class action);

m.   *Goffe v. Foulke Mgmt.,* 208 A.3d 859 (N.J. 2019) (amicus counsel, forced arbitration);

n.   *Hyman v. Devlin,* 826 Fed. Appx. 244 (3d Cir. 2020) (Section 1983 of Civil Rights Act in context of vehicle repossession);

o.   *Knight v. Vivint Solar,* 243 A.3d 956 (N.J. App. Div. 2020) (forced arbitration); *cert. den.* 246 N.J. 222 (N.J. 2021);

p.   *Zentner v. Brenner Car Credit*, 273 A.3d 1033 (Pa. Super. Ct. Feb. 8, 2022) (table) (class action; forced arbitration);

q.   *Ingram v. Experian*, 83 F.4th 231 (3d Cir. 2023) (Fair Credit Reporting Act);

r. *Dwyer v. Ameriprise Fin., Inc.*, 313 A.3d 969 (Pa. 2024) (amicus counsel, PA Unfair Trade Practices and Consumer Protection Law); and

s. *AstraZeneca Pharmaceuticals LP, et al v. Secretary U.S. Dept. of Health and Human Servs., et al.*, Nos. 24-1819, 24-1820, 24-1821 (3d Cir. pending) (amicus counsel, Inflation Reduction Act drug pricing).

20. <u>Certified Class Counsel in Consumer Cases</u>. In my time at the Flitter Milz firm, I have been co-counsel of record in over two dozen consumer class actions, certified on contest (over the objection of defendants), and named as class counsel in the following recent matters:

a. *Nelson v. Bank of America, N.A.*, U.S.D.C. E.D. Pa. No. 23-cv-00255-JS (preliminary approval of class settlement dated Oct. 4, 2024) ("Flitter Milz PC, including Cary L. Flitter, Andrew M. Milz, and Jody Thomas López-Jacobs, has extensive experience and expertise in prosecuting auto repossession consumer class actions.");

b. *Lantych v. Flagship Resort Dev.*, N.J. Sup. Ct. Law Div. Atlantic County: No. ATL-L-000744-23 (Order and Opinion granting class certification on contest dated July 23, 2024) ("[Flitter Milz, PC] possess considerable experience in the litigation of class action lawsuits.");

c. *Dashiell v. Best Buy Imports Inc.*, Phila. Co. Pa. CCP No. 2205-00968 (Order and Opinion granting class certification on contest, dated June 6, 2024) ("[Flitter Milz] attorneys [are] well-qualified in the field and specializing in claims on behalf of consumers.");

d. *Atterbury v. Earn Company et al.*, Phila. Co. Pa. CCP, Term 2021 No. 00637 (Order and Opinion granting Class Certification on contest in Credit Repair Organizations Act case, dated April 18, 2023);

c. *Norman v. TransUnion, LLC,* 479 F. Supp. 3d 98 (E.D. Pa. 2020), *appeal den.* 2020 WL 6393900 (3d Cir. Sept. 15, 2020) (class certification granted on contest) ("Norman's counsel has abundant experience litigating FCRA class actions");

d. *Schultz v. Midland Credit Management, Inc.,* 2020 WL 3026531 (D.N.J. June 5, 2020) (class certification granted on contest) (counsel "collectively have decades of experience litigating consumer class actions, including many brought under the FDCPA"); and

e. *Huffman v. Prudential Ins. Co. of Am.,* 2018 WL 583046 (E.D. Pa. Jan. 29, 2018) (on contest, holding "class counsel 'possess the expertise to litigate this matter effectively, as evidenced by the quality, timeliness and professional nature of their work'").

**Hourly Rate**

21.         My hourly rate for 2024 is $595.  This rate represents a 6% increase from my 2023 rate.  This represents a fair, reasonable market rate for an attorney of my experience and credentials and the rate the firm typically charges and receives for my services.  This rate was approved in the District of Connecticut by U.S. Magistrate Judge Robert M. Spector in the Fair Credit Reporting Act (FCRA) case *de Moura Castro v. Loanpal, et al.*, No. 3:21-CV-01020-RMS (D. Conn. Oct. 16, 2024) (ECF 155, Order granting Motion for Attorney Fees).   My 2024 rate of $595.00 fits comfortably in the range of fees for an attorney of my experience and expertise ($535-$625) set forth in the fee schedule published by Community Legal Services of Philadelphia ("CLS"): https://clsphila.org/about-community-legal-services/attorney-fees/.[1]

22.         My hourly rate for 2023 was $555.00. This rate represented a 6% increase from my 2022 rate.  This rate was approved by U.S. District Judge Karen M. Williams in the Real Estate Settlement Procedures Act (RESPA) and New Jersey Consumer Fraud Act case *Farrington v. Freedom Mortgage, Inc.*, No. 20-04432-KMW-AMD, 2024 WL 4285505 (D.N.J. Sept. 25, 2024) (fees approved on contest, 40% contingency multiplier awarded).

23.         My hourly rate for 2022 was $520.00.  I was awarded $500.00/hour in the Superior Court of New Jersey, Atlantic County, in the case *Palmer et al. v. Flagship Resort Development Corp.*, ATL-L-001515-19 (modified award, on contest, dated April 17, 2023).

24.         My hourly rate for 2021 was $490.00.  This rate was approved by U.S. District Judge Harvey Bartle III in the Fair Credit Reporting Act case *Hutchins v. Mountain Run*

---

[1]         The Third Circuit has long held that the fee schedule published by Community Legal Services of Philadelphia ("CLS") is a useful benchmark for determining a reasonable rate. *Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001).

*Solutions & Experian*, No. 20-cv-05853-HB (E.D. Pa. Jan. 3, 2022) (ECF 25, order on attorney fees and costs).[2]

25.        My hourly rate for 2020 was $465.00.  This rate represented about a 5.6% increase from my 2019 rate.  I did not have the occasion to submit my 2020 rate to any court for approval.

26.        My hourly rate for 2019 of $440.00 was approved in the rural Johnstown vicinage of the Western District of Pennsylvania by Senior U.S. District Judge Kim R. Gibson in *Hyman v. Devlin*, 2019 WL 2271113 (W.D. Pa. May 28, 2019) (granting fee petition in its entirety on contest, holding "the Eastern District of Pennsylvania rates for Hyman's attorneys are reasonable given the specialized nature of this case"); by Senior U.S. District Judge Jan E. DuBois in *Sharpe v. Midland Funding,* U.S.D.C. E.D. Pa. No. 16-cv-06256-JD (final approval of class settlement dated Oct. 15, 2019); and was submitted to and utilized by U.S. District Judge Joseph F. Leeson in granting final approval to the class settlement and fee award in the ERISA class action *Huffman v. Prudential*, U.S.D.C. E.D. Pa. Doc. No. 10-CV-5135 (Final Approval Order docketed April 15, 2019).

27.        My hourly rate for 2018 was $405.00.  This rate was approved by U.S. District Judge Timothy J. Savage in the class action matter *McCalvin v. Condor Holdco Securitization Tr.,* 2018 WL 5816779 (E.D. Pa. Nov. 6, 2018) ("Given the nature of the services provided, Class Counsel's experience in consumer class action cases and the rates of other lawyers in the community with similar skills and experience, Class Counsel's hourly rate is reasonable.").

---

[2]        While the *Hutchins* opinion was issued in 2022, the plaintiff's motion for an attorney fee award was filed in December 2021, so the Court utilized 2021 rates. *See Lanni v. New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001) (the "current market rate … is the rate at the time of the fee petition.").

28.         My rate for 2017 was $375.00 per hour.  This rate was approved by U.S. District Judge Noel Hillman in an FDCPA and TCPA matter *Frischberg v. Global Service Group, LLC*, 2018 WL 3472626 (D.N.J. July 18, 2018); and utilized by Judge Craig Wellerson, JSC in granting final approval to the class settlement and fee award in *Daniels v. Hollister Corp.*, N.J. Super. Ct. Ocean Co. No. OCN-L-2310-12 (final approval dated Mar. 3, 2017).

29.         My 2016 rate of $345.00 was approved by Senior U.S. District Judge Eduardo C. Robreno in the Fair Debt Collection Practices Act class action *Good v. Nationwide Credit, Inc.*, 314 F.R.D. 141 (E.D. Pa. 2016) (final approval of class settlement).  This rate was also utilized by U.S. District Judge Malachy E. Mannion in granting final approval to the class settlement and fee award in the repossession notice class action *Brennan v. Community Bank, N.A.*, U.S.D.C. M.D. Pa. Doc. No. 13-CV-02939 (Final Approval Order docketed Mar. 31, 2016).

30.         My 2015 rate of $325 per hour was approved by U.S. District Judge A. Richard Caputo in the Fair Debt class action *Richards v. Client Servs. Inc.*, 2015 WL 5836274 (M.D. Pa. Oct. 5, 2015); by U.S. District Judge Juan R. Sánchez in the FDCPA class action *Vidra-Miller v. Midland Credit Management*, U.S.D.C. E.D. Pa. Doc. No. 13-CV-01847 (Final Judgment and Order of Dismissal dated Sept. 23, 2015); by U.S. District Judge Stewart Dalzell in awarding discovery sanctions in *Johns v. Ability Recovery Services, LLC,* No. 14-CV-7206 (sanctions order dated July 20, 2015); by U.S. District Judge Joel H. Slomsky in the FDCPA class action *Douglass v. Convergent Outsourcing*, U.S.D.C. E.D. Pa. Doc. No. 12-1524 (Final Judgment and Order of Dismissal dated June 12, 2015); and by U.S. District Judge John R. Padova in *Chiappinelli v. AFM Fin. Servs., LLC,* U.S.D.C. E.D. Pa. Doc. No. 14-CV-6707 (Order granting default judgment dated May 19, 2015).

**Litigation of the Instant Case**

31.    I am a trial lawyer specializing in consumer protection and consumer privacy. In the past five years, I have obtained more than a dozen six and seven figure verdicts, judgments, and settlements for my consumer clients, including matters alleging impermissible credit pulls in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681.

32.    On October 21, 2024, I was approached by Ahmad Keshavarz about acting as his co-counsel in this case. I understood from Ahmad that the matter was set to go to a jury trial on November 12, 2024, settlement negotiations had been fruitless to that point, and that the only actual damages the Plaintiff Ms. Francois would claim during trial would be for mental and emotional distress damages. That day, I reviewed this Court's opinions on summary judgment and reconsideration. I discussed the case with my law partner, Cary Flitter, and arranged to meet with Ahmad to further evaluate the case while all three of us were at the National Consumer Law Center's annual Consumer Rights Litigation Conference in Orlando, FL.

33.    On October 25, 2024 we met in person in Orlando to discuss the case's strengths and weaknesses. Ahmad introduced me to Ms. Francois via Zoom, whom I interviewed at length, evaluating her presentation as a witness. I found Ms. Francois to be a lovely person, an innocent victim, and a good historian of the facts of the dispute. The next day, October 26, 2024, Cary and I met again with Ahmad, agreed to help with the case, and began planning entry of our appearances and creating a winning trial strategy. I immediately began preparing for trial the next day, October 27, 2024, starting the review of depositions transcripts on the flight home from Orlando.

34.    Jumping into a case as lead trial counsel approximately two weeks before trial required me to clear my desk of the rest of my case load and focus almost exclusively on this

case.  My firm keeps detailed time records in a software program called PC Law, and we record our entries contemporaneously with the actions we take on a case.  My firm's timesheets are attached as Exhibit A hereto.  I am listed as "AMM" on the timesheets.  My time records from October 27 through November 7 reflect that I immersed myself in the exhibits, deposition transcripts, and legal briefing in the case to date.  We needed to file my pro hac vice application as soon as possible, which required rush certificates of good standing from PA and NJ, the former requiring a trip by one of my firm's associates to the PA Supreme Court to obtain the certificate in person.  Understandably, I had lots of questions about specific facts, and so Ahmad and I spent a lot of time on strategy phone calls and emails.  I assisted Ahmad with preparing some of our Plaintiff witnesses by Zoom and arranging for their attendance at trial.  I drafted motions *in limine*, and began to compile my trial outline, direct and cross-examinations, strategy for getting our exhibits entered into evidence, and a draft closing argument.

35.      I was also involved in settlement negotiations with the independent mediator, Mr. Radvany.  On Saturday, November 2, 2024, it was suggested that I inject myself into the settlement discussions by personally sending Ms. Francois' final demand for resolving the case and including a list of my recent awards in similar recent consumer trials.  Our demand expired at 5:00pm on Monday, November 4th.  At 4:39 pm on that Monday, we received a counteroffer from Defense counsel.  We decided to continue negotiating.  At the same time, with trial only days away, we needed to continue preparing for trial until a final settlement had been reached.  That process took an additional two days, with the parties ultimately agreeing to settle via a consent judgment and (if necessary) a fee petition to the Court.

36.      I believe that the settlement reached here is an outstanding result.  In light of Second Circuit authority arguably capping so called "garden-variety" emotional distress damages

at $125,000, the $120,000 obtained by Ms. Francois is very near the maximum recovery for the claims that would be going to the jury. While a punitive damage award was certainly possible in this case, such awards are rare and often subject to remittitur. The fact that Ms. Francois has by court order prevailed in a "successful action" under the FCRA allows her to apply for her counsel fees and costs in this hard-fought case. This degree of success, and the amount of hard work having gone into the prosecution of this case all the way to the edge of trial, in my opinion militates for a full award of attorney fees and costs.

37.    **Lodestar.**  My firm's fees and costs sought by Plaintiff in her motion are reasonable and were necessarily incurred in the prosecution of this case. All of my firm's time is recorded in Exhibit A hereto. Below is a table of each Flitter Milz timekeeper and their lodestars for the case:

## FLITTER MILZ, PC LODESTAR

| Timekeeper | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Cary L. Flitter (CLF)[3] | 8.3 | $905 | $7,511.50 |
| Andrew M. Milz (AMM) | 65.1 | $595 | $38,734.50 |
| Jody T. Lopez-Jacobs (JLJ) | 5.3 | $390 | $2,067.00 |
| Edward Flitter (EF) | 1.3 | $305 | $396.50 |
| Paralegal – Joan Raughley (JMR) | 2.3 | $235 | $540.50 |
| Total Billed Professional Time | 82.30 | *** | $49,250.00 |
| **TOTAL LODESTAR** | $49,250.00 | | |

---

[3]    The initials of the law firm professional billing time carry over to the timesheets where the timekeeper is identified by his or her initials.

38.          Where possible, I delegated certain tasks to my associate attorney, Jody López-Jacobs ("JLJ" on the timesheets) or my paralegal and Joan Raughley ("JMR").  Jody is a former federal law clerk to the Hon. Mark A. Kearney in EDPA and sets forth his experience in his certification filed herewith, which amply supports his $390 per hour rate.  Joan has over 35 years' experience as a paralegal. The paralegal rates we charge for her services falls below the range of approval ($245-285) for experienced paralegals set forth in the CLS fee survey. (See https://clsphila.org/about-community-legal-services/attorney-fees/ ). A miniscule amount of time (1.3 hours at a lodestar of $396.50) was spent by our new associate Edward Flitter, a May 2020 *cum laude* graduate of Widener Law and himself a former law clerk to Hon. Pamela Carlos in the EDPA; Ed's experience supports his $305.00 hourly rate.  These rates, and the time spent were reasonable and necessary.

39.          **Discretionary reductions.** In the interest of billing judgment, I have made certain discretionary reductions to my firm's lodestar.  While senior partner Cary Flitter's contributions and insights were necessary and invaluable to the prosecution of the case, we are not seeking his time (8.3 hours for lodestar of $7,511.50) in this motion.[4] After this discretionary reduction, my firm's total lodestar is reflected below:

| | |
|---|---|
| **TOTAL LODESTAR** (reflecting discretionary reduction) | $41,738.50 |

---

[4]        As set forth in Exhibit A hereto, our firm also incurred $170.66 in out-of-pocket costs, which we will not be seeking here.

40.     Pursuant to 28 U. S. C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.


Date:   12/2/24          /s/ Andrew M. Milz
                         ANDREW M. MILZ

# EXHIBIT A

November 20, 2024

Farah Francois
145 W. 111 Street
Apt. 8
New York, NY 10026

Attention:

File #:        8145.001
Inv #:         Sample

RE:       Francois v. Victory Mitsubishi

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Oct-21-24 | FRANCOIS: Discuss pnc w/ AMM; review two opinions | 1.30 | 1,176.50 | CLF |
| | Phone call, numerous email Ahmad K from NY re potential new matter Francois; receive and review Drop Box with opinions and files; brief conference CLF re potential involvement; need to meet | 1.50 | 892.50 | AMM |
| Oct-25-24 | Meet w/ AMM and AK; ext zoom call with Ms Francois; discuss FM coming into case, role, trial counsel etc; to follow up tomorrow | 1.70 | 1,538.50 | CLF |
| | Zoom interview with PC Farah Francois; conference AK re status of case and potential involvement | 2.10 | 1,249.50 | AMM |
| Oct-26-24 | Conference AK and AMM re terms for FM/ AK co-counsel; discuss facts pertinent to trial; co-counsel arrangement and allocation of work etc | 0.50 | 452.50 | CLF |
| | Meetings w/ AK re facts of case; potential co counselling | 0.80 | 476.00 | AMM |
| Oct-27-24 | Read and mark-up depo transcripts of Emanuel Laforest (2.5); Jami Singer (.6); skim other transcripts sent by AK for highlights (.6) | 3.70 | 2,201.50 | AMM |
| Oct-28-24 | Work on AMM PHV and certs of good standing | 0.60 | 357.00 | AMM |
| | Read Farah's depo transcript | 3.60 | 2,142.00 | AMM |
| | Work on first draft of MILs to be filed tomorrow | 1.20 | 714.00 | AMM |
| | Discuss status w/ AMM; deal with PHV issues | 1.50 | 892.50 | AMM |

| | | | | |
|---|---|---|---|---|
| | for Andy; prepare, review revised engagement agreement with client; | | | |
| | Call with AMM re case strategy | 0.10 | 39.00 | JLJ |
| | Correspondence with paralegal JR pro hac vice applications | 0.10 | 39.00 | JLJ |
| | Travel to and from PA Supreme Court prothonotary to request certificate of good standing for AMM | 1.00 | 390.00 | JLJ |
| | Telephone call with AMM re: new case; telephone calls to Pa. Supreme Court and NJ Board of Law Examiners to find out how to get expedited Certificates of Good Standing; preparation of check to Pa. Superme Court and letter requesting AMM Cert; initiate new file on PCLaw and server; move time over from consumers. | 1.00 | 235.00 | JMR |
| Oct-29-24 | Finalize terms of revised client engagement agreeemnt; send to AK for review | 0.70 | 633.50 | CLF |
| | Review and edits to revised client engagement agmt; emails AK and CLF re same | 0.60 | 357.00 | AMM |
| | Confs VB re setting up trial files and binders for me | 0.40 | 238.00 | AMM |
| | Emails AK re voir dire on certain issues (namely Haitian immigrants in news, emotional damages); research Judge practices re VD; emails AK re same | 0.70 | 416.50 | AMM |
| | Final reviews edits MIL; emails AK re same and filing strategy | 0.60 | 357.00 | AMM |
| | Work on AMM PHV app and certs of standing; emails AK re same | 0.40 | 238.00 | AMM |
| | Continued review of record, incl Filing Fee, E. Laforest depos and 56.1 statement, associated docs | 1.80 | 1,071.00 | AMM |
| | Travel to City Hall to pick up Certificate of Good Standing for AMM. | 1.10 | 335.50 | EF |
| | Review Pa. Supreme Court letter and AMM Certificate of Good Standing; preparation of check to E. Flitter in reimbursement for parking at Pa. Supreme Court; research S.D. NY admission procedures for CLF; review | 0.50 | 117.50 | JMR |

| | edits to Co-Counseling Agreement and email to A. Keshavarz. | | | |
|---|---|---|---|---|
| Oct-30-24 | Conference AMM re status; work on my phv | 0.20 | 181.00 | CLF |
| | Receive and review all 126 P exhibits for trial; review them all; analyze to slim down; conference VB re filing and printing a binder; emails AK re strategy and dups, etc | 4.20 | 2,499.00 | AMM |
| | Continued work on AMM PHV; emails AK re same and signed engagement | 0.40 | 238.00 | AMM |
| | Review folder of draft trial exams to date; all are direct, D's need to be converted to as on cross | 0.60 | 357.00 | AMM |
| | Strategy conference with AMM. | 0.10 | 30.50 | EF |
| Oct-31-24 | Emails w/ AK and conference AMM re has engagement been signed?  Receive signed engagement; prepare admission paper | 0.20 | 181.00 | CLF |
| | Day of immersive trial preparation - review docket; depos of Monplasir, Perez, and Yessica Vallejo, work on exams | 8.20 | 4,879.00 | AMM |
| Nov-01-24 | Continue immersive trial preparation - continue review of depos of Perez, Vallejo; continue work on exams, review of exhibits | 4.60 | 2,737.00 | AMM |
| | Phone calls, emails AK re settlement strategy | 0.60 | 357.00 | AMM |
| Nov-02-24 | Trial preparation.  Continue work on review of R. 56.1 statement, reading and reviewing all exhibits and depo test therein; use to compile draft cross-exams of all D witnesses and directs of our witnesses; work on framework of closing argument, trial outline and witness order. | 6.50 | 3,867.50 | AMM |
| | Phone calls, multiple emails AK and mediator Radvany re settlement strategy; draft revised demand and send with compiled list of AMM verdicts and awards | 1.10 | 654.50 | AMM |
| Nov-03-24 | Immersive trial preparation.  Complete thorough review of R. 56.1 statement and all record evidence therein, continue work on x-e of Def witnesses, Stavros, Diane; closing, trial outline | 4.50 | 2,677.50 | AMM |
| | Zoom witness preparation of Darline Dumel | 1.60 | 952.00 | AMM |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Phone calls, emails AK re witness preparation of sessions | 0.20 | 119.00 | AMM |
|  | Search for lodging in NYC | 0.30 | 178.50 | AMM |
| Nov-04-24 | Phone call w/ AMM Re evidence, status and strategy (.3); work on phv motion (.3); advised matter settled in principle - address issues! | 0.90 | 814.50 | CLF |
|  | Prepare for and interview Papito Monplaicir (uncle); mock direct | 1.30 | 773.50 | AMM |
|  | Receive and review settlement offer from D; Zoom conference co counsel and JLJ re same; phone call CLF re same; issue re converting OOJ into consent judgment; need for "successful action" language | 1.50 | 892.50 | AMM |
|  | Continue work on cross exams of Perez, Yessica | 3.50 | 2,082.50 | AMM |
|  | Correspondence with AMM re jury charge | 0.10 | 39.00 | JLJ |
|  | Reviewing proposed jury charge | 1.90 | 741.00 | JLJ |
|  | Zoom call with co-counsel re settlement matters | 0.50 | 195.00 | JLJ |
|  | Correspondence with AMM/CLF re case strategy | 0.10 | 39.00 | JLJ |
|  | Call with AMM re case strategy | 0.10 | 39.00 | JLJ |
|  | Reviewing draft settlement agreement | 0.20 | 78.00 | JLJ |
|  | Researching judge's procedures on settlement | 0.10 | 39.00 | JLJ |
|  | Correspondence with co-counsel re case strategy | 0.10 | 39.00 | JLJ |
|  | Reviewing proposed settlement and consent judgment language | 0.20 | 78.00 | JLJ |
|  | Researching ability to do consent judgment/decree | 0.20 | 78.00 | JLJ |
| Nov-05-24 | Emails over method of dismissal, sett agrmt vs judgment; provision for fees; brief Legal Research on fees absent actual judgment; email re Buckhannon etc | 0.80 | 724.00 | CLF |
|  | Numerous emails re stip of dismissal, how to dismiss the matter vs judgment etc | 0.50 | 452.50 | CLF |

|          |                                                                                                                                                                                                                 |      |          |     |
|----------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|----------|-----|
|          | Multiple emails AK and D counsel re settlement, OOJ, etc                                                                                                                                                         | 1.10 | 654.50   | AMM |
|          | Review and edit final JPTO, jury charges                                                                                                                                                                         | 0.90 | 535.50   | AMM |
|          | Correspondence with co-counsel re settlement / consent judgment                                                                                                                                                  | 0.20 | 78.00    | JLJ |
|          | Call with AMM re consent judgment                                                                                                                                                                                | 0.10 | 39.00    | JLJ |
|          | Correspondence with co-counsel re edits to jury instructions                                                                                                                                                     | 0.20 | 78.00    | JLJ |
|          | Correspondence with co-counsel re consent judgment                                                                                                                                                               | 0.10 | 39.00    | JLJ |
|          | Strategy conference with CLF.                                                                                                                                                                                    | 0.10 | 30.50    | EF  |
|          | Review Certs of Standing for CLF from PA and NJ; order Cert of Standing from NY; preparation of draft PHV Motion, Application and Order.                                                                          | 0.50 | 117.50   | JMR |
| Nov-06-24 | Conferences AMM re case status; review emails over form of setttlement; review OOJ rule; OOJ vs consent J; emails AK re form / language of consent order and letter to court etc                                 | 1.50 | 1,357.50 | CLF |
|          | Multiple emails, phone calls, AK and D counsel Goodman re proper memorialization of settlement; OOJ or consent judgment, limitations of R 68 and associated legal research; finalize terms of consent agreement; review drafts and letter to court; finalize | 2.70 | 1,606.50 | AMM |
|          | Complete Application for Admission to the SDNY of CLF; log onto Pacer to see what is required to docket everything with PACER.                                                                                    | 0.30 | 70.50    | JMR |
| Nov-07-24 | Receive and review docketed consent judgment; emails  AK re same                                                                                                                                                 | 0.20 | 119.00   | AMM |
| Nov-19-24 | Review bill and draft AMM cert in support of application for attorney fees and costs                                                                                                                             | 1.60 | 952.00   | AMM |

|  |  |  |
|---|---|---|
| Totals | 82.30 | $49,250.00 |

**FEE SUMMARY:**

| Lawyer | Hours | Effective Rate | Amount |
|---|---|---|---|
| Cary L. Flitter | 8.30 | $905.00 | $7,511.50 |
| Andrew M. Milz | 65.10 | $595.00 | $38,734.50 |
| Jody Lopez-Jacobs | 5.30 | $390.00 | $2,067.00 |
| Edward Flitter | 1.30 | $305.00 | $396.50 |
| Joan M. Raughley | 2.30 | $235.00 | $540.50 |

**DISBURSEMENTS**

|  |  | Disbursements | Receipts |
|---|---|---|---|
| Oct-28-24 | Supreme Court of Pennsylvania - AMM Cert of Good Standing | 25.00 | |
| | New Jersey Board of Bar Examiners - AMM Cert of Good Standing | 20.00 | |
| Oct-29-24 | Edward Flitter - Reimbursement for travel to Pa. Supreme Court to p-up Cert of Good Standing | 23.81 | |
| | Bulk copies re Transcript binder for trial (379 pps @.15) | 56.85 | |
| Oct-30-24 | Supreme Court of Pennsylvania - CLF Cert of Good Standing | 25.00 | |
| | New Jersey Board of Bar Examiners - CLF Cert of Good Standing | 20.00 | |
| | Totals | $170.66 | $0.00 |

**Total Fees & Disbursements**                                    **$49,420.66**

Previous Balance                                                              $0.00
Previous Payments                                                          $0.00

**Balance Due Now**                                                  **$49,420.66**

**AMOUNT QUOTED:**                                          **$0.00**