UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FARAH JEAN FRANCOIS,

                                                                                                             Case No.: 1:22-cv-4447-JSR

                              Plaintiff,

     -against-

VICTORY AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI,
SPARTAN AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI,
STAVROS ORSARIS,
YESSICA VALLEJO,
DAVID PEREZ,
DIANE ARGYROPOULOS, and
PHILIP ARGYROPOULOS,

                              Defendants.
-------------------------------------------------------------------------X

**Declaration of James B. Fishman**

      JAMES B. FISHMAN, an attorney admitted in the United States District Court for the Southern District of New York and in the Courts of the State of New York, since 1980, declares as true under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1.       I am the sole member of Fishman Law Group, PLLC.

2.       Attached to this Declaration is a CV which accurately reflects my professional work and experience. In this connection, my professional work over the past 40 years has focused extensively on the areas of consumer credit reporting and litigation under the Fair Credit Reporting Act and substantive landlord/tenant matters in state and federal court.

3.       I have lectured widely to numerous legal groups around the country, and published materials and legislation on the issue of "tenant blacklisting" and tenant screening bureaus, as shown in the attached CV.

1

4. Among significant decisions I have obtained are the following:

- Won a unanimous ruling from the New York Court of Appeals holding that the Deceptive Practices Act (GBL § 349) is not limited to claims involving consumer transactions for "personal, family or household purposes" but can be asserted by businesses as well. *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co.*, 37 NY3d 169 (2021);

- Won certification of a class of applicants for rental housing who were the subject of inaccurate tenant screening reports, in violation of the Fair Credit Reporting Act. *Feliciano v Corelogic Rental Prop. Solutions, LLC*, 332 FRD 98 (SDNY 2019). Case subsequently resolved in a class-wide settlement on behalf of 1691 tenants recovering $850,000 in damages and $560,000 in legal fees;

- Won summary judgment on a rent overcharge claim against one of NYC's "Ten Worst Landlords" for claims accruing beyond the statute of limitations because of landlord fraud. *Conason & Bryant v. Megan Holding, LLC & Emmanuel Ku*, 2012 NY Misc. LEXIS 4951; 2012 NY Slip Op 32625U (Sup. Ct. NY Co.), *aff'd* 109 A.D.3d 724, 972 N.Y.S.2d 223 (2013), *modified,* 25 N.Y.3d 1,29 N.E.3d 215, 2015 NYLEXIS 300, 2015 NY Slip Op 01553; case subsequently resulted in recovery of judgments for $750,000 for rent overcharge, including treble damages and legal fees of $250,000.

- Won first impression decision holding landlord law firm strictly liable for violating the Fair Debt Collection Practices Act by attempting to collect exempt rent from a senior citizen and rejecting its *bona fide* error defense. Case subsequently settled for $130,000 in damages and legal fees. *Lee v. Kucker & Bruh*, LLP, 958 F. Supp. 2d 524, 2013 U.S. Dist. LEXIS 110363 (SDNY 2013);

- Won certification for a class of applicants for rental housing who were the subject of tenant screening reports containing illegally obsolete information in violation of the Fair Credit Reporting Act. *Massey v. On-Site Manager, Inc.*, EDNY(BMC)285 F.R.D. 239, 2012 U.S. Dist. LEXIS 120181 (EDNY 2012). Case subsequently resolved in a nationwide settlement on behalf of thousands of tenants and over $1 Million in damages plus $470,000 in legal fees;

- Won first impression decision under the Fair Credit Reporting Act establishing that releases purporting to waive prospective claims under the statute are void and violate public policy. *Massey v. On-Site Manager, Inc.*, U.S. Dist. LEXIS 104823(EDNY 2011);

- Won first impression decision permitting a class of consumers to seek injunctive relief for violations of the New York Fair Credit Reporting Act. *White v. First American Registry*, 378 F. Supp. 2d 419, 2005 U.S. Dist. LEXIS 14786, Case subsequently resolved in a class-wide settlement on behalf of 40,000 victims of

"tenant-blacklisting" which included the first ever right of expungement and $2 Million in damages and $875,000 in legal fees. 2007 WL 203926; 2007 U.S. Dist. LEXIS 18401;

- Won first impression case establishing that the threat of "tenant-blacklisting" constitutes immediate and irreparable harm necessary to obtain a preliminary injunction barring the commencement of a Housing Court eviction proceeding against a tenant. ***Weisent v. Subaqua Corp.***, 16 Misc. 3d 1115A; 2007 NY Misc. LEXIS 5080; 238 NYLJ 11, 2007 WL 2140947 (Sup. Ct. NY Co.);

- Won first impression decision holding that rent regulated tenants are not required to supply their Social Security numbers to their landlords and that threat to evict a tenant for failing to do so can be enjoined as a deceptive business practice. ***Meyerson v. Prime Realty Services, LLC***, 7 Misc. 3d 911, 796 N.Y.S.2d 848 2005 NY Misc. LEXIS 361 (Sup. Ct. NY Co. 2005);

- Won first impression decision holding that a celebrity's claim for invasion of privacy under Civil Rights Law § 51 survives the death of the plaintiff and may be continued by the plaintiff's estate. ***Jerry Orbach v. Hilton Hotels Corp.***, NYLJ 8/1/05, p. 18 (Sup. Ct. NY Co.);

- Won first impression decision holding that the Fair Credit Reporting Act bars landlords from obtaining credit reports on their current rent stabilized tenants. ***Ali v. Vikar Management Ltd.***, 994 F. Supp. 492 (S.D.NY1998);

- Established the right to pursue injunctive and damage claims as a "private attorney general" against a landlord engaging in deceptive business practices. Landlord had improperly altered official forms to demand personal information from its tenants. ***Martinez v. Classic Realty et al.***, NYLJ 5/21/03 (Sup. Ct. NY Co.);

- Principal author of successful *amicus curiae* brief on behalf of the National Association of Consumer Advocates in ***Romea et al. v. Heiberger & Assocs.*** 163 F. 3d. 111 (2nd Cir. 1998) upholding the applicability of the Fair Debt Collection Practices Act to residential rent claims by landlords;

- Principal author of *amicus curiae* brief on behalf of the National Association of Consumer Advocates, AARP and United States Public Interest Research Group in ***Cousin v. Trans Union***, 246 F. 3d. 359 (5th Cir. 2001) involving the standard for recovering punitive damages under the Fair Credit Reporting Act.

5. Eleven years ago, in *De La Paz v. Rubin & Rothman, LLC*, No. 11 Civ. 9625(ER), 2013 WL 6184425 at *6 (S.D.N.Y. Nov. 25, 2013), my client petitioned and was awarded her

3

attorney fees after successfully prosecuting a Fair Debt Collection Practices Act action. In that case, I was awarded an hourly rate of $550.

6.     I am an original and founding member of the National Association of Consumer Advocates ("NACA"), a nationwide organization of consumer rights attorneys in the private bar, the legal services bar and government consumer protection attorneys.

7.     I have known Ahmad Keshavarz professionally for the last 15 years and am familiar with his work and reputation in the realm of consumer protection litigation.

8.     We have both regularly attended and regularly presented seminars at the annual Consumer Rights Litigation Conference organized by the National Consumer Law Center and NACA.

9.     Over the years, we have regularly discussed case law developments relevant to the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, as well as consulted each other on issues arising in our respective cases. Our discussions have paid particular attention to FDCPA and FCRA claims arising from misconduct by landlords' attorneys in housing court, and claims arising from consumer reporting by landlords. We have also conferred regarding my appellate work regarding claims under New Yok General Business Law § 349 and regarding legislation amending the statute.

10.    Based upon my education, training and experience, it is my opinion that a reasonable hourly rate for Mr. Keshavarz's time in this case is $550.

11.    Further, these fees are customary in the Southern District of New York for an attorney with his level of experience, reputation and ability, considering the nature of the controversy, the time limitations imposed, and the results obtained.

4

12. As an active member of the consumer protection bar with knowledge of the range of results in these types of cases, I can say that obtaining a consent judgment of $120,000 plus attorney's fees in an FCRA impermissible credit pull case is an excellent outcome.

Dated: New York, NY
      December 5, 2024

*James Fishman*
_____
JAMES B. FISHMAN