UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

FARAH JEAN FRANCOIS,

                              Plaintiff,

    -against-

SPARTAN AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI,
STAVROS ORSARIS,
YESSICA VALLEJO, and
DAVID PEREZ

                              Defendants.

Case No.: 1:22-cv-4447-JSR

-----------------------------------------------------------------------X

## ATTORNEY JUDITH B. MILLER'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

Under 28 U.S.C. § 1746, I, Judith B. Miller, do hereby declare under penalty of perjury, that the following statements are true and correct:

1. I am a Senior Associate at the Law Office of Ahmad Keshavarz.

2. I am submitting this Declaration in support of Plaintiff's Motion for Attorney Fees and Costs incurred in litigating this case.

3. My name was legally changed from Jonathan Robert Miller to Judith Brigid Miller in January 2023. *In re Jonathan Robert Miller*, St. Louis, Mo. Circuit Court 2222-FC01773.

4. My current hourly rate is $375 an hour.

5. The credentials and court decisions upon which I base my hourly rate are as follows:

6. I graduated from Greenville College with a B.A. in Communication in 2002.

1

7. I graduated from Loyola University Chicago with a M.A. in Theology in 2007.

8. I earned my J.D. from Harvard Law School in 2011.

9. I am a member in good standing of the bars of the following state courts:

   The Missouri Bar
   September 2011
   (voluntary inactive status)

   New York State Bar (Appellate Division, Third Department)
   October 2012

   North Carolina State Bar
   September 2014
   (voluntary inactive status)

   Illinois State Bar
   November 2022

7. I am a member in good standing of the following federal courts:

   U.S. District Court for the Southern District of New York
   August 6, 2013

   U.S. District Court for the Eastern District of New York
   August 6, 2013

   United States Court of Appeals for the Second Circuit
   March 25, 2014

   United States Court of Appeals for the Fourth Circuit
   February 21, 2017

   U.S. District Court for the Northern District of Ohio
   December 8, 2017

   United States Court of Appeals for the Sixth Circuit
   April 2019

   U.S. District Court for the Southern District of Illinois
   July 2021

   U.S. Bankruptcy Court for the Southern District of Illinois
   July 2021

**Background and Qualifications**

10. From 2011 to 2012, I clerked for the Hon. William Ray Price, Jr. of the Supreme Court of Missouri.

11. From 2012 to 2013, I worked as a consumer debt legal associate at Start Small Think Big, Inc., a non-profit in The Bronx. This position was funded by a Harvard Law School Irving R. Kaufman Public Interest Fellowship.

12. From 2013 to 2017, I was employed by Bromberg Law Office, P.C. in New York, New York.

13. In 2017, I started my own practice in Winston-Salem, N.C., concentrating in the field of consumer protection law. In 2019, I moved my practice to my hometown of St. Louis, Mo.

14. In 2021, I began winding down my solo practice to accept a staff attorney position at Land of Lincoln Legal Aid in East St. Louis, Ill., where I worked until 2024. There, my practice concentrated on foreclosure defense, consumer law, and bankruptcy. Among my cases during that time were *Montgomery v. PHH Mortg. Corp*, S.D. Ill. No. 22-cv-1579 (affirmative litigation on behalf of consumer alleging violations of RESPA servicing provisions), and *In re Grunzinger*, S.D. Ill. Bankr. No. 23-bk-40455 and *In re Mendoza*, S.D. Ill. Bankr. No. 24-bk-30017 (Chapter 13 bankruptcies involving novel issues involving Illinois's special right of redemption).

15. In 2024, I accepted my current position as Senior Associate at the Law Office of Ahmad Keshavarz.

16. I am a member of the National Association of Consumer Advocates ("NACA").

17. I am experienced in trial and appellate court litigation and have the following reported cases, among others:

*Jones v. Brock & Scott, PLLC*, No. COA20-792, 2022 WL 453834 (N.C. App. 2018 Feb. 15, 2022)

*Jones v. City Plaza, LLC*, No. 20-1617, 2020 WL 7049974 (4th Cir. Oct. 19, 2020).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539(MKB)(CLP), 2020 WL 5995650 (E.D.N.Y. Oct. 8, 2020).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539(MKB)(CLP), 2020 WL 5995978 (E.D.N.Y. Apr. 21, 2020).

*Unifund CCR Parnters v. Loggins*, 841 S.E.2dd 835 (N.C. App. 2020).

*Adelman's Truck Parts Corp. v. Jones Transp.*, Nos. 19-3349/3387, 2020 U.S. App. LEXIS 1612 (6th Cir. Jan. 15, 2020).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14 CV 7539 (MKB) (CLP), 2019 U.S. Dist. LEXIS 182337 (E.D.N.Y. Oct. 15, 2019).

*First Tech. Fed. Credit Union v. Sanders*, 831 S.E.2d 658 (N.C. App. 2019).

*McCrobie v. Palisades Acquisition XVI, LLC*, No. 1:15-CV-00018-LJV-MJR, 2019 U.S. Dist. LEXIS 148036 (W.D.N.Y. Aug. 23, 2019).

*Spencer v. Portfolio Recovery Assocs., LLC*, 372 N.C. 290 (N.C. 2019).

*Hallmark v. Cohen & Slamowitz, LLP*, 378 F. Supp. 3d 222 (W.D.N.Y. 2019).

*Adelman's Truck Parts Corp. v. Jones Transp.*, No. 5:17-CV-2598, 2019 U.S. Dist. LEXIS 43851 (N.D. Oh. Mar. 17, 2019).

*McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239 (W.D.N.Y. 2019).

*Spencer v. Portfolio Recovery Assocs., LLC*, 822 S.E.2d 739 (N.C. App. 2018).

*Godson v. Eltman, Eltman & Cooper, P.C.*, 328 F.R.D. 35 (W.D.N.Y. 2018).

*Winans v. Franklin Collection Serv.*, No. 17-cv-659, 2018 U.S. Dist. LEXIS 138709 (M.D.N.C. Aug. 16, 2018).

*Gaterman v. Kavulich & Assocs., P.C.*, No. 4:17-CV-2837-JCH, 2018 U.S. Dist. LEXIS 90193 (E.D. Mo. May 23, 2018).

*Adelman's Truck Parts Corp. v. Jones Transp.*, No. 5:17-CV-2598, 2018 U.S. Dist. LEXIS 41004 (N.D. Oh. Mar. 13, 2018).

*Franco v. A Better Way Wholesale Autos, Inc.*, 690 Fed. Appx. 741 (2d Cir. 2017).

*Wendel v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 689 Fed. Appx. 45 (2d Cir. 2017).

*Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75 (S.D.N.Y. 2017).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2017 U.S. Dist. LEXIS 161260 (E.D.N.Y. Sept. 29, 2017).

*Schwartz v. HSBC Bank USA, N.A.*, 14 Civ. 9525 (KPF), 2017 U.S. Dist. LEXIS 94019 (S.D.N.Y. June 19, 2017).

*Schwartz v. HSBC Bank USA, N.A.*, 14 Civ. 9525 (KPF), 2017 WL 95118 (S.D.N.Y. Jan. 9, 2017).

*Godson v. Eltman, Eltman & Cooper, P.C.*, 11-CV-0764(EAW), 2017 WL 77109 (W.D.N.Y. Jan. 9. 2017).

*Strubel v. Comenity Bank*, 842 F.3d 181 (2d. Cir. 2016).

*Eades v. Kennedy, PC Law Offices*, 12-CV-6680-DGL-JWF, 2016 WL 6988913 (W.D.N.Y. Nov. 22, 2016).

*McCrobie v. Palisades Acquisition XVI, LLC*, 664 Fed. Appx. 81 (2d Cir. 2016).

*Dixon v. A Better Way Wholesale Autos, Inc.*, 692 Fed. Appx. 664 (2d Cir. 2016)

*Strubel v. Capital One Bank (USA), N.A.*, 179 F. Supp. 3d 320, (S.D.N.Y. 2016).

*Schwartz v. HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666 (S.D.N.Y. 2016).

*Godson v. Eltman, Eltman & Cooper, P.C.*, 177 F. Supp. 3d 803, (W.D.N.Y. 2016).

*Jackson v. Lowe's Cos.,* 15-cv-4167 (ADS)(ARL), 2016 U.S. Dist. LEXIS 146159 (E.D.N.Y. Oct. 21, 2016).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2016 WL 1274541 (E.D.N.Y. Mar. 31, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1127800 (W.D.N.Y. Mar. 23, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1127799 (W.D.N.Y. Mar. 23, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1128494 (W.D.N.Y. Mar. 23, 2016).

*Clarke v. Hudson Valley Fed. Credit Union*, No. 14-cv-5291 (KBF), 2016 WL 884667 (S.D.N.Y. Mar. 8, 2016).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-764 (EAW), 2015 WL 9434228 (W.D.N.Y. Dec. 22, 2015).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-0764S(Sr), 2015 WL 5784908 (W.D.N.Y. Sept. 30, 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842 (EAW), 2015 WL 4483959 (W.D.N.Y. July 22, 2015).

*Dykes v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 739 (E.D. Va. 2015).

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161 (2d Cir. 2015) (reversing district court's order dismissing complaint).

*Hallmark v. Cohen & Slamowitz, LLP*, 307 F.R.D. 102 (W.D.N.Y. 2015).

*Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529 (E.D. Va. 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, 304 F.R.D. 165 (W.D.N.Y. 2015).

*DeJesus v. City of New York*, No. 13-CV-8366 (JPO), 2015 WL 1925391 (S.D.N.Y. Apr. 28, 2015).

*Schwartz v. Comenity Capital Bank*, No. 13 Civ. 4896(JGK), 2015 WL 410321 (S.D.N.Y. Feb. 2, 2015).

*Strubel v. Comenity Bank*, No. 13-cv-4462 (PKC), 2015 WL 321859 (S.D.N.Y. Jan. 23, 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, 302 F.R.D. 295 (W.D.N.Y. 2014).

*Kelen v. World Fin. Network Nat'l Bank*, 302 F.R.D. 56 (S.D.N.Y. 2014).

*Clarke v. Hudson Valley Fed. Credit Union*, No. 14-CV-5291(VB), 2014 WL 6791184 (S.D.N.Y. Dec. 2 2014).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-0764S(Sr)., 2014 WL 4627216 (W.D.N.Y. Sept. 15, 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-00842S(F), 2014 WL 2028426 (W.D.N.Y. Sept. 15, 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, 299 F.R.D. 407 (W.D.N.Y. 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, 300 F.R.D. 110 (W.D.N.Y. 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842S(F), 2014 WL 51322 (W.D.N.Y. Jan. 8, 2014).

*DeJesus v. City of New York*, 55 F. Supp. 3d 520 (S.D.N.Y. 2014).

18. I am also experienced in consumer fraud class action litigation and have participated in the following filed cases, among others:

*Hallmark v. Cohen & Slamowitz, LLP*, W.D.N.Y., Case No. 11-CV842 (FDCPA settlement class certification; settlement approved).

*Godson v. Eltman, Eltman & Cooper, P.C.*, W.D.N.Y., Case No. 11-CV-764 (FDCPA settlement class certification; settlement approved).

*Jasper v. Account Control Technology, Inc.*, E. D. Virginia, Case No. 13-CV-296 (FDCPA settlement class certification; settlement approved)

*Milo v. Barneys, Inc.*, S.D.N.Y., Case No. 10-cv-3133 (TILA settlement class certification of 1,500 class members; settlement approved)

*Morris v. CACH, LLC*, D. Nev., 13-CV-270 (statewide Nevada FDCPA settlement class certification of over 1,000 members; settlement approved)

*Biber v. Pioneer Credit Recovery, Inc.*, EDVA, Case No. 16-CV-804 (nationwide settlement class and settlement approved)

19. In the past I served on NACA's Legislative Policy Committee, and I have lobbied Congress concerning consumer-protection issues as part of NACA's Lobby Day in 2013 and 2017.

20. I have advised several clients concerning bankruptcy and consumer law as a volunteer for Legal Aid of North Carolina's "Lawyer on the Line" program.

21. During my first stint as a lawyer in New York City, I was an active participant in the New York Consumer Advocates Task Force, and, since accepting my current position, have become active in that group again.

22. I have been an adjunct instructor at Wake Forest University School of Divinity, where I have taught a course on theological issues related to consumer debt, and a course on the intersection of law and religion.

### My Hourly Rate

23. I am requesting the Court to approve a rate of $375 per hour for the work I have done on this case. This rate is at or below rates charged by attorneys of similar skill and experience in New York City.

24. The last time a court evaluated my hourly rate was in *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-77539(MKB)(CLP), 2020 WL 5995978, at *7 (E.D.N.Y. Apr. 21, 2020), *report and recommendation approved in Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-77539(MKB)(CLP), 2020 WL 5995650. This was about eight and a half years after I graduated from law school. *Moukengeschaie* involved a class action settlement, and class counsel's fees were evaluated according to the common fund method; that said, the court performed the required lodestar crosscheck, as part of which it found my requested hourly rate of $350 per hour to be reasonable.

25. One year before *Moukengeschaie*, the Western District of New York approved a rate of $300 for the work I did in *Hallmark v. Cohen & Slamowitz, LLP*, 378 F. Supp. 3d 222, 230 (W.D.N.Y. 2019). *Hallmark* was a class action that had settled; however, because of the circumstances of the case, the fee petition was evaluated according to the lodestar method.

26.     One year before that, the same court approved a rate of $300 for the work I did in *Godson v. Eltman, Eltman & Cooper, P.C.*, 328 F.R.D. 35,62 (W.D.N.Y. 2018). *Godson* involved a class action settlement, and class counsel's fee application was evaluated according to the common fund method, but with a lodestar crosscheck.

27.     The Southern District of New York evaluated my hourly rate two years earlier, in *Clarke v. Hudson Valley Fed. Credit Union*, 14-cv-5291(KBF), 2016 U.S. Dist. LEXIS 29475 (S.D.N.Y. Mar. 8, 2016), a case involving the Servicemembers Civil Relief Act. In *Clarke*, my office requested a rate of $250 per for my work. While, overall, the judge in *Clarke* did not award the plaintiff the full amount of attorney fees he requested, the judge did not take issue with my rate of $250.

28.     Given that the Eastern District of New York approved my hourly rate of $350 four years ago, that I now have more than 13 years of experience since law school, and that my experience working on complex consumer protection cases is uncommon in the legal market – and given the rate of inflation during those four years – I believe it is reasonable for me to bill at a rate of $375 per hour in this case.

29.     For these reasons, I respectfully ask the Court to grant Plaintiff's motion for final approval and for attorney fees and costs.

/s/ Judith B. Miller
Judith B. Miller