# NICHOLAS GOODMAN & ASSOCIATES, PLLC

**333 PARK AVENUE SOUTH, SUITE 3A**
**NEW YORK, N.Y. 10010**

**(212) 227-9003**

H. NICHOLAS GOODMAN
────
PATRICK L. SELVEY, JR.

CAMILLE M. ABATE
ROBERT P. PREUSS*
OF COUNSEL
────
DUANA RIVERA
PARALEGAL
*ALSO ADMITTED IN NEW JERSEY

## FRE RULE 408 COMMUNICATION/ALL RIGHTS RESERVED

February 3, 2023

Via Electronic Mail:   ahmad@newyorkconsumerattorney.com
emma@newyorkconsurmerattorney.com

Ahmad Keshavarz
Emma Caterine
The Law Offices of Ahmad Keshavarz
16 Court Street, Suite 2600
Brooklyn, N.Y.  11241

Re:   **Farah Francois v. Victory Mitsubishi, et al**
S.D.N.Y. Case # 1:22-cv-4447-JSR

Counselors,

As you know, the Court recently entered a briefing schedule for Defendants' summary judgment motion. We take this opportunity to communicate our intentions concerning same and to make a time-limited offer of compromise.

First, as you are now surely aware, Plaintiff can no longer maintain viable claims against Defendants Philip Argyropoulos and Victory Auto Group LLC d/b/a Victory Mitsubishi. Plaintiff's allegations against those Defendants lack any evidentiary support and do not rest on any nonfrivolous argument for extending or modifying existing law. Indeed, the only purpose for Plaintiff continuing her claims against these Defendants would be to harass them and needlessly further increase the costs of this litigation. We therefore trust that you will immediately discontinue against these Defendants with prejudice to avoid exposure to a Rule 11 motion.

Meanwhile, Plaintiff's negligence count is subject to summary dismissal because, as suggested by Judge Rakoff's January 23, 2023, Memorandum Order, and as discussed below, Plaintiff suffered no actionable, non-emotional damages as a result of Defendants' alleged negligence in selling the vehicle to Emmanuel Laforest ("Emmanuel").

To begin, the Capital One loan in question was rescinded and removed from Ms. Francois's credit report with no negative consequences for her credit standing. She not has paid any fines for parking, moving or toll violations incurred by Emmanuel and any threat of such liabilities in the future is speculative as a matter of law. Ms. Francois also testified that she could not recall the amounts of any of her claimed out of pocket expenditures; she testified that she kept no receipts for the minimal mailing and copying expenditures she mentioned.

NICHOLAS GOODMAN & ASSOCIATES, PLLC

Further, Ms. Francois's claim that she was twice denied credit due to the number of previous inquiries about her credit history is belied by the very Adverse Action Notices annexed to Plaintiff's Complaint. And we note that her credit score, which was never 780 to begin with, actually *went up* between the May 30, 2020, inquiries and the denial of her PenFed and Mercedes credit applications in June of 2022.

At the same time, Plaintiff cannot hope to establish that her claimed emotional distress proximately resulted from the FCRA violation at issue. Her distress, including her alleged marital discord, arose entirely from her brother-in-law's actions, first and foremost from the threats he made against her, as well as the fines and violations he incurred with the vehicle. Simply put, there exists no causal relationship between the mere pre-screening credit pulls on May 30, 2020, and the alleged emotional upset Plaintiff claims to have experienced thereafter.

At the end of the day, you have documented a grand total of $13.42 in postage charges arguably incurred as a result of the alleged FCRA violation. *See* FRANCOIS_3795-3798.

That leaves the very remote possibility of Plaintiff recovering statutory damages, assuming a highly unlikely finding that one or more Defendant acted willfully in violating the FCRA. But as you are no doubt aware, statutory damages are capped at $1,000.00. As to Defendants' potential liability for Plaintiff's attorney fees, $1,000.00 is obviously less than Defendants' $5,010.00 Rule 68 Offer of Judgment dated July 20, 2022.

All that said, Defendants are willing to resolve this case without the further expenditure of time, energy and resources by any party. Accordingly, Defendants hereby convey a settlement offer of $45,000.00 to be memorialized in a settlement agreement setting forth mutually agreed upon terms and conditions, including at a minimum Plaintiff's discontinuance against all Defendants with prejudice and without costs and disbursements, and confidentiality provisions.

Assuming you are entitled to the standard contingency arrangement 1/3 cut, our offer would put some $30,000.00 in your client's pocket, that being more than the $29,462.81 Capital One loan temporarily taken out in Plaintiff's name and far in excess of any reasonable hope of her recovery at trial.

Please respond to this offer by the close of business Monday, February 6, 2023, after which it will be withdrawn. If we have not reached an agreement in principle by then, Defendants will begin preparation of their motion and will allot their resources exclusively to that effort.

This correspondence is subject to the constraints of FRE 408 and is without prejudice to all of Defendants' arguments, rights and remedies, all of which are reserved.

We look forward to hearing from you forthwith.

Very truly yours,

H. Nicholas Goodman