UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FARAH JEAN FRANCOIS,

                            **Plaintiff,**              Case No. 1:22-cv-4447

- against -                                      (Hon. Jed S. Rakoff)

SPARTAN AUTO GROUP LLC d/b/a         **AFFIRMATION IN OPPOSITION**
VICTORY MITSUBISHI, STAVROS ORSARIS,
YESSICA VELLEJO, and DAVID PEREZ,

                            **Defendants.**
-----------------------------------------------------------------------X

        **H. NICHOLAS GOODMAN,** an attorney duly admitted to practice law before the United States District Court for the Southern District of New York, affirms the following to be true under penalty of perjury:

## PROCEDURAL HISTORY

1.    I am the principal of the law firm Nicholas Goodman & Associates, PLLC, attorneys for Defendants **SPARTAN AUTO GROUP LLC d/b/a VICTORY MITSUBISHI** ("Spartan") **STAVROS ORSARIS** ("Orsaris"), **YESSICA VALLEJO** ("Vallejo"), and **DAVID PEREZ** ("Perez") (sometimes collectively "Defendants") in the above captioned action. As such, I am familiar with the facts and circumstances of this action, and with the prior proceedings had herein. I submit this Affirmation in Opposition to Plaintiff's Defendants' motion for attorneys' fees and costs.

2.    In or around July 2022, the undersigned communicated with Plaintiff's counsel Ahmad Keshavarz ("Keshavarz") regarding Defendant's position as to the validity of Plaintiff's claims and requested that Plaintiff state a settlement demand in the interest of resolving Plaintiff's action early to avoid the time and expense of protracted litigation. At that time, Plaintiff's counsel refused to state a demand.

3. On July 12, 2022, the undersigned reiterated Defendants' request for a settlement demand by email addressed to Keshavarz and Emma Caterine ("Caterine"), a true and correct copy of which is submitted herewith as **Exhibit "1."** Caterine replied to that email later the same afternoon with a proposed scheduling order, but refused to respond Defendants request for a settlement demand or otherwise acknowledge Defendants request to engage in settlement negotiations. *Id.*

4. On July 20, 2022, Defendants conveyed an Offer of Judgement pursuant to FRCP Rule 68. Doc. No. 85-18. Plaintiff's counsel never so much as acknowledged this Offer of Judgment, instead proceeding to serve various discovery demands and non-party subpoenas two days later as though no attempt at settlement had been made.

5. I later spoke with Plaintiff's counsel and reiterated Defendants' request for a settlement demand, but Plaintiff's counsel asserted the need to assess the value of Plaintiff's case prior to asserting a demand. On August 10, 2022, in the midst of discussing a dispute as to the relevance and discoverability of certain insurance policies, I again reiterated Defendants desire to pursue the amicable resolution of Plaintiff's claims. A true and correct copy of that email, together with the response from Plaintiff's counsel discussed below, is submitted herewith as **Exhibit "2."**

6. On August 15, 2022, Caterine responded to the above email, but only to address the disputed discovery issues and request a telephone conference regarding same. Exhibit "2." No further discussion regarding settlement was had.

7. On or about August 24, 2022, Plaintiff's counsel raised a laundry list of objections to Defendants' response to Plaintiff's first set of discovery demands, complaining in particular that Defendants' production of a redacted insurance agreement, demanding the identity and contact information for Defendant's insurance carrier despite having been repeatedly advised, and having

had ample opportunity to establish from a review of the policy language itself that Defendants would not be afforded no coverage for this case. Nevertheless, Plaintiff's counsel insisted on taking this issue to this Court.

8.     On September 6, 2022, Caterine responded to Defendants' repeated requests for settlement negotiations for the first time, by recommended mediation before Joseph DiBenedetto. A true and correct copy of this email is submitted herewith as **Exhibit "3."** After reviewing that mediator's *bona fides* and noting his potential bias given his history of mediating cases with Keshavarz, defense counsel requested that Plaintiff's counsel (a) follow well established practice by stating a settlement demand so as to allow Defendants to determine the potential efficacy of mediation and an adequate time to respond, and (b) consider mediating at an established mediation forum such as NAM or JAMS.

9.     Also on September 6, 2022, this Court conducted a telephonic conference that included discussion of Defendants' then-pending first Motion to Dismiss and Plaintiff's Amended Complaint. Thereat, the undersigned urgently requested that Your Honor refer this action to a Magistrate Judge for the purpose of conducting a settlement conference. But counsel was advised that Your Honor would only do so with the consent of all parties and Keshavarz refused to consent.

10.    On September 9, 2022, Patrick Selvey ("Selvey"), a partner at this firm, communicated with Caterine via telephone regarding Defendants' longstanding request for a settlement demand. Caterine advised that settlement analysis was still ongoing, but that she would provide a demand by end of day the following Monday, September 12, 2022. However, when Mr. Selvey followed up on Monday, Caterine denied ever making such a promise. However, she did agree that she would "endeavor to get you our analysis of the value of this case by tomorrow." A

true and correct copy of the foregoing email correspondence, including Plaintiff's response discussed below, is submitted herewith as **Exhibit "4."**

11. On September 13, 2022, Caterine retracted all previous agreements to state a demand, insisting instead that Defendants agree to schedule mediation before Plaintiff's chosen mediator, Joseph DiBenedetto, and that Plaintiff would agree to exchange a settlement demand only *after* Defendants had committed to participating in, *and paying for*, the mediation session. Exhibit "4." Mr. Selvey responded to this email reasserting Defendants clear desire to engage in meaningful negotiations towards the resolution of this action, but reiterating that Plaintiff's counsel were flouting convention and reason by refusing to state a demand or consider mediation before anyone other than their unilaterally chosen mediator, and expressing frustration at Plaintiff's habit of ignoring Defendants' repeated good faith efforts to engage in a meaningful discussion. Exhibit "4."

12. On or about September 15, 2022, Plaintiff's counsel raised various additional objections to Defendants' discovery production and demanded that Defendants supplement their discovery production and provide employee records, "pattern-and-practice" information concerning unauthorized sales of vehicles or credit report inquiries, and all financing agreements that might have governed the sale of the vehicle in question along with additional records concerning Plaintiff. Despite defense counsel's assurance that a supplemental document production was forthcoming, Plaintiff's counsel insisted on seeking relief from the court, requesting that this Court specifically order the production of the foregoing documents specifically.

13. On September 19, 2022, the parties appeared telephonically for a discovery conference before Your Honor's former Law Clerk, Harry Larson. Thereat, the undersigned again

conveyed frustration with Keshavarz's refusal to state a demand, and again requested that the Court refer the matter to a Magistrate Judge for a settlement conference, or, barring that, that Your Honor yourself conduct a settlement conference. But Keshavarz yet again refused to consent, and this Court denied Defendants' request.

14. In October 2022, the parties reached an impasse on an issue ordinarily easily resolved without judicial intervention: the order of party depositions. On October 28, 2022, Defendants proposed a deposition schedule in the order of the caption, beginning with Plaintiff's deposition. On October 31, 2022, Keshavarz demanded that Defendants produce each of their five party witnesses before Plaintiff. Keshavarz did not even acknowledge Defendants' previously proposed schedule, or a basis for objecting to same. When pressed, Plaintiff's counsel asserted that Defendants should be deposed before Plaintiff "to prevent Defendants from fabricating testimony" based on Plaintiff's testimony. A true and correct copy of the email exchanged set forth above is submitted here with as **Exhibit "5."**

15. Keshavarz ultimately asked this Court to So-Order his proposed dates, refusing entirely to compromise. In so doing, Plaintiff's counsel ignored the Individual Rules of this court regarding pre-motion conference requests and telephonic communication, including drafting and emailing the Court a letter motion prior seeking a telephone conference in direct contravention of Section 2(b) of this Court's Individual Rules.

16. On February 3, 2023, with discovery complete and dispositive motions due in a matter of weeks, but still having not received a settlement demand, Defendants conveyed a settlement offer of $45,000.00, hoping that were Plaintiff to reject that offer, Keshavarz would at least convey his view of the value of the case and counter the offer leading to further negotiation and the avoidance of motion practice. Doc. No. 85-17.

17. On February 8, 2023, Keshavarz underscored his intent to multiply proceedings rather than working toward an amicable resolution. To wit, instead of acknowledging or responding to Defendants' offer, Keshavarz served improper, untimely Third Amended Initial Disclosures purporting to identify a host of previously undisclosed fact witnesses and attempting to add previously unasserted, and entirely unsubstantiated, damage claims. A true and correct copy of this email correspondence, together with the improper discovery document attached thereto, is submitted herewith as **Exhibit "6."**

18. On February 10, 2023, after Plaintiff's counsel formally rejected the foregoing offer, Defendant's counsel responded to Keshavarz with yet another entreaty to state a settlement demand and consider an alternative mediator. A true and correct copy of this email correspondence is submitted herewith as **Exhibit "7."**

19. Following the close of discovery and dispositive motions, although Plaintiff continued to refuse to state a demand, Defendants nevertheless agreed to participate in mediation in good faith.[1] On June 13, 2024, after repeated delays, the parties finally participated in an all-day mediation session with Paul Radvany, Esq. That lengthy effort failed to produce a settlement or for that matter to bring the parties remotely close to settlement

20. On July 24, 2024, Defendants made another Rule 68 Offer of Judgment in the amount of $50,100.00 *plus* Plaintiff's reasonable attorneys' fees incurred to that date, a true and correct copy of which is submitted herewith as **Exhibit "8."** Plaintiff's counsel did not respond to this offer and let it expire.

---

[1] Indeed, Plaintiff stated her first demand, seeking a whopping $720,000.00, on May 30, 2024, two weeks before the scheduled mediation.

6

21. On August 9, 2024, having received no response from Plaintiff's counsel, Defendants' conveyed yet another Rule 68 Offer in the amount of $100,100.00 *plus* Plaintiff's reasonable attorney fees incurred to that date, a true and correct copy of which is submitted herewith as **Exhibit "9."** Plaintiff's counsel did not respond to this offer either, again letting it expire unanswered.

22. Finally, after a tortured and contentious period of months, the parties ultimately agreed to settle the case on November 5, 2024. During this time, Plaintiff's counsel continued to delay proceedings while furiously billing for trial preparation in advance of a trial he knew full well would never happen.

23. A true and correct copy of Defendant Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, & Wolf, LLP's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees in the matter of *Samms v. Abrams*, 198 F. Supp. 3d 311, 319 (S.D.N.Y. 2016), is submitted herewith as **Exhibit "10."**

## CONCLUSION

For all the reasons set forth above, Defendants request that this Court enter an Order, denying Plaintiff's application and reducing Plaintiff's fee and costs from $423,577.85 to $18,975.00, or to the alternative amounts set forth therein Defendants' Memorandum of Law in Opposition filed herewith, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 24, 2025

BY: _____
    H. Nicholas Goodman