**Patrick Selvey**

---

| | |
|---|---|
| **From:** | Emma Caterine <emma@newyorkconsumerattorney.com> |
| **Sent:** | Monday, August 15, 2022 4:18 PM |
| **To:** | Nicholas Goodman; Ahmad Keshavarz |
| **Cc:** | Patrick Selvey |
| **Subject:** | RE: Farah Jean Francois - Letter on Insurance Disclosure |

Nicholas,

I just left you a voicemail. I'd like to chat about this and also about our notice of deposition and identifying persons with knowledge. I hope we can work out these issues but if not I'd like to make an application to the Court, so please be prepared to call chambers. Please see below for the relevant portion of Judge Rakoff's Individual Rules:

(c) If counsel for any party seeks to convene a call to Chambers, counsel for all other affected parties are expected to make themselves available for such a call within 24 hours of the request. If, after successive attempts, counsel for any affected party is unavailable for the call, the initiating party may then send Chambers and all affected counsel an email or a letter, not to exceed two double-spaced pages, describing the efforts made to convene a conference call and briefly describing the proposed motion or application.

Emma Caterine, Esq.
Partner



**The Law Office of Ahmad Keshavarz**
**NOTE OUR ADDRESS HAS CHANGED BACK TO:**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (917) 945-9848  Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com
Email: emma@newyorkconsumerattorney.com

---

**From:** Nicholas Goodman <Ngoodman@ngoodmanlaw.com>
**Sent:** Wednesday, August 10, 2022 5:56 PM
**To:** Emma Caterine <emma@newyorkconsumerattorney.com>; Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Cc:** Patrick Selvey <Pselvey@ngoodmanlaw.com>
**Subject:** RE: Farah Jean Francois - Letter on Insurance Disclosure

Mr. Keshavarz,

I write in response to your August 4, 2022, correspondence concerning Defendants' Initial Disclosures in this matter. Please be advised as follows:

1

Spartan Auto Group, LLC ("Spartan"), the only Defendant subject to the entry of a judgment against it in this action, made a business decision not to tender this matter to its insurance carrier. Among other things, the only insurance policy potentially implicated by Plaintiff's Complaint contains an iron-clad exclusion of any injury arising out of the disclosure of any person's personal or confidential information from that policy's definition of "personal and advertising injury." A copy of the entire Exclusion is attached for your consideration. Because all of Plaintiff's claimed injuries arise from an alleged disclosure that is specifically excluded from coverage under the policy, Spartan's tender of Plaintiff's claim to its carrier would be futile and would in fact damage Spartan due to the ratings change and premium increase that would inevitably follow, even from a denied claim.

I trust you will agree that the referenced Exclusion would also render futile any effort by Plaintiff to tender her claim to Spartan's carrier, assuming that Plaintiff could properly invoke Spartan's policy in the first place. In that regard, as relevant herein, Spartan's policy covers only "personal injury," and Plaintiff's rights under New York Insurance Law 3420 are similarly limited to claims for "personal injury." While Plaintiff's state law claims under Complaint Counts II, III, and IV might on their face trigger personal injury coverage, not only is insurance coverage for those Counts subject to the above referenced Exclusion, those Counts are also all subject to dismissal under Defendants' pending motion to dismiss returnable September 15, 2022, and are unlikely to survive in this action.

For all of these reasons, there does not exist an "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" within the meaning of Rule 26(1)(a)(iv). We trust this assists you in making a realistic appraisal of this case based on knowledge, not speculation.

Given that you invoked the need to assess settlement potential, please be advised that, despite Plaintiff's failure to accept Defendants' now expired Offer of Judgment, Spartan remains open to negotiating an amicable, realistic resolution of this action, including by way of mediation in a mutually agreeable forum if appropriate.

Please be guided accordingly.

Regards,

Nicholas Goodman

*H. Nicholas Goodman*
Nicholas Goodman & Associates, PLLC
333 Park Avenue South, Suite 3A
New York, N.Y. 10010
Office Main (212) 227-9003
Direct Dial  (917) 386-2701

Cell             (917) 470-7805
ngoodman@ngoodmanlaw.com
www.ngoodmanlaw.com
_____

This electronic mail and any attachments are STRICTLY CONFIDENTIAL and may be protected by the ATTORNEY-CLIENT PRIVILEGE. This content is solely for the use of the intended recipient herein. If you are not the intended recipient, any use, disclosure, copying, or distribution of this electronic mail is UNAUTHORIZED. If you have received this electronic mail in error, please notify the sender immediately by calling (212) 227-9003, and please immediately delete this email.
Thank you.
_____


**From:** Emma Caterine <emma@newyorkconsumerattorney.com>
**Sent:** Thursday, August 4, 2022 11:30 AM
**To:** Nicholas Goodman <Ngoodman@ngoodmanlaw.com>; Patrick Selvey <Pselvey@ngoodmanlaw.com>
**Cc:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Subject:** Farah Jean Francois - Letter on Insurance Disclosure

Counsel,

Please see attached.

Emma Caterine, Esq.
Partner



**The Law Office of Ahmad Keshavarz**
**NOTE OUR ADDRESS HAS CHANGED BACK TO:**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (917) 945-9848  Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com
Email: emma@newyorkconsumerattorney.com

3