## Patrick Selvey

| | |
|---|---|
| **From:** | Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> |
| **Sent:** | Wednesday, February 8, 2023 2:52 PM |
| **To:** | Patrick Selvey |
| **Cc:** | Emma Caterine; Nicholas  Goodman |
| **Subject:** | Francois v. Victory, et al 1:22-cv-4447 - Plaintiff's Third Amended Initial Disclosures |
| **Attachments:** | 2023-02-08 Our Third Amended Initial Disclosures-SERVED.pdf |

Please see attached. Please note in particular that Ms. Francois withdraws claims for damage to credit or credit score.



**The Law Office of Ahmad Keshavarz**

**NOTE OUR ADDRESS HAS CHANGED BACK TO:**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859    Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com    Email: ahmad@NewYorkConsumerAttorney.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
FARAH JEAN FRANCOIS,

                                                            Case No.: 1:22-cv-4447-JSR

                                    **Plaintiff,**

              -against-

VICTORY AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI,
SPARTAN AUTO GROUP LLC d/b/a
VICTORY MITSUBISHI,
STAVROS ORSARIS,
YESSICA VALLEJO,
DAVID PEREZ,
DIANE ARGYROPOULOS, and
PHILIP ARGYROPOULOS,

                                    **Defendants.**
-------------------------------------------------------------------X

**PLAINTIFF'S THIRD AMENDED RULE 26(a)(1) DISCLOSURES**

        Plaintiff serves the above referenced discovery instrument to the above referenced
parties by and through said party's counsel as indicated in the certificate of service below.

                              Respectfully submitted,
                              /s/
                              Emma Caterine
                              The Law Office of Ahmad Keshavarz
                              Brooklyn, NY 11241
                              Tel: (718) 522-7900
                              Fax: (877) 496-7809
                              Email: emma@newyorkconsumerattorney.com

**CERTIFICATE OF SERVICE**

        I hereby certify that on this day I served the above referenced document to the
parties listed below via email:

Henry Nicholas Goodman
Nicholas Goodman & Associates, PLLC
333 Park Avenue South, Suite 3A
New York, NY 10010
Tel: (212) 227-9003
Fax: (212) 937-2112
Email: ngoodman@ngoodmanlaw.com

1

*Attorneys for Defendants*

Date: <u>February 8, 2023</u>
        Brooklyn, NY
/s/
Ahmad Keshavarz
*Counsel for Plaintiff*

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

   a. Plaintiff, whose contact information is c/o Ahmad Keshavarz, The Law Office of Ahmad Keshavarz, 16 Court Street, # 2600, Brooklyn, NY 11241, phone: 718-522-7900. The subject of said person's discoverable information is disclosed in Plaintiff's live pleadings.

   b. Plaintiff's brother-in-law Emmanuel Laforest. The subject of said person's discoverable information is the fraud, Defendants' facilitation of the fraud, and Plaintiff's emotional distress damages.

   c. Plaintiff's uncle Papito Momplaisir, 145 West 111th Street, Apt. 8, New York, NY 10026, (917) 865-2542. The subject of said person's discoverable information is the fraud and Plaintiff's emotional distress damages.

   d. Valadmir Montina. (347) 898-4404. 40 Quail St. Stratford CT 06614. Cousin. The subject of said person's discoverable information is the fraud and Plaintiff's emotional distress damages.

   e. Angel Plonquet. (203) 424-7006. 40 Quail St. Stratford CT 06614. Spouse of cousin. The subject of said person's discoverable information is the fraud and Plaintiff's emotional distress damages.

   f. Hilda Perez, the Assistant Manager at TD Bank where Plaintiff worked. 3798 Broadway, New York, NY 10032. (212) 543-2003. The subject of said person's discoverable information is the fraud and Plaintiff's emotional distress damages.

   g. Defendants have knowledge of their own misconduct that resulted in the bringing of this action.

   h. Darline Dumel (862) 400-0797. 19 Montrose St, South Orange, NJ 07079. The subject of said person's discoverable information is Ms. Francois' location on May 30, 2020.

   i. Jami Singer. (347) 401-4158. 2672 Ford St., Brooklyn, NY 11235. The subject of said person's discoverable information is the fraud and Emmanuel Laforest's intent.

   j. A corporate representative for each corporate defendant, and any servicing agents for the same. The subject of said persons' discoverable information is disclosed in Plaintiff's live pleadings.

   k. The owners and corporate officers for each corporate defendant. The subject of said persons' discoverable information is the policies and practices of each corporate defendant as applicable to the instant matter.

l.  Persons identified in the Complaint and exhibits thereto. This includes, inter alia the following, including the employees, corporate representatives, and business records custodians for the same:

    a.  Police officers at the 70th precinct of the New York Police Department.

    b.  The New York City Department of Finance, Parking Violations.

    c.  New York City Department of Finance, School Zone Camera Unit.

    d.  MTA Bridges and Tunnels

    e.  Port Authority NY/NJ

    f.  Progressive Max Insurance Company

    g.  Capital One Auto Finance

    h.  Credit Collection Services

    i.  Transworld Systems Inc.

    j.  Equifax

    k.  TransUnion

    l.  BB&T Dealer Finance (now Truist Retail Lending)

    m.  JPMCB Auto Finance

    n.  PenFed Credit Union

    o.  The parties and those disclosed in discovery as having knowledge of relevant facts in *Jean-Baptiste, et al. v. Capital One, N.A., et al.,* Case No. 1:20-cv-08006-ALC-JLC (S.D.N.Y.).

    p.  The John Does referenced in the complaint, including the employees and agents of the Victory Defendants who were involved in the sale and attempted financing for the subject vehicle.

    q.  The persons identified in the document production of any party or in the document production of any third party.

m.  Corporate representative or public records/business records certifier for Defendants. The subject of said persons' discoverable information are the documents of Defendants relevant to the instant matter.

4

n. Persons unknown to Plaintiff who have knowledge of Defendants' income, assets, and net worth.

o. Each creditor, prospective credit grantor, furnisher, or other person who viewed Plaintiff's credit report with the false and derogatory information. The identities of these persons are disclosed on the credit report itself. The subject of said persons' discoverable information is the actual disclosure of the false and derogatory information and consequences thereof.

p. The persons whose names appear in the document production of any party.

q. Any persons listed by Defendants.

r. Persons identified in the documents produced by third-parties.

s. Yosmaily Ventura

t. Chris Orsaris

u. The persons identified in the depositions of the parties.

v. The persons identified in the First Amended Complaint ("FAC"), and the complaints and lawsuits referenced in Plaintiff's FAC. This includes, without limitation:

    a. The persons referenced in the lawsuit *Utnicki, et al. v. JP Morgan Chase Bank, N.A., et al.*, Case 1:21-cv-06108-ARR-RER. Exhibit II to the FAC, and in the FAC ¶¶ 150 – 153.

    b. The persons referenced in the lawsuit *Sharon Buddoo and Matthew Rushie v. Spartan Auto Group, LLC, et al.* Exhibit HH to the FAC, and in the FAC ¶¶ 145 – 149.

    c. The persons identified in the New Attorney General Lawsuit and filings in the same, including, *inter alia*, Exhibits Y though AA, and in the FAC ¶¶ 135 – 140.

w. Stavros Orsaris

x. Yessica Vallejo

y. David Perez

z. There persons referenced the document production Capital One in response to Plaintiff's subpoena, especially as to complaints.

aa. The persons referenced in the lawsuits produced by Plaintiff in this action against some

or all of the defendants in the FAC, including, *inter alia*.

    a. *Natalie Marrero v. Victory Auto Group et al*, Case 1:14-cv-04241-LGS, Southern District of New York.

    b. *Credrid Lopez v Spartan Auto Group, LLC, et al*, Index No., 803084/2021E, Bronx County Supreme Court.

    c. Anthony B. Nelson v. DIANE ARGYROPOULOUS et al, Southern District of New York.

bb. Credit Collection Services

cc. Progressive Max Insurance Company

dd. Nicole Gonzalez, assistant business development center manager at Victory Mitsubishi

ee. "Milano Banik," name used in applications to Victory with Mr. Laforest's email, Mr. Laforest did not recognize the name but said it may have been one of his brother's using a fake name.

ff. Vena "Bibi" Singh, BDC manager at Victory Mitsubishi

gg. Chris Orsaris Jr., son of Chris Orsaris, brother of Stavros Orsaris, sales manager at Victory Mitsubishi

hh. Joe Grabino, finance manager at Victory Mitsubishi

ii. David Daniel, compliance manager at Credit Bureau Connection

jj. Edwin Feables, former finance manager at Victory Mitsubishi

kk. Ken McGhee, representative of Capital One, Capital One liaison with Victory Mitsubishi

ll. Allan Disberg, accountant who files K-1 forms for Victory Mitsuibshi

mm.    Areefa Khan, title clerk at Victory Mitsubishi

nn. Maria Sores, comptroller at Victory Mitsubishi

oo. Andris Guzman, finance manager at Victory Mitsubishi

pp. Tae Kim, finance manager at Victory Mitsubishi

qq. Walter Mesa, finance manager at Victory Mitsubishi

rr. Dealersocket, software provider of DealerSocket software used by Victory Mitsubishi

ss.  Tameka Richards, business development center agent at Victory Mitsubishi

2.  **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a.  Documents related to the identity theft, including but not limited to sales documents for the Vehicle, collection letters, and police reports.

    b.  Documents related to Plaintiff's applications and denials for credit.

    c.  Documents attached to and referenced in the Complaint in this action.

    d.  Any document produced by Defendants or by third parties in response to subpoenas.

    e.  Documents concerning other instances where Defendants have engaged in deceptive conduct involving unauthorized purchases and applications for financing.

    f.  Additional documents to be identified in response to a pre-trial order.

3.  **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

**MS. FRANCOIS WITHDRAWS CLAIMS FOR DAMAGE TO CREDIT OR TO CREDIT SCORE.**

As a result of Defendants' conduct, Plaintiff has suffered actual damagesand out-of-pocket expenses including, but not limited to, postage for dispute letters, costs of copies, costs for credit monitoring, credit scores, and credit reports, and other related costs, all of which will continue into the future. Plaintiff has suffered actual damages, and Plaintiff will continue to suffer the same for an indefinite time in the future.

These damages include the $977.96 of outstanding violations accrued by the fraudulently sold Vehicle and $13.62 costs of making disputes to debt collectors, insurance companies, government agencies, and credit reporting agencies regarding the violations by the Vehicles and the unauthorized pulls published on Ms. Francois' credit reports.

Statutory, exemplary and punitive damages under the Fair Credit Reporting Act. Exemplary and punitive damages for other causes of action. The factors to be considered in the award of punitive damages are the assets of the defendants; the degree to which the actions were negligent, willful, intentional or reckless; the attempts to prevent the actions that gave rise to the punitive damage claim; and the nature and extent of non-compliance; the degree to which defendant has previously engaged in such conduct; and other factors. Plaintiff does not know the dollar amount of these damages, and leaves its determination to the jury.

Plaintiff also suffered garden variety emotional distress in an amount to be determined by the trier of fact. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *See, Williams v. Trader Pub. Co*., 218 F.3d 481, 486-487 (5th Cir. 2000); *Morrison Knudsen Corp., v. Fireman'sFund Ins. Co*., 175 F.3d 1221 (10th Cir. 1999); *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). This includes damages for anger, frustration, anxiety, and other emotional distress. This emotional distress was caused by the publication of inaccurate credit information to, among others, Premium Credit Bureau LLC, Comenity Capital, Capital One Bank USA, N.A., Synchrony Bank, Wallethub, T-Mobile, Synchrony Bank, Bank of America, Geico, Radius Global Solutions, ARS National Services, Capital One, Web Bank Avant LLC, Allstate, TD Bank, Klarna, Monevo Inc., Peerform Credit, Ally Financial, Apple Cardgs Bank, Comenity Bank, American Express, Paypal, Inc., Mercedez-Benz Financial Services, and Penfed Credit Union.

The basis for Plaintiff's emotional distress damages is outlined in the Complaint and as follows: When Ms. Francois learned about the identity theft against her which Defendants facilitated, she could not stop crying. Ms. Francois came to this country for a better life and has tried to do everything right, with the goal of saving her money to buy a house. Because of Defendants' misconduct Ms. Francois now believes she won't be able to buy a home. Ms. Francois was afraid that she was going to be arrested because the Vehicle was in her name and she could be held responsible for anything done with the Vehicle. This fear persists to this day. Ms. Francois had to take time off from work when discovered the identity theft in order to fight it. Even when she did go into work, she could not focus. The stress caused her to eat less, and she lost as much as 25 pounds. She could not sleep and got black bags under her eyes from the lack of sleep. Because the identity theft was done by her brother-in-law, in conjunction with Defendants, it has caused major family discord and she no longer lives with her husband. She had to put her stuff in storage due to the sudden strain on her marriage and family life.

Ms. Francois learned that her driver's license was suspended due to the fees and fines incurred by Emmanuel Laforest when she was pulled over by the police while driving on the highway to get to work. The police told her to go to the DMV to deal with the identity theft. She was afraid that she was going to get arrested for driving on a suspended license. She works in Queens and there's no train close to her job because it is a private nursing home, so she needs to drive to get to work. She had to take an Uber to get to work. Sometimes it would cost as much as $86, especially because of the $10 toll.

Ms. Francois was also worried about losing her job because she was having to spend so much time dealing with the identity theft and her boss was getting frustrated by it because at the time she worked in customer service and needed to be focused while working.

**4. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no such insurance policy.

On information and belief, Defendants have such policies.