UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**FARAH JEAN FRANCOIS,**

                                              **Plaintiff,**     Case No.: 1:22-cv-4447-JSR

   -against-

**SPARTAN AUTO GROUP LLC d/b/a**
**VICTORY MITSUBISHI,**
**STAVROS ORSARIS,**
**YESSICA VALLEJO, and**
**DAVID PEREZ,**

                              **Defendants.**
-------------------------------------------------------------------X

### SECOND DECLARATION OF AHMAD KESHAVARZ FOR ATTORNEY'S FEE AWARD

I, Ahmad Keshavarz, declare under penalty of perjury, as provided for by the laws of the United States, that the following statements are true and correct:

1. My name is Ahmad Keshavarz. I am of sound mind and capable of giving this declaration.

2. Attached as Exhibit A is a true and correct copy of the Offer of Judgment for $120,000 plus attorney's fees that was sent to Defendants on or about October 7, 2024 to sign and return. This copy had "track changes" on to show the only change from what they offered on August 8, 2024, which was $101,000 plus fees to date.

3. Attached as Exhibit B is a true and correct copy of the same Offer of Judgment for $120,000 plus attorney's fees that was sent to Defendants on or about October 25, 2024 to sign and return. It is the same as Exhibit A but just "accepting" the proposed change

4. Attached as Exhibit C is a true and correct copy of an email of March 6, 2025 from counsel for Defendants consenting to the filing of Exhibits A and B.

1

5.      Attached as Exhibit D is a true and correct copy of the Offer of Judgment for $160,000 *inclusive* of attorney's fees that was sent by Defendants on October 15, 2024.

6.      Attached as Exhibit E is a true and correct copy of the Pre-Trial Consent Order I circulated to opposing counsel on or about November 5, 2024 but which I did not file because I was unable to get consent from opposing counsel.

7.      Attached as Exhibit F is a true and correct copy of the December 18, 2024 settlement response email from opposing counsel offering to settle the fee petition claim for $50,000. This was Defendants' only offer to settle the fee petition.

8.      Attached as Exhibit G is a true and correct copy of correspondence with opposing counsel seeking payment for the $120,000 damages. It took the filing of a proposed abstract of judgment Dkt. No. 83 on December 13, 2024 to receive payment.

9.      Attached as Exhibit H is a true and correct copy of the November 7, 2024 email from opposing counsel suggesting the sealing of the Consent Judgment so as not to encourage future lawsuits.

10.     Attached as Exhibit I is a true and correct copy of itemization of outstanding expenses that were paid on February 24, 2025 after the filing of the Fee Petition, and the cover email on February 24, 2025 at 1:50 PM sending the document to opposing counsel in the event they wanted to respond in their Opposition. The total was $539.92.

11.     Attached as Exhibit J is a true and correct copy of the August 8, 2022 email correspondence with Ms. Francois where she rejected Defendants' offer of judgment of $5,010.00 plus attorneys' fees to date. The statements in the email are true and correct.

12.     Attached as Exhibit K is a true and correct copy of the February 6, 2023 email

2

correspondence with Ms. Francois where she rejected Defendants' settlement offer of $45,000. The statements in the email are true and correct.

13. Attached as Exhibit L is a true and correct copy of the July 29, 2024 email correspondence with Ms. Francois where she rejected Defendants' offer of judgment of $50,000 plus fees to date. The statements in the email are true and correct.

14. Attached as Exhibit M is a true and correct copy of the August 9, 2024 email correspondence with Ms. Francois where she rejected Defendants' settlement offer of $101,000 plus fees to date. The statements in the email are true and correct.

15. Attached as Exhibit N is a true and correct copy of the October 24, 2024 email correspondence with Ms. Francois where she rejected Defendants' offer of judgment $160,000 inclusive of fees, plus costs. The statements in the email are true and correct.

16. Attached as Exhibit O is a true and correct copy of the Declaration of Farah Jean Francois, and the emails referenced in the Declaration.

17. Attached as Exhibit P is a true and correct copy of additional fee records of Ahmad Keshavarz for amounts billed for drafting the Reply. Additional hours were worked which were not billed. The total fees earned were $11,982.50. Reductions of $2,750.00 were made in the exercise of billing judgment. The total sought by the Law Office of Ahmad Keshavarz for the Reply is $9,232.50.

18. Attached as Exhibit Q is a true and correct copy of the Supplemental Certification of Andrew M. Milz itemizing time spent on the Reply. The certification seeks an additional $2,915.50 in fees.

19. Attached as Exhibit R is a true and correct copy of Plaintiff's 28 page Mediation

Statement of May 30, 2024 sent to the mediator and all parties with a cover email stating, *inter alia*, "We are sharing our analysis with Defendants as well as the Mediator to show all our cards and facilitate frank settlement conversations." The Mediation Statement is redacted for purposes of this Fee Petition Reply other than to show the date, the persons the letter was directed and the statement on every page, "CONFIDENTIAL MEDIATION STATEMENT: DESIGNATED CONFIDENTIAL UNDER MEDIATION PRIVILEGE AND FRE 408." While, as the subject line for the mediation indicates, the letter included Plaintiff's opening bid for mediation, if was disclosed for the purpose of mediation and in a mediation statement. Counsel does not comment on whether Defendants' representation of the monetary amount is correct. The first 2 pages is opposing counsel's refusal to amend the fee opposition to delete the footnote.

20.     Dkt., No. 88-1 Goodman Aff. ¶ 8, cited in Def. Opp. p. 9, contends, *inter alia*, that sometime after a September 13, 2022 email from Ms. Caterine, "defense counsel requested that Plaintiff's counsel… consider mediating at an established mediation forum such as NAM or JAMS." I have no recollection of this. I thoroughly searched my emails and notes in this case and found nothing relating to such a request. I note the Goodman Affirmation cite to any email or other document in support of the statement, even though other statements in the affirmation are reference specific emails in support. Indeed the, the affirmation does not even contend which of defense counsel made the suggestion. Moreover, in my experience, a full day mediation with JAMS or NAM would be a minimum of $5,000, and could easily be up to $10,000, depending on the mediator used. That would be inconsistent with other statements by Defendants that they required a demand before discussing whether to go to mediation or to discuss which mediator to use. Indeed, the mediator initially suggested by Plaintiff's counsel, Joseph DiBenedetto charges only $3,000 for a full day mediation, including pre-mediation preparation, with Plaintiff paying

half the cost.

21.     Defendants contend, "Plaintiff would agree to exchange a settlement demand only after Defendants had committed to participating in, ***and paying for***, the mediation session." (emphasis in the original).  The highlighted part is untrue. There is no commitment to paying the mediator until if and when mediation occurs.


Dated:  Brooklyn, New York
        March 11, 2025

        /s/

        _____
        Ahmad Keshavarz