**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**FARAH JEAN FRANCOIS,**

                                                                **Case No.: 1:22-cv-4447-JSR**

                                        **Plaintiff,**

                        **-against-**

**SPARTAN AUTO GROUP LLC d/b/a**
**VICTORY MITSUBISHI,**
**STAVROS ORSARIS,**
**YESSICA VALLEJO, and**
**DAVID PEREZ**

                                **Defendants.**
-----------------------------------------------------------------------X


**PRETRIAL CONSENT ORDER**

**JED S. RAKOFF, U.S.D.J.**

Pursuant to ¶ 4(b) of Your Honor's Individual Practice Rules, the Parties jointly file this

Proposed Pretrial Consent Order.

**A.     A joint overview of the case.**

Ms. Francois, the Plaintiff, claims that Defendants violated the Fair Credit Reporting Act, either negligently or willfully, by obtaining her credit report without any of the "permissible purposes laid out in 15 U.S.C. sec. 1681b. Ms. Francois states none of the Defendants had her written authorization or instructions or a "permissible purpose" to obtain her credit report. Ms. Francois states that she was not involved in any credit transaction with Victory Mitsubishi. Ms. Francois states that she never initiated any business transaction with Victory Mitsubishi. The Defendants each claim that they did not violate the Fair Credit Reporting Act.

**B.  A particularized description of each party's remaining claims, counterclaims, cross-claims, or third-party claims parties jointly submit the following overview of the case:**

Ms. Francois claims that Defendants violated 15 U.S.C. sec. 1681b and 1681q by negligently obtaining her consumer report without a permissible purpose and under false pretenses.

Ms. Francois claims that Defendants violated 15 U.S.C. sec. 1681b and 1681q by willfully obtaining her consumer report without a permissible purpose and under false pretenses.

Ms. Francois claims that Defendants violated 15 U.S.C. sec. 1681e by negligently failing to maintain procedures designed to prevent obtaining her consumer report without a permissible purpose.

Ms. Francois claims that Defendant Spartan Auto Group, LLC violated 15 U.S.C. sec. 1681e by willfully failing to maintain procedures designed to prevent obtaining her consumer report without a permissible purpose.

**C.  A particularized statement of the specific facts, stipulations, admissions, and other matters on which the parties agree.**

**Logistical agreements**

1.  The Parties do not object to admission of documents for the reason that they are copies with bates-stamp labels or deposition exhibit labels. The jury may be instructed to disregard that labeling.

2.  Counsel may display a digital copy of an Exhibit (e.g. from an iPad) using the Court's monitors or, if not logistically feasible, a projector.

3. The Parties agree that business records affidavits submitted by Dealertrack, Capital One, Equifax are sufficient to obviate the need for in person testimony by a custodian of business records for those entities.

**As to other issues.**

4.      The Plaintiff, Farah Jean Francois, is a "consumer" entitled to the protection and benefit of the Fair Credit Reporting Act ("Fair Credit Reporting Act" or "Act").

5.      Defendant Victory Mitsubishi is a "user" of credit reports and are regulated by the Fair Credit Reporting Act.

6.      Stavros Orsaris has the title of "General Manager" at Victory Mitsubishi. (DE 57-1 ¶ 94).

7.      Stavros Orsaris is the supervisor of all employees at Victory Mitsubishi. (DE 57-1 ¶ 95).

8.      Chris Orsaris is the father of Stavros Orsaris. (DE 57-1 ¶ 99).

9.      Chris Orsaris' is the buyer of used vehicles and manager of vehicle inventory for Victory Mitsubishi. (DE 57-1 ¶ 100, Response)

10.     Chris Orsaris receives a "buyer's fees" for his work for Victory. (DE 57-1 ¶ 111).

11.     Stavros Orsaris is aware of his father's criminal history. (DE 57-1 ¶ 117)

12.     Diane Argyropoulos knew about Chris Orsaris' criminal history prior to him being hired by Victory. (DE 57-1 ¶ 118)

13.     Stavros Orsaris evaluates job applications for Victory Mitsubishi but does not run background checks on applicants. (DE 57-1 ¶ 120).

14.     Stavros Orsaris has sole authority to hire and fire Victory Mitsubishi employees in the sales department. (DE 57-1 ¶ 122).

15.      Yessica Vallejo is a finance manager at Victory Mitsubishi. (DE 57-1 ¶ 123).

16.     Yessica Vallejo is one of five finance managers. (DE 57-1 ¶ 124).

17.     There are six offices in the 4070 Boston Road building at Victory Mitsubishi – one for Stavros Orsaris and one for each of the finance managers, including Yessica Vallejo. (DE 57-1 ¶ 125).

18.      Finance managers receive a commission of 12% of the gross profit of their deals. (DE 57-1 ¶ 126).

19.      David Perez was a sales manager at Victory Mitsubishi during the sale of the Vehicle in the name of Farah Jean Francois. (DE 57-1 ¶ 127).

Last saved: 11/5/2024 6:14 PM

20.    80% of Mr. Perez's income as a sales manager was based on commissions from the number of cars sold. (DE 57-1 ¶ 127).

21.    The Victory Mitsubishi employee code for the employee who pulled the credit report of Ms. Francois on May 30, 2020 was Yosmaily Ventura.

22.    Yosmaily Ventura was furloughed from Victory Mitsubishi on or around March 16, 2020, and was not working at Victory Mitsubishi on May 30, 2020. (DE 57-1 ¶ 134, Stipulation of counsel).

23.    The system used by Victory Mitsubishi to process sales and financing of vehicles, including the Vehicle in this case, is called Dealertrack. (DE 57-1 ¶ 135).

24.    Employees must login to use Dealertrack, and once logged in their actions on the software are tracked. (DE 57-1 ¶ 140).

25.    Every employee has an ID associated with them on Dealertrack. (DE 57-1 ¶ 141).

26.    The ID for Yessica Vallejo is 8031. (DE 57-1 ¶ 142).

27.    Defendant David Perez testified that he "wouldn't know" if he had an ID number. (DE 57-1 ¶ 143).

28.    Chris Orsaris has a login for Dealertrack.  (DE 57-1 ¶ 144).

29.    Victory has no written policies about how and when to pull credit reports. (DE 57-1 ¶ 147).

30.    Ms. Vallejo testified that she understood that pulling the credit report of a consumer when "that person is not there" is "illegal." (DE 57-1 ¶ 153).

31.    Sales associates do not have access to run or look at people's credit through Dealertrack. (DE 57-1 ¶ 154).

32.    David Perez contends that the standard sales process is that the sales associate will go over the credit application with the consumer. Then the sales associate brings the filled out credit application to the sales manager, who obtains the consumer's credit report. (DE 57-1 ¶ 154).

33.    Plaintiff's native language is Haitian French Creole.

34.    Spartan Auto Group, LLC ("Spartan") began operation as a Mitsubishi Motors franchise at 4070 Boston Road, Bronx, New York, under the d/b/a Victory Mitsubishi in early 2018.

35.    On January 23, 2018, Capitol One Auto Finance entered a Dealer Agreement to provide certain banking services to Spartan Auto Group, LLC d/b/a Victory Mitsubishi, (the "Capital One Agreement"). (DE 57-1 ¶ 106)

36.    The Victory Mitsubishi agreement with Capital One lists Chris Orsaris as the general manager and the general sales manager. (DE 57-1 ¶ 105)

37.    The Victory Mitsubishi agreement with Capital One lists Chris Orsaris as the general manager and the general sales manager because he "had the relationship with Capital One Bank

4

for us to get the bank." (DE 57-1 ¶ 105, 106)

38.     The finance manager uses Dealertrack to create the buyer's order and retail installment agreement. (DE 57-1 ¶ 172)

39.     The Capital One Agreement states that the "dealer warrants that all contracts are genuine, signed by person with full capacity to contract." (DE 57-1 ¶ 148)

40.     In or around May of 2018, Plaintiff moved into Stanley Laforest's familial home located at 2914 Farragut Road, Brooklyn ("Farragut Road"), where she resided at the time of the events and transactions at issue herein until she moved out at the end of 2020.

41.     Plaintiff married Stanley Laforest on June 14, 2018.

42.     Plaintiff resided at Farragut Road with her husband, and her husband's mother, father, and grandmother.

43.     Plaintiff received mail at Farragut Road where her husband's grandmother would typically retrieve mail from the home's single mailbox.

44.     Plaintiff worked as a teller and then a customer service representative at TD Bank from September 2018 until November or December of 2020.

45.     The CBC Agreement states that Victory Mitsubishi will "obtain a consumer's written authorization to request [credit reports] relating to that consumer." (DE 57-1 ¶ 149)

46.     On October 21, 2019, Credit Bureau Connect entered a "Subscriber Application" with Spartan, to provide, among other things, services to obtain consumer credit reports (the "CBC Agreement"). (DE 57-1 ¶ 150)

47.     The CBC Subscriber Agreement also states that the credit reports obtained will only be used "in connection with a credit or consumer transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer, and will obtain the consumer's written authorization to request such information relating to that consumer." (DE 57-1 ¶ 150)

48.     As sales manager, Mr. Perez's only supervisor was Stavros Orsaris.

49.     As sales manager, Mr. Perez had the responsibility of pulling credit reports for consumers, which he would then convey to the finance managers.

50.     Consumers would not be brought to Mr. Perez as the sales manager – he would only deal with them directly if he had questions for them such as if the consumer has specific instructions about what creditor they want to use and that creditor was not going to "work out."

51.     At all times relevant herein, Vallejo and Perez were employed by Spartan.

52.     Diane Argyropoulos was also the only person at Victory Mitsubishi who received

5

compliance training from Dealertrack. (DE 57-1 ¶ 87, Response)

53.     The Dealertrack compliance training for Diane Argyropoulos happened "Maybe ten years ago." (DE 57-1 ¶ 91, Response)

54.     The form that Victory would use on Dealertrack to run credit reports has a check box that says "I have customer permission to pull a credit report," which Stavros Orsaris (as corporate representative of Spartan) confirmed existed because Defendants "need to have permission to pull credit for permissible purpose." (DE 57-1 ¶ 151)

55.     Stavros Orsaris testified that "98 percent of" "collecting of the ID or the driver's license of the individual" would be done by him. (DE 57-1 ¶ 176)

56.     The video recordings of the sale of the Vehicle in the name of Ms. Francois have been destroyed.

57.     Defendant Yessica Vallejo was also authorized to pull credit reports but that it was not normal and would happen if David Perez or Stavros Orsaris were not available.

58.     If the finance manager does not get an approval, she may tell the sales manager to tell the consumer that the financing and sale cannot move forward unless they get a co-applicant. (DE 57-1 ¶ 171)

59.     Diane Argyropoulos knew about Chris Orsaris' criminal history prior to him being hired by Victory.

60.     On May 30, 2020, the Sales Worksheet indicates that Mr. Laforest spoke with Defendant David Perez on or around 2:16 PM, with Mr. Laforest telling Mr. Perez that he wanted a 2017 BMW 7 Series, VIN #WBA7F2C51HG421273 ("the Vehicle"), that he could put up to $10,000 as a down payment, and that he did not have another vehicle to trade in.

61.     There is no similar Sales Worksheet for Farah Jean Francois, and Yessica Vallejo could not explain why that was the case.

62.     On May 30, 2020, Mr. Laforest's credit reports were pulled by Defendant David Perez.

63.     On May 30, 2020, Jami Singer's credit reports were pulled by Defendant Yessica Vallejo.

64.     On May 30, 2020, Farah Jean Francois' credit reports were pulled using the Dealertrack login of furloughed employee Yosmaily Ventura.

65.     Mr. Laforest essentially had no credit to obtain financing of the Vehicle, as indicated by the handwritten notation "0/0" made by Defendant David Perez in the top left corner of the credit application.

66.     Mr. Laforest made a downpayment for the Vehicle, and was given a receipt for this down payment.

67.     Emmanuel Laforest is listed as the customer on the receipt, and the timestamp of the receipt is 8:04 PM.

68.     Ms. Vallejo earned a commission of $317.26 from the sale.

69.     Stavros Orsaris testified that any upset customer would be referred directly to him.

70.     On or about September 23, 2020, Plaintiff submitted an Affidavit of Fictitious Account in conjunction with her fraud claim with Capital One.

71.     Plaintiff reported Laforest to the NYPD on September 25, 2020, for "ID Theft."

72.     The police had Plaintiff identify Laforest's picture and told her that they would pursue her claim against him; the police later called and confirmed that they had arrested Laforest.

73.     Emmanuel Laforest returned the Vehicle to the dealership on September 26, 2020.

74.     Laforest was arrested on January 11, 2021.

75.     The arresting officer asked Mr. Laforest "[D]id you get a car under somebody else's name."

76.     Plaintiff discovered the May 30, 2020 pulls of her credit on June 11, 2021.

77.     On or around June 29, 2021, Ms. Francois sent Victory Mitsubishi a letter requesting written confirmation that she would not be liable for the debt, but never received a response.

**D. Each party's particularized contentions as to the specific facts that are disputed.**

**Plaintiff's particularized contentions as to the specific facts that are disputed.**

1.  Plaintiff Farah Jean Francois never authorized the pulling of her credit report by Defendants.

2.  Plaintiff Farah Jean Francois never authorized nor was she involved with a loan application for the purchase of a vehicle in her name.

3.  Plaintiff Farah Jean Francois never went to Victory Mitsubishi except in September, 2020 to demand to know how Victory Mitsubishi could sell a vehicle in her name.

**Defendants' particularized contentions as to the specific facts that are disputed.**

1.

**E.  A particularized statement of the injunctive relief, declaratory relief, and/ or damages claimed (including amounts) for each claim, counterclaim, cross-claim, or third-party claim.**

> Not applicable.

> Plaintiff seeks mental and emotional distress in an unliquidated amount to be determined by the jury.

> Plaintiff seeks punitive damages in an unliquidated amount to be determined by the jury.

**F.  A list of the names of the witnesses (both fact witnesses and expert witnesses) that each party intends to call, in the likely order of appearance. <u>This should be a final and binding list, without qualifications or reservations</u>.  A witness whose name appears on the list of more than one party will testify only once but may be examined at that time by all parties on all relevant matters.**

**Plaintiff's witnesses intended to be called:**

1.  David Perez

2.  Papito Monplaicir

3.  Yessica Vallejo

4.  Darline Dumel

5.  Emanuel Laforest

6.  Diane Argyropoulos

7.  Jami Singer

8.  Stavros Orsaris

9.  Farah Jean Francois

10. Angel Plonquet

11. Vladimir Montina

12. Hilda Perez

**Defendants' witnesses intended be to called:**

**G.** **A list of all exhibits to be offered by each party, and particularized objections thereto noted in accordance with Fed. R. Civ. P. 26(a)(3).:**

Plaintiff's list of trial exhibits is attached.

**H.** **A final estimate of the length of trial (assuming a typical trial day of 9:00 a.m. to 5:00 p.m., Monday through Friday): <u>7 days</u>**

**SO STIPULATED AND AGREED.**

**AGREED BY:**

Plaintiff FARAH JEAN FRANCOIS

By: _____        Date: _____
        Ahmad Keshavarz
        The Law Office of Ahmad Keshavarz

**AGREED BY:**

Defendants SPARTAN AUTO GROUP LLC d/b/a VICTORY MITSUBISHI, STAVROS ORSARIS, YESSICA VALLEJO and DAVID PEREZ

By: _____        Date: _____
        Nicholas Goodman
        Nicholas Goodman & Associates, PLLC

Last saved: 11/5/2024 6:14 PM

**SO ORDERED**

**New York, NY**

**November __ 2024**　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　**JED S. RAKOFF, U.S.D.J.**

Last saved: 11/5/2024 6:14 PM

**PLAINTIFF'S TRIAL EXHIBITS**

Last saved: 11/5/2024 6:14 PM

Plaintiff's Trial Exhibits - Francois v. Victory Mitsubishi, et al

| Trial Exhibits | Bate Stamp Number | Description |
|---|---|---|
| 1 | DEFENDANTS 1 - 36 | Victory's Deal Jacket/ Deal File |
| 2 | SUBPOENA RESPONSES 515 - 553 (DTI_007 - DTI_045) | Financing Arrangements (Responses to Credit Applications made in name of Francois) |
| 3 | SUBPOENA RESPONSES 569-574, 509-513 (DTI_000061-0000066, 000001-000005) | **Francois Dealertrack History** (DTI 61-66) [with referenced documents, Experian Credit Report,  May 30, 2020 (DTI  509-510), TransUnion Report, May 30, 2020 (DTI  003-004), RedFlag Results (DTI 005), OFAC Verification (DTI 006), Bank Approvals and Denials (DTI 007-045)] |
| 4 | FRANCOIS 3935 | Chris Orsaris photo from Instagram |
| 5 | No bates stamp number | DE 47, Stupulation re: Yosmaily Ventura not working at Victory Mitsubishi since March 16, 2020 (stip dated January 17, 2023) |
| 6 | DEFENDANTS 70-72  (LaForest Depo Exh 16/David Perez 25, not bate-stamped) | Texts Messages bewteen Laforest and Stavros Orsaris, September 25-28, 2020 |
| 7 | SUBPOENA RESPONSES 566-568, 561-565, 554        (DTI_0000058-0000060, DTI_0000053-0000057, DTI_0000046) | Jami Singer Dealertrack History (DTI 58) [with referenced documents, RedFlags (DTI  59-60), Experian Rpt, (DTI 47)/TU Rpts (DTI 53-57), Victory Adverse Action Notices, June 20, 2020 (DTI 46)] |
| 8 | SUBPOENA RESPONSES 557, 567-568, 556, 559-560 (DTI_0000049, DIT_0000059-60, DTI_0000048, DTI_0000051-0000052) | Laforest Dealertrack History (DTI 49) [with referenced documents, RedFlags (DTI  59-60), Experian Rpt., May 30, 2020, TU Rpt  May 30, 2020 (DTI 48), Victory Adverse Action Notices, May 20, 2020 (DTI 51, 52)] |
| 9 | Francois Supp Doc Production 1-4 (Exhibit 1 of Papito Momplaisir Deposition) | Photographs of Chris Osaris, Stavros Osaris, and Yessica Vallejo |
| 10 | FRANCOIS 129 | Capital One Letter - Fraud Resolved, July 26, 2021 |
| 11 | FRANCOIS 196 | Police Stolen Vehicle Report, September 21, 2021 |
| 12 | FRANCOIS 3909-3910 | Photos Francois at NJ birthday on May 30, 2020 |
| 13 | FRANCOIS 3911 | Video of Francois at birthday party on May 30, 2020 |
| 14 | SUBPOENA RESPONSES 515-553 (DTI_007-DTI_045); SUBPOENA RESPONSES 569-574 (DTI_061-066) | All dealertrack Doca RE:francois w Cap One Responses |
| 15 | SUBPOENA RESPONSES 566; 568, 561-565, 554   (DTI_0000058-0000060, DTI_0000053-0000057, DTI_0000046) | Jami Singer DealerTrack |
| 16 | DEFENDANTS 73-77 | Victory Mitsubishi Agreement with Capital One, January 23, 2018 Exh 18 |
| 17 | DEFENDANTS 70-71 | Text Messages from Emmanuel Laforest to Stavros Orsaris, |

| | | |
|---|---|---|
| 18 | None | Video - LaForest dropping off Car |
| 19 | None | Call Recordings by Capital One |
| 20 | FRANCOIS 12-13, 15-16, 29, 36, 38-41, 42, 44, 199, 201  (LaForest Depo Exh 15, not bate-stamped) | Various Traffic Violation Notices: August 20, 2020 (FRANCOIS 12), September 28, 2020 (Francois 38), October 1, 2020 (FRANCOIS 42); August 21, 2020 notice of violation # 4794222238 (Francois 29); Notice of Liability: August 25, 2020 (FRANCOIS 29); Notice of Violation Enforcement Action: September 28, 2020 (FRANCOIS 36), September 28, 2020 (FRANCOIS 199), October 13, 2020 (FRANCOIS 44); Notice of Tolls Due: September 28, 2020 (FRANCOIS 201) |
| 21 | COAF_Francois_018 | Capital One Ltr Account Status Amt Due, September 19, 2020 |
| 22 | COAF_Francois_015 | Capital One Ltr Notice of Default and Right to Cure, October 13, 2020 |
| 23 | FRANCOIS 31 | Police Information Slip, September 25, 2020 |
| 24 | FRANCOIS 46 | Credit Collection Services Letter (for $3,908), December 6, 2020 |
| 25 | FRANCOIS 47 | Credit Collection Services Letter, March 30, 2021 |
| 26 | None | Exhibits from deposition of Emmanual LaForest |
| 27 | No Bates Stamp | Subpoena to testify at Deposition - Laforest (Exhibits 1-14; 17) |
| 28 | DEFENDANTS 57-67  (LaForest Depo Exh 2, not bate-stamped) | DealerSocket Emails |
| 29 | DEFENDANTS 42-48 (Not bate-stamped as Exh. 18 in Perez Depo) | DealerSocket Text Printout - Victory and Farah Francois |
| 30 | Later labeled as DEFENDANT 41 and mentioned in David Perez Depo as Exh 24 | Victory Screen on LaForest Credit Application Information (undated) (Marked as Exhibit 4 in LaForest Deposition). |
| 31 | No Bates stamped (but produced on page 20 of D's Second Supp Production, September 21, 2022) | On-line credit application form (undated) |
| 32 | DEFENDANTS 2  (LaForest Depo Exh 6, not bate-stamped) | Written Credit Application - Emmanuel Laforest & Farah Jean Francois |
| 33 | No Bates stamp (Exhibit 7 to LaForest Depo) | Francois Driver's License |
| 34 | DEFENDANTS 26  (LaForest Depo Exh 8, not bate-stamped) | Victory Mitsubishi Sales Worksheet, May 30, 2020 |
| 35 | DEFENDANTS 3,  (LaForest Depo Exh 9, not bate-stamped) | Receipt to Laforest on May 30, 2020 |
| 36 | DEFENDANTS 19-21  (LaForest Depo Exh 10, not bate-stamped) | Dealership Credit Application, June 18, 2020 |
| 37 | DEFENDANTS 16  (LaForest Depo Exh 11, not bate-stamped) | Application - Sales Rep Yessica Vallejo, June 29, 2020 |
| 38 | DEFENDANTS 4-9  (LaForest Depo Exh 12, not bate-stamped) | Retail Installment Contract - Signed, June 29. 2020 (handwritten date says 6/29/20) |
| 39 | DEFENDANTS 33  (LaForest Depo Exh 13, not bate-stamped) | Retail Certificate of Sale Receipt, June 29, 2020 |

| 40 | DEFENDANTS 10 (LaForest Depo Exh 14, not bate-stamped) | DMV Vehicle Registration/Title Application - not dated and missing second page |
|---|---|---|
| 41 | Not Bate Stamped (Exhibit 17 to LaForest Deposition) | Laforest Kings County Arrest Record, 2021 |
| 42 | DEFENDANTS 73-82 | Agreement between Defendant Spartan Auto Group, LLC and Capital One, N.A., January 23, 2018 |
| 43 | FRANCOIS 3911-3928 | Grand Jury Indictment in *U.S. v. Chris Orsaris,* Case 2:10-CR-0232-LDW (E.D.N.Y.), March 26, 2010 |
| 44 | FRANCOIS 4078-4087 | Criminal Judgment in U.S. v. Chris Orsaris, Case 2:10-CR-0232-LDW (E.D.N.Y.), December 19, 2013 |
| 45 | FRANCOIS 3686-3691 | NY Attorney General Order, April 4, 2019 |
| 46 | No Bates Stamp (Exhibit EE to Plaintiff's Declaration in Opp to Def MSJ) | E-zpassny.com list of violation numbers affiliated with the toll violations, March 15, 2023. |
| 47 | DEFENDANTS 85-92 | Dealership Screen Shots |
| 48 | DEFENDANT 41 | Victory Screen on LaForest Credit Application Information (undated) (Marked as Exhibit 24 in Perez Deposition). |
| 49 | SUBPOENA RESPONSES 485-489 | Complaints to Capital Auto Finance One re: Victory Mitsubishi |
| 50 | FRANCOIS 1 | Buyer Order (Type 1) with Stamp, June 29, 2020 (not signed) |
| 51 | FRANCOIS 2-3 | Buyer Order (Type 2), June 29, 2020 (not signed) |
| 52 | FRANCOIS 10-11 | Title for Car, August 4, 2020 |
| 53 | FRANCOIS 25 | Cap One Aff. Of Fictious Account Blank Page |
| 54 | FRANCOIS 26-28 | Dealership Text Messages, September 19, 20, 24, 2020 |
| 55 | FRANCOIS 48 | Registration Sticker, May 20, 2021 |
| 56 | FRANCOIS 128 | Francois Letter to Confirm Nothing Owed, to Dealership and Capital One, June 29, 2021 |
| 57 | FRANCOIS 185-195 | Francois Demand Letter to Debt Collector and Progressive, September 8, 2021 (with attachments) |
| 58 | FRANCOIS 219-241 | Francois Fraud Letter to DMV Field Investigation, February 25, 2022 (with exhibits) |
| 59 | FRANCOIS 197-218 | Francois ID Letter to MTA and TransWorld, November 22, 2021 (with attachements) |
| 60 | FRANCOIS 242-300 | Experian Dispute Letter and Attachments, May 12, 2022 |

| 61 | FRANCOIS 301-356 | TransUnion Dispute Letter and Attachements, May 12, 2022 |
| 62 | FRANCOIS 365-423 | Francois Equifax Dispute Letter (with attachments), July 11, 2022 |
| 63 | FRANCOIS 364 | PenFed Adverse Action Notice, June 30, 2022 |
| 64 | FRANCOIS 359 | Registration Sticker, May 29, 2022 |
| 65 | FRANCOIS 424-479 | Francois TransUnion Dispute Letter (with attachements), July 11, 2022 |
| 66 | FRANCOIS 868 | DMV Return of Stolen Plates, January 11, 2022 |
| 67 | No Bates Stamp | Dealertrack business records affidavit, December 8, 2022 |
| 68 | No Bates Stamp | Equifax Business Records Affidavit, October 25, 2022 |
| 69 | No Bates Stamp | Capital One Business Records Affidavit, July 30, 2024 |
| 70 | FRANCOIS 3953-4071 | Cars.com Complaints |
| 71 | COAF_Francois 00000307-00000325 | Capital One Auto Finance Activity Notes Report |
| 72 | FRANCOIS 551-646 | DealerTrak Dealer Compliance Guide 2018 |
| 73 | FRANCOIS 647-846 | DealerTrak Dealer Compliance Guide 2022 |